UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VANESSA COLEMAN,

    Plaintiff,

v.

DISTRICT OF COLUMBIA, et al.,

    Defendants.

Civil Action 09-00050 (HHK)

**MEMORANDUM OPINION & ORDER**

Vanessa Coleman, a former District of Columbia employee, who served in its Fire and Emergency Medical Services Department ("FEMS"), brings this action against the District of Columbia, Dennis Rubin, Chief of FEMS, in his official capacity, and Brian Lee, Assistant Chief of FEMS, in his individual capacity. Coleman asserts causes of action based on alleged violations of the D.C. Whistleblowers Act, D.C. Code §§ 1-615.51 *et seq.*, and 42 U.S.C. § 1983, and for negligent hiring, training and supervision.

Before the Court is Coleman's Motion to Amend her First Amended Complaint [#31]. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion should be denied.

**I.**

At the time of the incidents which gave rise to this suit Coleman held the rank of Captain. Due to circumstances about which the parties dispute, Coleman was instructed by FEMS to complete a fitness for duty examination, an examination which included a psychological

evaluation. Coleman refused to complete the examination. On January 13, 2009, FEMS notified Coleman of proposed disciplinary action for insubordination based on her failure to complete the examination as ordered on three occasions. *See* Defs.' Opp'n to Pl.'s Mot. for Leave to File a Second Am. Compl. ("Defs.' Opp'n") Ex. A at 1. The notice further stated that a trial would take place before a FEMS Fire Trial Board ("Trial Board").

In July 2009, the hearing before the Trial Board concluded and on September 1, 2009, Dennis Rubin, Chief of FEMS, issued a Trial Board Final Letter of Decision. *See* Defs.' Opp'n Ex. B ("Decision Letter"). In his decision letter, Chief Rubin notified Coleman that the Trial Board had found her guilty of two of the three charges of insubordination and that he was adopting the Trial Board's recommendation that she be demoted to the rank of Sergeant and ordered her to submit to a full fitness for duty evaluation, including a psychological examination, by October 1, 2009. *Id.* at 1. Chief Rubin also informed her that "[f]ailure to complete the fitness for duty tests will result in termination, as recommended by the Fire Trial Board." *Id*.

## II.

Coleman moves to amend her first amended complaint to include additional factual allegations against Chief Rubin and to sue him in his individual capacity. The crux of Coleman's motion is that Chief Rubin himself acted improperly because he increased the disciplinary measures recommended by the Trial Board. Defendants oppose Coleman's motion because Coleman's allegations against Chief Rubin have no basis in fact such that any amendment of the complaint to include them would be futile.

Coleman contends that Chief Rubin (1) demoted her to the Trial Board's lowest recommended rank[1] and (2) exceeded the Trial Board's recommendation when he ordered her to complete a fitness for duty examination that included a psychological and medical component to avoid termination.[2]  Defendants rejoin that Chief Rubin merely adopted the Trial Board's recommendations and that Coleman's allegations regarding the Trial Board's conclusions and Chief Rubin's conduct "is wholly refuted by the plain terms of the Trial Board's Findings and Recommendations" Defs.' Opp'n at 4.  While the Court does not agree that the "plain terms of the Trial Board's Findings and Recommendations" refute Coleman's allegation that Chief Rubin added a requirement that she undergo a psychological evaluation, it agrees with Defendants that Coleman should not be allowed to amend her complaint to sue Chief Rubin in his individual capacity.

First, regarding Coleman's demotion, the Fire Trial Board did not make an either/or recommendation as Coleman contends.  Rather, the Board recommended that Coleman be demoted once for each of the two charges that were found against her.  The Board's recommendation explicitly stated: "In determining a penalty, the Trial Board Panel . . . recommend[s] that [Coleman] be demoted to the rank of Lieutenant for Charge I, Specification 1, *and then* demoted to the Rank of Sergeant for Charge 1, Specification 3."  Defs.' Opp'n Ex. B at

---

[1]  Coleman claims that the Trial Board recommended that she be demoted *either* to the rank of Lieutenant *or* to the lower rank of Sergeant and that Rubin demoted her to Sergeant.

[2]  According to Coleman, "there was no recommendation by the Fire Trial Board that . . . [she] should complete a psychological evaluation upon threat of termination." Pl.'s Mem. in Support at 4.

12 (emphasis added).  Therefore, Chief Rubin by no means exceeded the Fire Trial Board's recommendation regarding Coleman's demotion.

Read in context, Coleman also misstates the Trial Board's recommendation regarding the requirement that she submit to a fitness for duty examination.  Coleman claims that this recommendation did not include a requirement that she submit to a psychological evaluation.  Thus, Coleman argues, Chief Rubin's requirement that she "undergo a complete fitness for duty evaluation, which includes a medical and psychological component" required her to do more than the Trial Board recommended.  Coleman's argument cannot be sustained.  The Trial Board specifically conditioned its recommendations upon her completion of the fitness for duty exam and stated that her failure "to complete *any aspect* of the examination will be grounds for immediate termination, and not the overall recommended demotion to the rank of Sergeant." Defs.' Opp'n Ex. B at 12 (emphasis added).  The record of this case clearly shows that the fitness for duty examination to which the Trial Board referred included a psychological evaluation.  The record of this case also shows that Coleman was aware that the fitness for duty examination included a psychological evaluation.  Indeed, it was the requirement that she submit to such an examination, one that included a psychological evaluation, that was the genesis of this suit and the subject of her motion for a temporary restraining order and motion for a preliminary injunction.  Therefore, Chief Rubin's decision letter indicating that Coleman must submit to a fitness for duty examination, which included a psychological evaluation, did not exceed the Trial Board's recommendation.

The Court is not required to accept Coleman's conclusions and inferences regarding Chief Rubin's alleged improper activities in his individual capacity if there is no support for them. Because Coleman provides no factual basis for suing Chief Rubin in his individual capacity her proposed amendment will not be permitted because it is futile.

### III

For the foregoing reasons, it is this 14th day of January 2010, hereby

**ORDERED** that plaintiff's "Motion for Leave to Amend First Amended Complaint" [#31] is **DENIED**.

Henry H. Kennedy, Jr.
United States District Judge