# EXHIBIT  A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VANESSA COLEMAN, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> DENNIS RUBIN, <br> in his official capacity, and <br><br> BRIAN LEE, <br> in his individual capacity, <br><br>  Defendants. | Civil Action: 09-0050 (HHK) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## DIRECTED TO DEFENDANT DISTRICT OF COLUMBIA[1]

Plaintiff, Vanessa Coleman, serves this request for production on Defendant

District of Columbia, as authorized by Federal Rule of Civil Procedure 34. As

required by Rule 34(b), the District of Columbia must produce all requested

documents, electronically stored information, or tangible things within 30 days after

service of this request (by July 16, 2010), at the office of the Government

Accountability Project, 1612 K Street, NW, Suite 1100, Washington, D.C. 20006 to

the attention of the undersigned, or at another time and place agreed on by the

parties.

---

[1]  The requests presented herein are limited to information that might lead to the discovery of
admissible evidence relating to Plaintiff's Second Amended Complaint, Count V and or the relevant
defenses proffered by the Defendants.  See, generally, Second Amended Complaint ¶s 6 – 78.

## Definitions

The terms listed below have the following meanings, unless the context requires otherwise:

1.    Parties. The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, his/her/its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.    Person. The term "person" means any natural person, a business, a legal or governmental entity, or an association.

3.    You and your. The terms "you" and "your" mean the District of Columbia and its agents, representatives, attorneys, experts, and other persons acting or purporting to act on the District of Columbia's behalf.

4.    Material. The term "material" or "materials" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

   a.    Document. The term "document" or "documents" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries,

minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, resumes, summaries, medical records, meeting notes/minutes, phone records, transcripts, and any other information that is fixed in a tangible medium.

b.     <u>Electronically stored information.</u> The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, e-mail and all other electronic files that are electronically stored.

(1)     "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; metadata; and all other data that is part of any electronically stored file. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by *Sedona Conference Glossary: E-Discovery & Digital Information Management (Second Edition) (2007)* available at: http://www.thesedonaconference.org/dltForm?did=TSCGlossary_12_07.pdf.

(2)     "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by the *Sedona Conference Glossary: E-Discovery & Digital Information Management (Second Edition) (2007).*

(3)   "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (*e.g.*, SIM cards), and the like. Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by the *Sedona Conference Glossary: E-Discovery & Digital Information Management (Second Edition) (2007)*.

c.   <u>Tangible thing.</u> The term "tangible thing" means a physical object that is not a document or electronically stored information.

5.   <u>Communication.</u> The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6.   <u>Relating.</u> The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

7.   <u>Any.</u> The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8.   <u>And & or.</u> The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

9.   <u>Number.</u> The use of the singular form of any word includes the plural and vice versa.

10.   <u>FEMS.</u>  The acronym FEMS refers to the District of Columbia Fire and Emergency Medical Services Department and any divisions and/or components thereof.

11.   <u>PFC.</u>  The acronym PFC refers to the Police and Fire Clinic.

12.   <u>PFC Associates</u>.  The term PFC Associates refers to the contractor that operates the PFC and its agents, representatives, attorneys, experts, and other persons acting or purporting to act on its behalf.

## Instructions

1.   Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label.

2.   Produce documents and tangible things in the forms as they are kept in the ordinary course of business, or organize and number or label them to correspond with the categories in the discovery request.

3.   Produce electronically stored information in native format or single-page searchable Adobe Portable Document Format (PDF). For any information converted from native format maintain all associated metadata, and for documents that cannot be converted into PDF, notify Plaintiff's counsel of the District of Columbia's intended form of production that is either reasonably usable or as it is ordinarily kept. For any electronically stored information produced:

    a.   Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number.

    b.   Write all of the electronically stored information to a reasonably usable storage media, *e.g.*, CD, DVD, or flash drive.

4.  For electronically stored information, identify every source containing potentially responsive information that the District of Columbia is not searching or producing.

5.  If objecting to a request for production, state the objection with particularity, providing specific grounds and factual bases for the objection. See, *e.g.*, *Convertino v. United States Department of Justice*, 565 F.Supp.2d 10, 12-13 (D.D.C. 2008).

6.  For any materials that the District of Columbia asserts are privileged, protected, or otherwise exempt from discovery, provide the following:

  a.  The specific grounds for the claim of privilege, protection, or other exemption.

  b.  The type of material being withheld, and, if the material is electronically stored information, the file format of the material.

  c.  The subject matter of the material.

  d.  The date of the material.

  e.  The name, job title, and address of the author of the material.

  f.  The name, job title, and address of each addressee of the material.

  g.  The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material.

  h.  The name, job title, and address of the custodian of the material and the material's current location.  See, *e.g.*, *In Re Sealed Case*, 737 F.2d 94, 98-99 (D.C. Cir. 1984).

7.  For any materials that you claim no longer exist or cannot be located, provide all of the following:

  a.  A statement identifying the material.

b.     A statement of how and when the material ceased to exist or when it could no longer be located.

c.     The reasons for the material's nonexistence or loss.

d.     The identity, address, and job title of each person having knowledge about the nonexistence or loss of the material.

e.     The identity of any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

## Requests for Production

1.     For the period January 1, 2006 through the present, please provide all materials referring or pertaining to any order, request, and/or demand for any FEMS employee to submit to a psychological and/or psychiatric evaluation and the reason(s) the exam was being ordered or requested.  You may redact the names and other identifying information of the employee that was the subject of the fitness for duty evaluation.

2.     For the period 2006 through the present, please provide any and all materials (including e-mail and other electronically maintained files) that pertain to the number of individuals who have been referred to the PFC for psychiatric or psychological evaluations and, all documents (including e-mail and other electronically maintained files) describing the circumstances under which those individuals were referred for a psychological evaluation.

3.    Any and all materials stating or referring to the physical and mental qualifications requirements for firefighters, including those for the positions occupied or expected to be occupied by Plaintiff Vanessa Coleman.

4.    All materials discussing and/or interpreting any of the requirements for fitness for duty and/or psychological evaluations described in 6 DCMR § 2049.

5.    A true and correct copy of Plaintiff's official personnel file (OPF).

6.    A true and correct copy of Plaintiff's Company file.

7.    A true and correct copy of Plaintiff's Battalion file.

8.    All materials referring or pertaining to the Plaintiff's position description for each position she held while employed.

9.    All email communications generated during the period March 1, 2008 through the present that refer or relate to Vanessa Coleman, including emails to, from, carbon-copied to or blind carbon-copied to the following individuals:  Fire and EMS Chief Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz, Battalion Chief Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, General Counsel Marceline Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and FEMS Deputy General Counsel Thelma Chichester.

10.    All materials relating to communications between Assistant Attorney General Charles Tucker and any employee or contractor, and/or contract employee of PFC Associates.

11.    All materials referring or pertaining to any <u>licenses</u> or <u>certifications</u> held by or <u>training</u> received by:

     a.    Defendant Dennis Rubin;

     b.    Defendant Brian Lee;

     c.    Detria Lyles-Hutchinson;

     d.    John Lee (see, *e.g.*,  Sec. Amend. Compl. ¶s 14-16);

     e.    Mark Bloom;

     f.    Robert Shaefer;

     g.    Robert Kane;

     h.    Thelma Chichester;

Exhibit A

i.      Kevin Begley; and

j.      PFC Medical Director Dr. Michelle Smith-Jefferies.

12.     All materials referring or pertaining to the decision(s) to select Defendant Rubin for the position of Chief of FEMS.

13.     All materials referring or pertaining to the decision(s) to select Brian Lee to serve as an Assistant Fire Chief.

14.     All materials referring or pertaining to the letter of decision/termination issued by Defendant Rubin to the Plaintiff.

15.     All materials referring or pertaining to communications between the any member of the Fire Trial Board that decided FEMS Case No.s U-08-302, U-08-330, and U-09-46 and Defendant Rubin.

16.     All materials referring or pertaining to communications between the any member of the Fire Trial Board that decided FEMS Case No.s U-08-302, U-08-330, and U-09-46 and Defendant Lee.

17.     All materials referring or pertaining to the laws, rules, regulations, policies, guidelines, or other information that the Defendants believe gives them the authority to order a FEMS employee to undergo a fitness for duty evaluation or assessment and/or psychological and/or psychiatric assessment.

18.   All materials referring or pertaining to the laws, rules, regulations, policies, guidelines, or other information that the Defendants believe gives them the authority to discipline a FEMS employee who fails or refuses to undergo a fitness for duty evaluation or assessment and/or psychological and/or psychiatric assessment.

19.   All materials referring or pertaining to each and every basis supporting the claim or assertion of the First Defense stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

20.   All materials referring or pertaining to each and every basis supporting the claim or assertion of the Third Defense stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

21.   All materials referring or pertaining to each and every basis supporting the claim or assertion of the Fourth Defense stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

22.   All materials referring or pertaining to each and every basis supporting the claim or assertion of the Fifth Defense stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

23.   All materials referring or pertaining to each and every basis supporting the claim or assertion of the Sixth Defense stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

24.     All materials referring or pertaining to each and every basis supporting the claim or assertion of the Seventh Defense stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

25.     All materials referring or pertaining to each and every basis supporting the claim or assertion of the Eighth Defense stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

26.     All materials referring or pertaining to each and every basis supporting the claim or assertion of the Ninth Defense stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

27.     All materials referring or pertaining to each and every basis supporting the claim or assertion of the Tenth Defense stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

28.     All materials referring or pertaining to each and every basis supporting the claim or assertion of the Eleventh Defense stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

29.     All materials referring or pertaining to each and every basis supporting the claim or assertion of the Twelfth Defense stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

30.     All materials referring or pertaining to each and every basis supporting the claim or assertion of the Thirteenth Defense stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

31.     All materials referring or pertaining to each and every basis supporting the claim or assertion of the Fourteenth Defense stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

32.     All materials referring or pertaining to each and every basis supporting the claim or assertion that the District is or may be entitled to any type of set-off as stated in Defendants' Answer to Plaintiff's Second Amended Complaint.

33.     All materials addressing the following questions or issues:

(a)     The date(s) when a litigation hold(s) or other evidence preservation request(s) or order(s) was issued in this case?

(b)     To whom any litigation hold(s) or other evidence preservation request(s) or order(s) was issued in this case?

(c)     What evidence, if any, was preserved as a consequence of any litigation hold(s) or other document preservation request(s) or order(s) that was issued in this case?

34.     All materials referring or pertaining to the deletion or destruction in any manner of any document, e-mail and/or electronic files after March 1, 2008 that were created, received, or stored by Fire and EMS Chief Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz, Battalion Chief

Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, FEMS General Counsel Marceline Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and/or FEMS Deputy General Counsel Thelma Chichester.

35.    All materials pertaining or referring to the decision to assign or detail the Plaintiff from Engine Company 21 to the FEMS Facilities Maintenance Building.

36.    For the period March 1, 2008 through October 1, 2009, please provide all materials wherein Plaintiff raised a complaint, concern, grievance, or made a disclosure pertaining or referring to any violation of law, regulation, policy, order book or standard.

37.    For the period March 1, 2008 through October 1, 2009, please provide an authentic copy of all materials created, generated, stored, or maintained by the FEMS Office of Compliance indicating every instance where the Plaintiff initiated or attempted to initiate charges or disciplinary actions.

38.    All materials pertaining or referring to Plaintiff's communications (in any form) with the Mayor, D.C. City Council, Committee of the D.C. City Council, and/or person working for the D.C. City Council.

Respectfully submitted,

Richard E. Condit
Senior Counsel (D.C. Bar #417786)
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, D.C. 20006
Tel. 202-457-0034 (ext. 142)
Fax 202-457-0059


Delivered via e-mail on this 16th day of June 2010, and sent by First Class Mail to:

Juliane T. DeMarco
Assistant Attorney General
441 – 4th Street, NW, Suite 650 North
Washington, D.C. 20001
Tel. 202-741-0763
Eml.: Juliane.DeMarco@dc.gov.

Richard E. Condit

# EXHIBIT  B

Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VANESSA COLEMAN,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 09-0050 (HHK)** |
| **DISTRICT OF COLUMBIA,** *et al.* | |
| **Defendants.** | |

**DEFENDANT DISTRICT OF COLUMBIA'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Pursuant to Fed. R. Civ. P. 34, Defendant District of Columbia (hereinafter "the

District"), by and through counsel, hereby responds and objects to Plaintiff's First Set of

Requests for Production to Defendant District of Columbia as follows:

**GENERAL OBJECTIONS**

1.     These objections are made without waiving or intending to waive, but

rather intending to preserve and preserving: (a) all objections to competency, relevancy,

materiality, privilege, and admissibility as evidence for any purpose in the trial of this or

any other action or any subsequent proceeding; (b) the right to object to the use of any

document (or the subject matter thereof) that may be produced in the trial of this or any

other action or any subsequent proceeding on any grounds; (c) the right to preserve, prior

to production and as a condition of production, the confidentiality or the proprietary

nature of any document that may be produced or the subject matter thereof; (d) the right

to object on any ground at any time to a demand for further production or other discovery

involving or relating to the subject matter of the document requests; and (e) the right at

any time to revise, supplement, clarify, or amend the objections and responses to the

document requests if further factual developments or analysis warrants modification, or if

additional information is obtained or documents are located that are properly called for

by the document requests.

2.      Each objection set forth in this section shall apply to each of the document

requests as if that objection were set forth in full in response to each document request

and is not necessarily repeated in response to each individual document request. The

assertion of the same, similar, or additional objections in the District's specific objections

to individual document requests, or the failure to assert any additional objection to a

document request, shall not waive any of the District's objections set forth in this section

or the following sections.

3.      Defendant generally objects to each of the document requests to the extent

that it seeks information or documents protected from discovery by the attorney-client

privilege, the work product doctrine or any other applicable privilege or doctrine.

Nothing contained in these objections or the responses to individual document requests is

intended as, or shall in any way be deemed as, a waiver of any attorney-client privilege,

any work product doctrine, or any other applicable privilege or doctrine.

4.      Defendant objects to each of the "definitions" and "instructions" to the

extent that they seek to impose obligations beyond those consistent with the Federal

Rules.  The Defendants further object to the extent that the "definitions" and

"instructions" are overly broad and unduly burdensome and seek to impose an obligation

to produce irrelevant information or information not reasonably calculated to lead to the

discovery of relevant or admissible evidence.

2

## DOCUMENT REQUESTS

1.  For the period January 1, 2006 through the present, please provide all materials referring or pertaining to any order, request, and/or demand for any FEMS employee to submit to a psychological and/or psychiatric evaluation and the reason(s) the exam was being ordered or requested.  You may redact the names and other identifying information of the employee that was the subject of the fitness for duty evaluation.

**Response:   The District objects to the extent that the Request is overly broad and unduly burdensome, and seeks confidential psychological or psychiatric information regarding third parties not otherwise subject to public disclosure.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Finally, the District objects because the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.[1]**

2.  For the period 2006 through the present, please provide any and all materials (including e-mail and other electronically maintained files) that pertain to the number of individuals who have been referred to the PFC for psychiatric or psychological evaluations and, all documents (including e-mail and other electronically maintained files) describing the circumstances under which those individuals were referred for a psychological evaluation.

**Response:  The District objects to the extent that the Request is overly broad**

---

[1] Subject to and without waiving additional objections regarding relevance, the District also notes that the Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983.

**and unduly burdensome and seeks confidential psychological or psychiatric information regarding third parties not otherwise subject to public disclosure.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Finally, the District objects because the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.[2]**

3.  Any and all materials stating or referring to the physical and mental qualifications requirements for firefighters, including those for the positions occupied or expected to be occupied by Plaintiff Vanessa Coleman.

**Response:  The District objects to the extent that the Request is vague.  In addition, the District objects to the extent that the Request is overly broad and unduly burdensome.  Finally, the District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Subject to and without waiving the above objections *see* District's bates nos. DC_CM 000091 through 000110.**

4.  All materials discussing and/or interpreting any of the requirements for fitness for duty and/or psychological evaluations described in 6 DCMR § 2049.

**Response:  The District objects to the extent that the Request is overly broad and unduly burdensome.  In addition, the District objects to the extent that the request seeks privileged information, irrelevant information or information not**

---

[2] Subject to and without waiving additional objections regarding relevance, the District also notes that the Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983.

**reasonably calculated to lead to the discovery of relevant or admissible evidence.**

   5.   A true and correct copy of Plaintiffs official personnel file (OPF).

   **Response:   The District objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.   *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   Subject to and without waiving this objection, the District will produce Districts bates nos. DC_CM 000001 through 000090 once a Protective Order is entered by the Court.**

   6.   A true and correct copy of Plaintiffs Company file.

   **Response:   The District objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.   *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   Subject to and without waiving this objection, the District has requested information responsive to this Request and will supplement its response with any non-privileged responsive documents that exist.**

   7.   A true and correct copy of Plaintiffs Battalion file.

   **Response:   The District objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.   *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   Subject to and without waiving this objection, the District responds that upon information and belief, no information responsive to this request exists.**

Exhibit B

8.  All materials referring or pertaining to the Plaintiffs position description for each position she held while employed.

**Response:  The District objects to the extent that the Request is overly broad and unduly burdensome.  In addition, the District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Subject to and without waiving the above objections, the District has requested information responsive to this Request and will supplement its response with any non-privileged responsive documents that exist.**

9.  All email communications generated during the period March 1, 2008 through the present that refer or relate to Vanessa Coleman, including emails to, from, carbon-copied to or blind carbon-copied to the following individuals: Fire and EMS Chief Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz, Battalion Chief Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, General Counsel Marceline Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and FEMS Deputy General Counsel Thelma Chichester.

**Response:  The District objects to the extent that the Request is overly broad and unduly burdensome.  In addition, the District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Finally, the District objects that this request seeks information that is protected by work product, attorney**

**client and deliberative process privileges.   The District will supplement this**

**response with any non-privileged, relevant, responsive documents that exist.**

10.  All materials relating to communications between Assistant Attorney General

Charles Tucker and any employee or contractor, and/or contract employee of PFC

Associates.

**Response:  The District objects to the extent that the request seeks irrelevant**

**information or information not reasonably calculated to lead to the discovery of**

**relevant or admissible evidence.  The District also objects to the extent that the**

**Request is overly broad and unduly burdensome and to the extent it seeks work**

**product or information subject to attorney client privilege.  Subject to and without**

**waiving these objections, upon information and belief no information responsive to**

**this request exists.**

11.  All materials referring or pertaining to any licenses or certifications held by or

training received by:

    a. Defendant Dennis Rubin;

    b. Defendant Brian Lee;

    c. Detria Lyles-Hutchinson;

    d. John Lee (see, *e.g.,* Sec. Amend. Compl. Ps 14-16);

    e. Mark Bloom;

    f. Robert Shaefer;

    g. Robert Kane;

    h. Thelma Chichester;

    i. Kevin Begley; and

j. PFC Medical Director Dr. Michelle Smith-Jefferies.

**Response:  The District also objects to the extent that the Request is overly broad and unduly burdensome.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   The District objects to this request as it seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.[3]**

12.  All materials referring or pertaining to the decision(s) to select Defendant Rubin for the position of Chief of FEMS.

**Response:  The District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   The District further objects to this request as it seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.[4]**

13.  All materials referring or pertaining to the decision(s) to select Brian Lee to serve as an Assistant Fire Chief.

---

[3] Subject to and without waiving additional objections regarding relevance, the District also notes that the Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983.

[4] *See* note 3, *supra.*

**Response:  The District objects to the extent that it is overly broad, and unduly burdensome and to the extent the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.**

14. All materials referring or pertaining to the letter of decision/termination issued by Defendant Rubin to the Plaintiff.

**Response:  The District objects that this request seeks information that is protected by the attorney client privilege.  Subject to and without waiving this objection, the District will supplement its response with any non-privileged responsive documents that may exist.**

15. All materials referring or pertaining to communications between the any member of the Fire Trial Board that decided FEMS Case No.s U-08-302, U-08-330, and U-09-46 and Defendant Rubin.

**Response:  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  Subject to and without waiving**

these objections, the District will supplement its response with any non-privileged responsive relevant information that may exist.

16. All materials referring or pertaining to communications between the any member of the Fire Trial Board that decided FEMS Case No.s U-08-302, U-08-330, and U-09-46 and Defendant Lee.

**Response:  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  Subject to and without waiving these objections, the District will supplement its response with any non-privileged responsive, relevant information that may exist.**

17. All materials referring or pertaining to the laws, rules, regulations, policies, guidelines, or other information that the Defendants believe gives them the authority to order a FEMS employee to undergo a fitness for duty evaluation or assessment and/or psychological and/or psychiatric assessment.

**Response:  The District objects to the extent that the Request is overly broad and unduly burdensome and seeks information subject to the attorney client or deliberative process privileges.  Subject to and without waiving this objection, s*ee* District's bates nos. DC_CM 0000111 through 0000227.  The District will supplement this response with additional non-privileged responsive documents that may exist.**

18. All materials referring or pertaining to the laws, rules, regulations, policies, guidelines, or other information that the Defendants believe gives them the authority to

discipline a FEMS employee who fails or refuses to undergo a fitness for duty evaluation or assessment and/or psychological and/or psychiatric assessment.

**Response:  The District objects to the extent that the Request is overly broad and unduly burdensome and seeks information subject to the attorney client or deliberative process privileges.  Subject to and without waiving this objection, s*ee* District's bates nos. DC_CM 0000111 through 0000227.  The District will supplement this response with any additional non-privileged responsive documents that may exist.**

19. All materials referring or pertaining to each and every basis supporting the claim or assertion of the First Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  *See* Plaintiff's Second Amended Complaint for the allegations upon which the District bases its affirmative defense that Plaintiffs' complaint fails to state a claim for which relief should be granted.  The District further responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

20. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Third Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

21. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Fourth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

22. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Fifth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

23. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Sixth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

24. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Seventh Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

25. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Eighth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

26. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Ninth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

27. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Tenth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

28. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Eleventh Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

29. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Twelfth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

30. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Thirteenth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

31. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Fourteenth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

32. All materials referring or pertaining to each and every basis supporting the claim or assertion that the District is or may be entitled to any type of set-off as stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

33. All materials addressing the following questions or issues:

(a) The date(s) when a litigation hold(s) or other evidence preservation request(s) or order(s) was issued in this case?

(b) To whom any litigation hold(s) or other evidence preservation request(s) or order(s) was issued in this case?

(c) What evidence, if any, was preserved as a consequence of any litigation hold(s) or other document preservation request(s) or order(s) that was issued in this case?

**Response:  The District objects that this request seeks information that is protected by attorney client and attorney work product privileges.**

34. All materials referring or pertaining to the deletion or destruction in any manner of any document, e-mail and/or electronic files after March 1,2008 that were created, received, or stored by Fire and EMS Chief Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz, Battalion Chief Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, FEMS General Counsel Marceline Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and/or FEMS Deputy General Counsel Thelma Chichester.

**Response:  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  The District further objects based on foundation to the extent the request presupposes the deletion or destruction of relevant material.**

35.  All materials pertaining or referring to the decision to assign or detail the Plaintiff from Engine Company 21 to the FEMS Facilities Maintenance Building.

**Response:  The District will supplement its response with any responsive documents that may exist.**

36.  For the period March 1, 2008 through October 1, 2009, please provide all materials wherein Plaintiff raised a complaint, concern, grievance, or made a disclosure pertaining or referring to any violation of law, regulation, policy, order book or standard.

**Response:  The District objects to the extent that the Request is vague.  The District further objects to the form of this Request, and that the terms "complaint, concern, grievance, and disclosure" are vague and ambiguous.  Subject to and without waiving this objection, the District will supplement its response with any responsive documents that may exist.**

37. For the period March 1, 2008 through October 1, 2009, please provide an authentic copy of all materials created, generated, stored, or maintained by the FEMS Office of Compliance indicating every instance where the Plaintiff initiated Dr attempted to initiate charges or disciplinary actions.

**Response:  The District objects that this request seeks information that is protected by the attorney client privilege.  Subject to and without waiving this objection, the District will supplement its response with any responsive documents that may exist.**

38. All materials pertaining or referring to Plaintiff's communications (in any form) with the Mayor, D.C. City Council, Committee of the D.C. City Council, and/or person working for the D.C. City Council.

**Response:  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  Finally, the District objects that this request may seek information that is protected by attorney client or the deliberative process privilege.  Subject to and without waiving these objections, the District will supplement its response with any responsive documents that may exist.**

Respectfully submitted,

PETER J. NICKLES
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/Erica Taylor McKinley
ERICA TAYLOR MCKINLEY [467884]
Chief, Section II
Civil Litigation Division

/s/ Juliane T. DeMarco
JULIANE T. DEMARCO [490872]
Assistant Attorney General
441 Fourth Street, N.W., Suite 650 North
Washington, D.C. 20001
(202) 741-0763
(202) 741-0575 (fax)
E-mail: Juliane.DeMarco@dc.gov

Attorneys for the District of Columbia

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2010, I caused the foregoing

**Defendant's Responses and Objections to Plaintiff's First Request for Production** to

be sent to Plaintiff's counsel, via email and on the 9th day of August 2010 via U.S. Mail:

Richard E. Condit
Government Accountability Project
1612 K Street, NW, Suite 1100
Suite 206
Washington, D.C.  20006

**/s/ Juliane T. DeMarco**
JULIANE T. DEMARCO
**Assistant Attorney General**

18

# EXHIBIT  C

Exhibit C                                                             Page 1

**G·A·P** GOVERNMENT•ACCOUNTABILITY•PROJECT

| | | |
|---|---|---|
| 1612 K Street, NW, Suite 1100 | Tel. 202.457.0034 | Email:gapdc@whistleblower.org |
| Washington, D.C. 20006 | Fax  202.457.0059 | Website: www.whistleblower.org |

August 18, 2010

**VIA E-MAIL & FIRST CLASS MAIL**
Juliane T. DeMarco, Esq.
Office of the Attorney General for the District of Columbia
441 4th Street, NW
Suite 650, North
Washington, D.C. 20001

<u>RE: *Vanessa Coleman v. District of Columbia*- Civil Action No. 09-0050 (HHK)</u>

Dear Ms. DeMarco,

This letter constitutes Plaintiff's informal attempt to resolve several outstanding issues with Defendant's August 6th, 2010 objections and responses to Plaintiff's June 16th, 2010 requests for production of documents. Listed below are the responses that Plaintiff considers legally deficient. Please respond with the requested documents and/or valid objections by to conform to the discovery schedule established by the court.

**General Objections**

Defendant's general objections fail to meet the standard for objections set forth in rule 34(b), which requires objections to be specific to each document request and accompanied by reasoning:

...The response shall state, **with respect to each item or category**, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event **the reasons for objection shall be stated**.

Fed R. Civ. P. 34(b) ¶2 (Emphasis added).  For example, under Defendant's General Objections, paragraph 2 states that "each objection set forth in this section shall apply to each of the document requests as if that objection were set forth in full." This is not an acceptable method of objection; Defendant cannot apply ALL objections to each request for documents without providing the required reasoning with respect to each item or category. Defendant was put on notice of this specificity requirement in Plaintiff's Request for Production of Documents in Instruction #5 and 6 on page 6 and with a citation to *Convertino v. United States Department of Justice*, 565 F.Supp.2d 10, 12-13 (D.D.C. 2008). Paragraph 3 goes on to "generally object" to Plaintiff's requests under the attorney-client, work product, "or any other applicable privilege or doctrine." Again, under the Federal rules and applicable case law these objections are invalid. Although Defendant goes on to offer (some) specific objections, this section obfuscates the

discovery responses and amounts to needless posturing. Plaintiff requests that future responses to discovery requests omit these invalid catch-all objections.

### Invalid Responses to Document Requests

Defendant's objections to Request 1 and 2 are deficient and fail to meet the reasoning standard of Rule 34(b) and applicable case law referenced above. Stating that the requests are "overly broad and unduly burdensome" amounts to boilerplate language that does not support the bases for these objections.

Moreover, Plaintiff's requests were reasonably limited in time period and scope. By the same token, asserting that Plaintiff "seeks confidential psychological or psychiatric information" is again not a valid rationale for refusing to respond to the request. Plaintiff is cognizant of the doctor-patient privilege and thus is not requesting privileged information. Rather, she is simply requesting materials regarding FEMS orders/requests for psychological evaluation *with names redacted*, information on the number of employees sent for these exams and the reasons behind the exam requests. Such documents would not be privileged, would not contain confidential information, and regardless would not contain identifying information. The District's assertion that such employee records are protected "on the grounds of security, and privacy interests" is without merit.

First, the Defendant's citation to D.C. Code § 1-631.01 is not persuasive, as the Plaintiff's request is tailored to remove identifying information. Second, Defendant's citation to the two Personnel regulations, CDCR §§ 6-3112 and 6-3113, is also incorrect as the Plaintiff is not requesting "medical information" or "testing and examination materials." Plaintiff's requests are seeking materials pertaining to "orders, requests and/or demand[s]." Plaintiff is also requesting documents concerning the number of employees referred to the PFC and documents addressing the circumstances for their referral. Such documentation is not protected from disclosure because it does not contain any medical information or exam material. If you believe this to be incorrect, please cite to a *specific* subsection of the D.C. Code and/or applicable case law and provide all non-protected documents. Finally, Defendant's objection that these requests are for irrelevant information is without merit. Defendant incorrectly assumes in its footnote that the stay on Plaintiff's constitutional claims would render these requests invalid. The information obtained from these documents would directly aid in Plaintiff's D.C. Whistleblower Protection Act claim and meets the (Rule 26(b)) requirement of relevance.

Defendant's objections to Request 4 are likewise invalid and fail to meet the reasoning standard of Rule 34(b) and applicable case law. Again, Defendant objects to Plaintiff's request as being overly broad and unduly burdensome without providing any supporting rationale. Defendant goes on to state that it objects "to the extent that the request seeks privileged information." Certainly, if Defendant has privileged information relevant to Plaintiff's document requests, Defendant should provide a privilege log clearly identifying the type of document(s) being withheld, and object to the production of that information by asserting an appropriate privilege. Finally, Defendant incorrectly states that this request seeks information not reasonably calculated to lead to relevant or admissible evidence. This request seeks information regarding

any internal discussion of 6 DCMR § 2049, cited to Plaintiff by FEMS Deputy General Counsel as the legal basis for one of the key disputed personnel actions in this case.

Defendant's response to Request 5 is wholly inappropriate, and absent legal basis is in bad faith. The District is required to turn over official personnel records of a District employee to that employee or a representative of her choice. D.C. Personnel Regulations, Chapter 31A at § 3114.1 (6 DCMR § 3114.1). Furthermore, it cannot be said in good faith that Plaintiff's request for *her own personnel file* violates a privacy interest. This same problem exists with the privacy objection to Requests 6 and 7. Defendant states that the District will produce a responsive document "once a Protective Order is entered by the Court." Plaintiff's personnel file should not be part of any protective order. We expect Defendant to produce all responsive documents by the close of business August 20th.

Beyond the invalidity of Defendant's objections to Request 7, Defendant's response is unacceptable. The Plaintiff and her previous employer are well aware of the existence of her Battalion file, and unless it was destroyed (against Plaintiff's documented request for the preservation of all relevant evidence) the Defendant should produce the entire file immediately.

Defendant's responses to Requests 9, 10, 14, 17, 18, 33, 37, and 38 are inadequate in that these responses assert various privileges to justify the withholding of discovery material without providing a legally appropriate privilege log. Please provide this log with your forthcoming responses.

Defendant's response to Requests 12 and 13 incorrectly cite to The D.C. Code and D.C. Personnel Regulations listed above. Plaintiff's requests are for "materials referring or pertaining to the decision(s) to select [Defendants Rubin and Lee] for [their] position[s]." These materials almost certainly do not fall under the classification of "personnel records" protected by § 1-631.01, nor do they qualify as medical records protected by sections 3112 or 3113. Please provide a more narrowly tailored, valid objection and provide all non-protected materials responsive to this request.

Defendant failed to respond to Request 32. Please provide a response by the discovery deadline of August 20th.

Finally, Defendant's objections to Request 34 are invalid. As stated above, objecting on the ground of undue burden requires a level of reasoning and factual specificity lacking from your response. The District's objection that Plaintiff "presupposes the deletion or destruction of relevant material" is invalid and does not justify withholding a timely response to this request.

Thank you for reviewing our correspondence. Based on recent communications between the parties, and the Defendants' motion filed with the Court, it is our understanding that you will produce all outstanding discovery by August 20th. We also expect that you will produce discovery responses to correct the issues addressed in this letter. If you have any questions, please do not hesitate to contact us.

Sincerely,

*Richard E. Condit /S/*

_____

Richard E. Condit
GAP, Senior Counsel

*Karen J. Gray /S/*

_____

Karen J. Gray
GAP, General Counsel

# EXHIBIT  D

### GOVERNMENT OF THE DISTRICT OF COLUMBIA
#### Office of the Attorney General

**Civil Litigation Division**
**General Litigation Section Two**



### VIA EMAIL AND US MAIL

Richard Condit
Government Accountability Project
1612 K Street, NW, Suite 1100
Suite 206
Washington, D.C.  20006

        **Re:  *Coleman  v. DC, et al.,*  09-0050 (HHK)**

Dear Mr. Condit:

Please find enclosed a CD with the Defendants' August 20, 2010, Supplemental Production to Plaintiff's First Request for Documents.  These documents are produced subject to and without waiving any previous objections.

Please note that some documents in this production include redactions of material purely incidental to our document collection process; in addition, we have redacted personnel related information of individuals other than Vanessa Coleman which appears incidentally in the requested documents and has no relevance to Ms. Coleman's claims.  We do not intend to enter these redactions on our Vaughn Index.

Where material has been redacted pursuant to an asserted privileged we have included the text "Redacted – Privileged" and logged these documents on the enclosed Vaughn Index.
.

        Respectfully,

        PETER J. NICKLES
        Attorney General for the District of Columbia

        BY:

                **/s/  Juliane T. DeMarco**
                BY: JULIANE T DEMARCO
                Assistant Attorney General

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VANESSA COLEMAN,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 09-0050 (HHK)** |
| **DISTRICT OF COLUMBIA,** *et al.* | |
| **Defendants.** | |

### DEFENDANT DISTRICT OF COLUMBIA'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 34, Defendant District of Columbia (hereinafter "the District"), by and through counsel, hereby responds and objects to Plaintiff's First Set of Requests for Production to Defendant District of Columbia as follows:

### GENERAL OBJECTIONS

1.      These objections are made without waiving or intending to waive, but rather intending to preserve and preserving: (a) all objections to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in the trial of this or any other action or any subsequent proceeding; (b) the right to object to the use of any document (or the subject matter thereof) that may be produced in the trial of this or any other action or any subsequent proceeding on any grounds; (c) the right to preserve, prior to production and as a condition of production, the confidentiality or the proprietary nature of any document that may be produced or the subject matter thereof; (d) the right to object on any ground at any time to a demand for further production or other discovery involving or relating to the subject matter of the document requests; and (e) the right at

any time to revise, supplement, clarify, or amend the objections and responses to the

document requests if further factual developments or analysis warrants modification, or if

additional information is obtained or documents are located that are properly called for

by the document requests.

2.      Each objection set forth in this section shall apply to each of the document

requests as if that objection were set forth in full in response to each document request

and is not necessarily repeated in response to each individual document request. The

assertion of the same, similar, or additional objections in the District's specific objections

to individual document requests, or the failure to assert any additional objection to a

document request, shall not waive any of the District's objections set forth in this section

or the following sections.

3.      Defendant generally objects to each of the document requests to the extent

that it seeks information or documents protected from discovery by the attorney-client

privilege, the work product doctrine or any other applicable privilege or doctrine.

Nothing contained in these objections or the responses to individual document requests is

intended as, or shall in any way be deemed as, a waiver of any attorney-client privilege,

any work product doctrine, or any other applicable privilege or doctrine.

4.      Defendant objects to each of the "definitions" and "instructions" to the

extent that they seek to impose obligations beyond those consistent with the Federal

Rules.  The Defendants further object to the extent that the "definitions" and

"instructions" are overly broad and unduly burdensome and seek to impose an obligation

to produce irrelevant information or information not reasonably calculated to lead to the

discovery of relevant or admissible evidence.

## DOCUMENT REQUESTS

9.  All email communications generated during the period March 1, 2008 through

the present that refer or relate to Vanessa Coleman, including emails to, from, carbon-

copied to or blind carbon-copied to the following individuals: Fire and EMS Chief

Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz,

Battalion Chief Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin

Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph

Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, General Counsel Marceline

Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and FEMS Deputy

General Counsel Thelma Chichester.

**Response:  The District objects to the extent that the Request is overly broad**

**and unduly burdensome.  In addition, the District objects to the extent that the**

**request seeks irrelevant information or information not reasonably calculated to**

**lead to the discovery of relevant or admissible evidence.  Finally, the District objects**

**that this request seeks information that is protected by work product, attorney**

**client and deliberative process privileges.   Subject to and without waiving these**

**objections,** *see* **District's bates nos. DC_CM 000228 through 000262, DC_CM**

**000264 through 000566, DC_CM 000732 through 000740, and DC_CM 000742**

**through 000886, and the following ranges:**

| DC_CM | 100013 | to | 100014 |
|-------|--------|----|--------|
| DC_CM | 100016 | to | 100018 |
| DC_CM | 100020 | to | 100029 |
| DC_CM | 100065 | to | 100068 |
| DC_CM | 100097 | to | 100100 |
| DC_CM | 100103 | to | 100105 |
| DC_CM | 100118 | to | 100119 |

| DC_CM | 100143 | to | 100144 |
|-------|--------|----|--------|
| DC_CM | 100241 | to | 100242 |
| DC_CM | 100266 | to | 100267 |
| DC_CM | 100145 | to | 100147 |
| DC_CM | 100220 | to | 100220 |
| DC_CM | 100221 | to | 100221 |
| DC_CM | 100222 | to | 100222 |
| DC_CM | 100285 | to | 100287 |

14. All materials referring or pertaining to the letter of decision/termination issued by Defendant Rubin to the Plaintiff.

**Response:  The District objects that this request seeks information that is protected by the attorney client privilege.  Subject to and without waiving this objection,** *see* **District's bates nos. DC_CM 000887 through 000963.**

18. All materials referring or pertaining to the laws, rules, regulations, policies, guidelines, or other information that the Defendants believe gives them the authority to discipline a FEMS employee who fails or refuses to undergo a fitness for duty evaluation or assessment and/or psychological and/or psychiatric assessment.

**Response:  The District objects to the extent that the Request is overly broad and unduly burdensome and seeks information subject to the attorney client or deliberative process privileges.  Subject to and without waiving these objections,** *see* **previously provided District's bates nos. DC_CM 0000111 through 0000227 and** *see* **District's bates nos. DC_CM 000964 through 001025.**

19. All materials referring or pertaining to each and every basis supporting the claim or assertion of the First Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

Exhibit D

**Response:  *See* Plaintiff's Second Amended Complaint for the allegations upon which the District bases its affirmative defense that Plaintiffs' complaint fails to state a claim for which relief should be granted.  *See* District's bates nos. DC_CM 000679 through 000731 and District's bates nos. DC_CM 001026 through 001081. The District further responds that its investigation of Plaintiff's claims and its defenses remains ongoing.**

35.  All materials pertaining or referring to the decision to assign or detail the Plaintiff from Engine Company 21 to the FEMS Facilities Maintenance Building.

**Response:  *See* District's bates no. DC_CM 000741.**

36.  For the period March 1, 2008 through October 1, 2009, please provide all materials wherein Plaintiff raised a complaint, concern, grievance, or made a disclosure pertaining or referring to any violation of law, regulation, policy, order book or standard.

**Response:  The District objects to the extent that the Request is vague.  The District further objects to the form of this Request, and that the terms "complaint, concern, grievance, and disclosure" are vague and ambiguous.  Subject to and without waiving these objections, *see* District's bates nos. DC_CM 000567 through 000678.**

> Respectfully submitted,
>
> PETER J. NICKLES
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division
>
> /s/Erica Taylor McKinley
> ERICA TAYLOR MCKINLEY [467884]
> Chief, Section II
> Civil Litigation Division

/s/ Juliane T. DeMarco
JULIANE T. DEMARCO [490872]
Assistant Attorney General
441 Fourth Street, N.W., Suite 650 North
Washington, D.C. 20001
(202) 741-0763
(202) 741-0575 (fax)
E-mail: Juliane.DeMarco@dc.gov

Attorneys for the District of Columbia

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2010, I caused the foregoing

**Defendant's Supplemental Responses and Objections to Plaintiff's First Request for**

**Production** to be sent to Plaintiff's counsel via U.S. Mail:

Richard E. Condit
Government Accountability Project
1612 K Street, NW, Suite 1100
Suite 206
Washington, D.C.  20006

**/s/ Juliane T. DeMarco**
JULIANE T. DEMARCO
**Assistant Attorney General**

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM000263-DC_CM000263 | 12/2/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Liles-Hutchinson, Detria (FEMS) | Grambo, Geoffrey (FEMS) | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100001 | 7/16/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential request for legal advice from agency employee to agency counsel concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100002 | 7/5/2008 | Email | Schultz, Lawrence (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS); Hutchinson, Detria (FEMS); Bloom, Mark (FEMS) | Reilley, Michael (FEMS) | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100003 | 7/5/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS)Hutchinson, Detria (FEMS); | | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100004-DC_CM100014 (100007-100014)*NP | 7/2/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS)Hutchinson, Detria (FEMS); | | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100015-DC_CM100018 (100016-100018)*NP | 2/11/2009 | Email | Lee, Brian (FEMS) | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS) | Forward of confidential email providing from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100019-DC_CM100029 (100020-100029)*NP | 7/16/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Hutchinson, Detria (FEMS); | | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100030 | 7/16/2008 | Email | Lee, Brian (FEMS) | Rubin, Dennis (FEMS); Schultz, Lawrence (FEMS) | None | Email reflecting confidential communication from agency employee to agency counsel and legal advice sought regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100031-<br>DC_CM100036 | | | Intentional Gap | | | | |
| DC_CM100037 | 3/30/2009 | Email | Chichester, Thelma (FEMS) | Smith-Jeffries, Michelle (PFC) | None | Response to confidential communication from client's agent to agency counsel concerning request for information concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100038 | 3/27/2009 | Email | Smith-Jeffries, Michelle (PFC) | Chichester, Thelma (FEMS) | None | Confidential communication from client's agent to agency counsel concerning request for information regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100039-<br>DC_CM100041 | 2/19/2009 | Email | Begley, Kevin (FEMS) | Lee, Brian (FEMS); Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel for purpose of seeking legal advice related to Vanessa Coleman's fitness for duty examination and reflecting legal advice rendered concerning the same | Attorney-Client Privilege |
| DC_CM100042-<br>DC_CM100046 | 3/10/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100047-<br>DC_CM100051 | 3/10/2009 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential communication from agency counsel seeking information for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100052-<br>DC_CM100054 | 3/10/2009 | Email | Deaton, Joseph (FEMS) | Lee, Brian (FEMS); Begley, Kevin (FEMS); Gretz, Raymond (FEMS) | None | Response to communication from agency employee reflecting legal advice from agency counsel regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100055-<br>DC_CM100057 | 1/2/2009 | Email | Lee, Brian (FEMS) | Lee, Brian (FEMS); Begley, Kevin (FEMS); Gretz, Raymond (FEMS) | None | Communication from agency employee reflecting legal advice from agency counsel regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100058-DC_CM100058 | 12/3/2008 | Email | Begley, Kevin (FEMS) | Lee, Brian (FEMS); Chichester, Thelma (FEMS); Liles-Hutchinson, Detria (FEMS) | None | Confidential communication from agency employee pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100059-DC_CM100059 | 12/3/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Liles-Hutchinson, Detria (FEMS) | None | Confidential communication from agency employee pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100060-DC_CM100061 | 12/3/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel reflecting legal advice of agency counsel regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100062-DC_CM100063 | 12/3/2008 | Email | Alexander, Marceline (FEMS) | Chichester, Thelma (FEMS); Begley, Kevin (FEMS); Lee, Brian (FEMS) | None | Confidential communication of legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100064-DC_CM100068 (100065-100068)*NP | 8/1/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100069-DC_CM100069 | 9/4/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100070-DC_CM100071 | 9/5/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee responding to agency counsel's legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100072-DC_CM100073 | 9/5/2008 | Email | Chichester, Thelma (FEMS) | Deaton, Joseph (FEMS) | None | Confidential communication of agency counsel's legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100074-DC_CM100074 | 8/1/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential communication of legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100075-DC_CM100075 | 8/1/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100076-DC_CM100079 | | | Intentional Gap | | | | |
| DC_CM100080-DC_CM100081 | 5/22/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Atterbeary, Vanessa (OAG) | Smith-Jeffries, Michelle (PFC) | Confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100082-DC_CM100083 | 5/22/2009 | Email | Lee, Brian (FEMS) | Flint, William (FEMS) | None | Confidential communication of agency employee reflecting request of employee for legal advice from agency counsel concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100084-DC_CM100085 | 5/22/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Atterbeary, Vanessa (OAG) | Smith-Jeffries, Michelle (PFC) | Confidential communication of information from agency employee seeking legal advice and information necessary to provide the same concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100086-DC_CM100088 | 5/22/2009 | Email | Smith-Jeffries, Michelle (PFC) | Lee, Brian (FEMS) | Begley, Kevin (FEMS); Qaunder, Paul (MPD); Thronson, Steve | Confidential communication of information from client gent for purposes of seeking legal advice from agency counsel concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100089-DC_CM100092 | 5/22/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Atterbeary, Vanessa (OAG) | | Confidential communication of information from FEMS agent by agency employee for purposes of seeking legal advice from agency counsel concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100093-DC_CM100095 | 11/26/2008 | Email | Witowski, Wayne (OAG) | Chichester, Thelma (FEMS) | none | Confidential communication rendering legal advice relating to outside attorney communication with agency officials | Attorney-Client Privilege |
| DC_CM100096-DC_CM1000100 (100097-100100)*NP | 8/1/2008 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Lee, Brian (FEMS); Jeffrey, Alfred III (FEMS) | None | Confidential communication from agency employee to agency counsel providing information pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman's fitness for duty examination. | Attorney-Client Privilege |
| DC_CM100101-DC_CM100101 | 8/1/2008 | Email | Lee, Brian (FEMS) | Begley, Kevin (FEMS); Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice concerning personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100102-DC_CM100105 (100103-100105)*NP | 8/7/2008 | Email | Lee, Brian (FEMS) | Alexander, Marceline (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice concerning personnel matters related to Vanessa Coleman's preservation request | Attorney-Client Privilege |
| DC_CM100106-DC_CM100107 | 8/7/2008 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100108-DC_CM100109 | 8/7/2008 | Email | Alexander, Marceline (FEMS) | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS) | Confidential communication from agency counsel requesting information relevant to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|----------|------|------|-----------|--------------|--------|----------------|-----------|
| DC_CM100110-DC_CM100111 | 8/7/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | Alexander, Marceline | Confidential communication from agency employee requesting legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100112-DC_CM100114 (100113-100114)*NP | 8/8/2008 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS); Alexander, Marceline (FEMS) | none | Confidential communication from agency employee in response to request from counsel for information  to render legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100115-DC_CM100116 | 8/8/2008 | Email | Chichester, Thelma (FEMS) | Liles Hutchinson, Detria (FEMS) | None | Forward of confidential communication reflecting request for legal advice related to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |
| DC_CM100117-DC_CM100119 (100118-100119)*NP | 1/5/2009 | Email | Begley, Kevin (FEMS) | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS); Atterbeary, Vanessa (OAG); Lee, Brian (FEMS) | Confidential communication from agency employee of information provided pertaining to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100120-DC_CM100121 | 2/11/2009 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | Confidential communication from agency employee requesting information pertaining to legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100122-DC_CM100122 | 2/19/2009 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee to agency counsel for purpose of seeking legal advice and reflecting advice rendered concerning matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.                                                                6

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100122-DC_CM100123 | 2/19/2009 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee to agency counsel for purpose of seeking legal advice related to Vanessa Coleman's fitness for duty examination and reflecting legal advice rendered concerning the same | Attorney-Client Privilege |
| DC_CM100124-DC_CM100125 | 2/19/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Begley, Kevin (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice and providing information for same for purpose of seeking legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100126-DC_CM100128 | 2/19/2009 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential communication reflecting legal advice related to Vanessa Coleman's fitness for duty examination and request for advice concerning the same. | Attorney-Client Privilege; Work Product |
| DC_CM100132-DC_CM100132 | 9/4/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100133-DC_CM100133 | 9/4/2008 | Email | Chichester, Thelma (FEMS) | Deaton, Joseph (FEMS) | None | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100134-DC_CM100135 | 9/5/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100136-DC_CM100140 | | | Intentional Gap | | | | |
| DC_CM100141-DC_CM100141 | 12/3/2008 | Email | Begley, Kevin (FEMS) | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Liles Hutchinson, Detria (FEMS) | Confidential communication from agency employee for purpose of seeking legal advice regarding personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100142-DC_CM100144 (100143-100144)*NP | 12/3/2008 | Email | Begley, Kevin (FEMS) | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Schultz, Lawrence (FEMS) | Confidential communication from agency employee for purpose of seeking legal advice regarding personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100148-DC_CM100148 | | | Intentional Gap | | | | |
| DC_CM100149-DC_CM100150 | 12/3/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Response to confidential communication from agency employee requesting legal advice regarding personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |
| DC_CM100151-DC_CM100151 | 8/8/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS); Alexander, Marceline (FEMS); Begley, Keven (FEMS) | None | Confidential communication rendering legal advice and reflecting counsel's impressions pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |
| DC_CM100152-DC_CM100153 | 3/30/2009 | Email | Chichester, Thelma (FEMS) | Smith-Jeffries, Michelle (PFC) | None | Response to confidential communication from client's agent to agency counsel concerning request for information concerning  personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100154-DC_CM100155 | 9/1/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Byrne, Kevin (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's personnel matters including the fit for duty examination | Attorney-Client Privilege |
| DC_CM100156-DC_CM100157 | 9/1/2009 | Email | Chichester, Thelma (FEMS); | Byrne, Kevin (FEMS) | Lee, Brian (FEMS) | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100158-DC_CM100159 | 8/25/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); | None | Confidential communication from agency employee for purpose of seeking legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100160-DC_CM100182 | | | Intentional Gap | | | | |
| DC_CM100183-DC_CM100186 | 5/29/2009 | Email | Chichester, Thelma (FEMS); | Byrne, Kevin (FEMS) | None | Confidential communication rendering legal advice in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100187-DC_CM100189 | 5/29/2009 | Email | Byrne, Kevin (FEMS) | Tucker, Charles (OAG) | Lee, Brian (FEMS) | Confidential communication from agency employee reflecting legal advice rendered in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100190-DC_CM100191 | 5/28/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS) | None | Confidential communication rendering legal advice and reflecting counsel's mental impressions in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100192-DC_CM100193 | 5/29/2009 | Email | Byrne, Kevin (FEMS) | Chichester, Thelma (FEMS); Lee, Brian | None | Confidential communication from agency employee providing information for purposes of seeking legal advice in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege |
| DC_CM100194-DC_CM100195 | | | Intentional Gap | | | | |
| DC_CM100196-DC_CM100196 | 6/23/2009 | Email | Chichester, Thelma (FEMS) | Tucker, Charles (OAG) | None | Confidential communication from agency counsel to counsel representing agency in Trial Board Hearing seeking legal advice and reflecting counsel's mental impressions in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100197-DC_CM100197 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from  counsel representing agency in Trial Board Hearing to agency counsel seeking information for purpose of providing legal advice in connection with V. Coleman's Fire Trial Board Hearing and reflecting counsel's mental impressions | Attorney-Client Privilege; Work Product |

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100198-DC_CM100198 | 6/23/2009 | Email | Chichester, Thelma (FEMS) | Tucker, Charles (OAG) | None | Confidential communication from agency counsel to counsel representing agency in Trial Board Hearing providing information for purpose of seeking legal advice in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100199-DC_CM100200 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from  counsel representing agency in Trial Board Hearing to agency counsel providing legal advice in connection with V. Coleman's Fire Trial Board Hearing and reflecting counsel's mental impressions | Attorney-Client Privilege; Work Product |
| DC_CM100201-DC_CM100202 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from  counsel representing agency in Trial Board Hearing to agency counsel providing legal advice in connection with V. Coleman's Fire Trial Board Hearing and reflecting counsel's mental impressions | Attorney-Client Privilege; Work Product |
| DC_CM100203-DC_CM100204 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from  counsel representing agency in Trial Board Hearing to agency counsel providing legal advice in connection with V. Coleman's Fire Trial Board Hearing and reflecting counsel's mental impressions | Attorney-Client Privilege; Work Product |
| DC_CM100205-DC_CM100206 | 6/23/2009 | Email | Chichester, Thelma (FEMS) | Tucker, Charles (OAG) | None | Confidential communication from agency counsel to counsel representing agency in Trial Board Hearing providing information for purpose of seeking legal advice in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100207-DC_CM100208 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from  counsel representing agency in Trial Board Hearing to agency counsel reflecting counsel's mental impressions in connection with V. Coleman's Fire Trial Board Hearing and | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100208-DC_CM100209 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from counsel representing agency in Trial Board Hearing to agency counsel reflecting counsel's mental impressions in connection with V. Coleman's Fire Trial Board Hearing and | Attorney-Client Privilege; Work Product |
| DC_CM100211-DC_CM100214 | 8/19/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege |
| DC_CM100215-DC_CM100218 | 8/19/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege; Work Product |
| DC_CM100219-DC_CM100219 | 8/19/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100220-DC_CM100220 | 8/20/2009 | Email | Lee, Brian (FEMS) | Scott, Deborah (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100221-DC_CM100221 | 8/20/2009 | Email | Lee, Brian (FEMS) | Scott, Deborah (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100222-DC_CM100222 | 8/20/2009 | Email | Lee, Brian (FEMS) | Scott, Deborah (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100223-DC_CM100223 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Begley, Kevin (FEMS) | None | Forward of confidential communication from agency  employee provided to agency counsel for purpose of rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|----------|------|------|-----------|--------------|--------|----------------|-----------|
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100239-DC_CM100239 | 9/2/2009 | Email | Chichester, Thelma (FEMS) | Scott, Deborah (FEMS) | None | Confidential communication from agency counsel rendering legal advice and request for the same  regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100240-DC_CM100242 (100241-100242)*NP | 9/2/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential information for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100243-DC_CM100243 | Intentional Gap | | | | | | |
| DC_CM100244-DC_CM100245 | 8/20/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege |
| DC_CM100246-DC_CM100246 | 8/20/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Scott, Deborah (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege |
| DC_CM100247-DC_CM100249 | | | Intentional Gap | | | | |
| DC_CM100251-DC_CM100252 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Scott, Deborah (FEMS) | None | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100253-DC_CM100254 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100255-DC_CM100256 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS) | Lee, Brian (FEMS) | Confidential communication from agency counsel rendering legal advice and seeking information for purposes of rendering further advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100257-DC_CM100258 | 9/1/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Byrne, Kevin (FEMS) | None | Confidential communication from agency employee providing  information for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100259-DC_CM100259 | 9/2/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100260-DC_CM100260 | 9/2/2009 | Email | Byrne, Kevin (FEMS) | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | Confidential communication from agency employee providing information for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100261-DC_CM100261 | 9/2/2009 | Email | Lee, Brian (FEMS) | Byrne, Kevin (FEMS) | Chichester, Thelma (FEMS) | Response to confidential communication from agency employee providing information for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100262-DC_CM100262 | 9/2/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS) | | Confidential communication from agency counsel seeking information for purposes of rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100263-DC_CM100263 | 9/2/2009 | Email | Byrne, Kevin (FEMS) | Chichester, Thelma (FEMS) | | Confidential communication from agency employee for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit D

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|----------|------|------|-----------|--------------|--------|----------------|-----------|
| DC_CM100264-DC_CM100264 | 9/2/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS); Lee, Brian (FEMS) | Lord, Douglas (FEMS); Begley, Kevin (FEMS) | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and reflecting counsel's mental impressions. | Attorney-Client Privilege; Work Product |
| DC_CM100265-DC_CM100267 (100266-100267)*NP | 10/2/2009 | Email | Byrne, Kevin (FEMS) | Ealey-Tate, Carmen (FEMS) | Lord, Douglas (FEMS); Lee, Brian (FEMS); Chichester, Thelma (FEMS) | Confidential communication from agency employee reflecting legal advice from agency counsel regarding personnel matters related to Vanessa Coleman's Trial Board Decision and reflecting counsel's mental impressions. | Attorney-Client Privilege; Work Product |
| DC_CM100268-DC_CM100282 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Begley, Kevin (FEMS) | None | Forward of confidential communication from agency  employee provided to agency counsel for purpose of rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100283-DC_CM100284 | 10/2/2009 | Email | Lee, Brian (FEMS); | Ealey-Tate, Carmen (FEMS) | Lord, Douglas (FEMS); Chichester, Thelma (FEMS) | Confidential communication from agency employee forwarding  legal advice from agency counsel regarding personnel matters related to Vanessa Coleman's Trial Board Decision and reflecting counsel's mental impressions. | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

# EXHIBIT  E

**G·A·P** GOVERNMENT · ACCOUNTABILITY · PROJECT

| | | |
|---|---|---|
| 1612 K Street, NW, Suite 1100 | Tel. 202.457.0034 | Email:gapdc@whistleblower.org |
| Washington, D.C. 20006 | Fax  202.457.0059 | Website: www.whistleblower.org |

August 25, 2010

**VIA E-MAIL & FIRST CLASS MAIL**
Juliane T. DeMarco, Esq.
Office of the Attorney General for the District of Columbia
441 4th Street, NW
Suite 650, North
Washington, D.C. 20001

<u>**RE:** *Vanessa Coleman v. District of Columbia*- **Civil Action No. 09-0050 (HHK)**</u>

Dear Ms. DeMarco,

This letter serves to memorialize the parties' positions regarding Plaintiff's document production requests, as discussed in a conference call yesterday  Additionally, this letter contains Plaintiff's two revised requests for document production as discussed in that call.

<u>**Pertinent points regarding Plaintiff's Request for Production of Documents**</u>

1. In regard to Plaintiff's August 19th, 2010 letter, Defendant's counsel stated that she would respond in writing by close of business on Tuesday, August 31, 2010.

2. Regarding Plaintiff's Request No. 4, Defendant's counsel indicated her belief that the Request was overly broad in that it could conceivably cover the entire municipality of the District of Columbia. Plaintiff's counsel offered to revise this request, and offers here the following modified Request No. 4:

   "For the period of January 1, 2006 through the present, please provide all materials to/from or received by the DC Office of the Attorney General, Office of Human Resources, and DC FEMS discussing and/or interpreting any of the requirements for fitness for duty and/or psychological evaluations described in 6 DCMR §2049."

3. Regarding Plaintiff's Request No. 5, counsel for the Defendant indicated that she would review past OAG internal policy on turning over Personnel files to employees and their agents after a discovery request, and that she would act in accordance with this policy.

4. Regarding Plaintiff's repeated requests for a privilege log, Defendant's counsel indicated that she attached a privilege log to her August 20, 2010 responses to Plaintiff's document requests and

that she would also email the same to Plaintiff—along with Defendants' narrative responses to Plaintiff's document production requests—following the conference call.

5. Regarding Plaintiff's Requests Nos. 12 and 13, Defendant's counsel repeated that, to her knowledge, the Defendant had no information responsive to Request No. 13 and that she believed Request No. 12 was not relevant to Plaintiff's whistleblower claim unless Plaintiff was also asserting a claim that requires a showing of a pattern and practice (presumably meaning a disparate treatment claim).

6. Regarding Plaintiff's request No. 32, Defendant's counsel acknowledged that she failed to provide a response and that she would include a response in her August 31, 2010 letter.

7. Regarding Plaintiff's request No. 34, Defendant's counsel restated the position of the Defendant that the request presupposes that there was a deletion of material, and that the request was not specific to the Plaintiff and her issues. Plaintiff's counsel offered to revise this request and offers here a revised Request No. 34:

"With respect to Vanessa Coleman, 6 DCMR § 2049, the Mt. Pleasant Fire on March 12, 2008, and the Coleman Fire Trial Board (including case no.s U-08-032, U-08-330, and U-09-46) all materials referring or pertaining the deletion or destruction in any manner of documents, e-mails and/or electronic files after March 1, 2008, that were created, received, or stored by Fire and EMS Chief Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz, Battalion Chief Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, FEMS General Counsel Marceline Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and/or FEMS Deputy General Counsel Thelma Chichester."

Please confirm that Plaintiff's summary accurately reflects the positions of the parties and let us know of any necessary revisions. Please also respond to Plaintiff's Revised Requests 4 and 34 with appropriate responses or objections and advise when those responses will be provided.

Sincerely,

_____

Richard E. Condit
GAP, Senior Counsel

*/s/ Karen Gray*

_____

Karen Gray
GAP, General Counsel

# EXHIBIT  F

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VANESSA COLEMAN,

    **Plaintiff,**

    **v.**                       **Civil Action No. 09-0050 (HHK)**

**DISTRICT OF COLUMBIA,** *et al.*

    **Defendants.**

## DEFENDANT DISTRICT OF COLUMBIA'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 34, Defendant District of Columbia (hereinafter "the District"), by and through counsel, hereby responds and objects to Plaintiff's First Set of Requests for Production to Defendant District of Columbia as follows:

## GENERAL OBJECTIONS

1.     These objections are made without waiving or intending to waive, but rather intending to preserve and preserving: (a) all objections to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in the trial of this or any other action or any subsequent proceeding; (b) the right to object to the use of any document (or the subject matter thereof) that may be produced in the trial of this or any other action or any subsequent proceeding on any grounds; (c) the right to preserve, prior to production and as a condition of production, the confidentiality or the proprietary nature of any document that may be produced or the subject matter thereof; (d) the right to object on any ground at any time to a demand for further production or other discovery involving or relating to the subject matter of the document requests; and (e) the right at

any time to revise, supplement, clarify, or amend the objections and responses to the

document requests if further factual developments or analysis warrants modification, or if

additional information is obtained or documents are located that are properly called for

by the document requests.

2.      Each objection set forth in this section shall apply to each of the document

requests as if that objection were set forth in full in response to each document request

and is not necessarily repeated in response to each individual document request. The

assertion of the same, similar, or additional objections in the District's specific objections

to individual document requests, or the failure to assert any additional objection to a

document request, shall not waive any of the District's objections set forth in this section

or the following sections.

3.      Defendant generally objects to each of the document requests to the extent

that it seeks information or documents protected from discovery by the attorney-client

privilege, the work product doctrine or any other applicable privilege or doctrine.

Nothing contained in these objections or the responses to individual document requests is

intended as, or shall in any way be deemed as, a waiver of any attorney-client privilege,

any work product doctrine, or any other applicable privilege or doctrine.

4.      Defendant objects to each of the "definitions" and "instructions" to the

extent that they seek to impose obligations beyond those consistent with the Federal

Rules.  The Defendants further object to the extent that the "definitions" and

"instructions" are overly broad and unduly burdensome and seek to impose an obligation

to produce irrelevant information or information not reasonably calculated to lead to the

discovery of relevant or admissible evidence.

## DOCUMENT REQUESTS

1.  For the period January 1, 2006 through the present, please provide all materials referring or pertaining to any order, request, and/or demand for any FEMS employee to submit to a psychological and/or psychiatric evaluation and the reason(s) the exam was being ordered or requested.  You may redact the names and other identifying information of the employee that was the subject of the fitness for duty evaluation.

**Response:   The District objects to the extent that the Request is overly broad and unduly burdensome, and seeks confidential psychological or psychiatric information regarding third parties not otherwise subject to public disclosure.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Finally, the District objects because the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.[1]**

2.  For the period 2006 through the present, please provide any and all materials (including e-mail and other electronically maintained files) that pertain to the number of individuals who have been referred to the PFC for psychiatric or psychological evaluations and, all documents (including e-mail and other electronically maintained files) describing the circumstances under which those individuals were referred for a psychological evaluation.

**Response:  The District objects to the extent that the Request is overly broad**

---

[1] Subject to and without waiving additional objections regarding relevance, the District also notes that the Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983.

3

and unduly burdensome and seeks confidential psychological or psychiatric information regarding third parties not otherwise subject to public disclosure. The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests. *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)). Finally, the District objects because the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.[2]

3. Any and all materials stating or referring to the physical and mental qualifications requirements for firefighters, including those for the positions occupied or expected to be occupied by Plaintiff Vanessa Coleman.

**Response:** The District objects to the extent that the Request is vague. In addition, the District objects to the extent that the Request is overly broad and unduly burdensome. Finally, the District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving the above objections *see* District's bates nos. DC_CM 000091 through 000110.

August 31, 2010 Supplemental Response: The District objects to the extent that the Request is vague in that it does not define "positions…expected to be occupied by Vanessa Coleman." In addition, the District objects to the extent that the Request is overly broad in that it requests all materials "*referring to*" the physical and mental qualifications for firefighters and that the request is not limited

---

[2] Subject to and without waiving additional objections regarding relevance, the District also notes that the Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983.

in time nor in scope as to the custodians of such files.  The District further objects that for the same reasons this request is unduly burdensome.

4.  All materials discussing and/or interpreting any of the requirements for fitness for duty and/or psychological evaluations described in 6 DCMR § 2049.

**Response:  The District objects to the extent that the Request is overly broad and unduly burdensome.  In addition, the District objects to the extent that the request seeks privileged information, irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.**

4a.  "For the period of January 1, 2006 through the present, please provide all materials to/from or received by the DC Office of the Attorney General, Office of Human Resources, and DC FEMS discussing and/or interpreting any of the requirements for fitness for duty and/or psychological evaluations described in 6 DCMR §2049."

**<u>August 31, 2010, Response</u>:  The District objects to the extent that the Request is overly broad in that it requests "all materials to/from or received by" three large agencies within the District of Columbia with hundreds of employees and that these requests are otherwise unlimited as to custodians or files.  The District further objects that for the same reasons this request is unduly burdensome.  Finally, the District objects to the extent that the request seeks privileged information, irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.**

5.  A true and correct copy of Plaintiffs official personnel file (OPF).

**Response:  The District objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See***

Exhibit F

D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Subject to and without waiving this objection, the District will produce Districts bates nos. DC_CM 000001 through 000090 once a Protective Order is entered by the Court.

**August 31, 2010 Supplemental Response**:  The District objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Subject to and without waiving this objection, *see* bates nos. DC_CM 000001 through 000090.

6.  A true and correct copy of Plaintiffs Company file.

**Response:**  The District objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Subject to and without waiving this objection, the District has requested information responsive to this Request and will supplement its response with any non-privileged responsive documents that exist.

7.  A true and correct copy of Plaintiffs Battalion file.

**Response:**  The District objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Subject to and without waiving this objection, the District responds that upon information and belief, no information responsive to this request exists.

Exhibit F

**August 31, 2010, Supplemental Response:**  **The District withdraws its prior response to this document request and responds as follows:  The District objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.**  *See* **D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   Subject to and without waiving this objection, the District has requested information responsive to this Request and will supplement its response with any non-privileged responsive documents that exist.**

8.   All materials referring or pertaining to the Plaintiffs position description for each position she held while employed.

**Response:  The District objects to the extent that the Request is overly broad and unduly burdensome.  In addition, the District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Subject to and without waiving the above objections, the District has requested information responsive to this Request and will supplement its response with any non-privileged responsive documents that exist.**

**August 31, 2010, Supplemental Response:  The District objects to the extent that the Request is overly broad in that it requests all materials "referring or pertaining to" the plaintiff's position description and that the request is not limited in time.  The District further objects that for the same reasons this request is unduly burdensome.   In addition, the District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the**

**discovery of relevant or admissible evidence. Subject to and without waiving the above objections, the District has requested information responsive to this Request and will supplement its response with any non-privileged responsive documents that exist.**

9. All email communications generated during the period March 1, 2008 through the present that refer or relate to Vanessa Coleman, including emails to, from, carbon-copied to or blind carbon-copied to the following individuals: Fire and EMS Chief Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz, Battalion Chief Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, General Counsel Marceline Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and FEMS Deputy General Counsel Thelma Chichester.

**Response: The District objects to the extent that the Request is overly broad and unduly burdensome. In addition, the District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence. Finally, the District objects that this request seeks information that is protected by work product, attorney client and deliberative process privileges. The District will supplement this response with any non-privileged, relevant, responsive documents that exist.**

**August 20, 2010 Supplemental Response: The District objects to the extent that the Request is overly broad and unduly burdensome. In addition, the District objects to the extent that the request seeks irrelevant information or information not**

reasonably calculated to lead to the discovery of relevant or admissible evidence.
Finally, the District objects that this request seeks information that is protected by
work product, attorney client and deliberative process privileges.   Subject to and
without waiving these objections, *see* District's bates nos. DC_CM 000228 through
000262, DC_CM 000264 through 000566, DC_CM 000732 through 000740, and
DC_CM 000742 through 000886, and the following ranges:

| | | | |
|---|---|---|---|
| DC_CM | 100013 | to | 100014 |
| DC_CM | 100016 | to | 100018 |
| DC_CM | 100020 | to | 100029 |
| DC_CM | 100065 | to | 100068 |
| DC_CM | 100097 | to | 100100 |
| DC_CM | 100103 | to | 100105 |
| DC_CM | 100118 | to | 100119 |
| DC_CM | 100143 | to | 100144 |
| DC_CM | 100241 | to | 100242 |
| DC_CM | 100266 | to | 100267 |
| DC_CM | 100145 | to | 100147 |
| DC_CM | 100220 | to | 100220 |
| DC_CM | 100221 | to | 100221 |
| DC_CM | 100222 | to | 100222 |
| DC_CM | 100285 | to | 100287 |

**August 31, 2010, Supplemental Response:**  The District objects to the extent
that the Request is overly broad in that it requests all materials "refer or relate to"
the plaintiff and that the request is unlimited as to the custodians of such files.
The District further objects to the extent that the Request is overly broad as it fails
to limit the scope of the request to topics relevant to plaintiff's claims.   The District
further objects that for these same reasons this request is unduly burdensome.   In
addition, the District objects to the extent that the request seeks irrelevant
information or information not reasonably calculated to lead to the discovery of

relevant or admissible evidence because it is not limited to topics relevant to

plaintiff's claims or to relevant defenses.  Finally, the District objects that this

request seeks information that is protected by work product, attorney client and

deliberative process privileges.   Subject to and without waiving these objections, *see*

District's bates nos. DC_CM 000228 through 000262, DC_CM 000264 through

000566, DC_CM 000732 through 000740, and DC_CM 000742 through 000886, and

the following ranges:

| | | | |
|---|---|---|---|
| DC_CM | 100013 | to | 100014 |
| DC_CM | 100016 | to | 100018 |
| DC_CM | 100020 | to | 100029 |
| DC_CM | 100065 | to | 100068 |
| DC_CM | 100097 | to | 100100 |
| DC_CM | 100103 | to | 100105 |
| DC_CM | 100118 | to | 100119 |
| DC_CM | 100143 | to | 100144 |
| DC_CM | 100241 | to | 100242 |
| DC_CM | 100266 | to | 100267 |
| DC_CM | 100145 | to | 100147 |
| DC_CM | 100220 | to | 100220 |
| DC_CM | 100221 | to | 100221 |
| DC_CM | 100222 | to | 100222 |
| DC_CM | 100285 | to | 100287 |

10.  All materials relating to communications between Assistant Attorney General

Charles Tucker and any employee or contractor, and/or contract employee of PFC

Associates.

**Response:  The District objects to the extent that the request seeks irrelevant**

**information or information not reasonably calculated to lead to the discovery of**

**relevant or admissible evidence.  The District also objects to the extent that the**

**Request is overly broad and unduly burdensome and to the extent it seeks work**

**product or information subject to attorney client privilege.  Subject to and without**

**waiving these objections, upon information and belief no information responsive to**

**this request exists.**

**August 31, 2010, Supplemental Response:  The District objects to the extent**

**that the Request is overly broad as it seeks materials for an unlimited time period.**

**The defendants further object that the request is overbroad as it seeks materials not**

**limited in scope to topics relevant to plaintiff's claims or relevant defenses.   The**

**defendants further object that the request is overbroad in that it requests all**

**materials "*relating to*" communication between Assistant Attorney General Charles**

**Tucker and any employee or contractor, and/or contract employee of PFC**

**Associates which makes the request unlimited as to the custodians of such files.**

**The District further objects to the extent that the request seeks irrelevant**

**information or information not reasonably calculated to lead to the discovery of**

**relevant or admissible evidence as it seeks information unrelated to plaintiff or her**

**claims in the instant litigation. The District also objects to the extent that the**

**Request seeks work product or information subject to attorney client privilege.**

**Subject to and without waiving these objections, upon information and belief no**

**information responsive to this request exists.**

11.  All materials referring or pertaining to any licenses or certifications held by or

training received by:

> a. Defendant Dennis Rubin;
>
> b. Defendant Brian Lee;
>
> c. Detria Lyles-Hutchinson;

d. John Lee (see, *e.g.,* Sec. Amend. Compl. Ps 14-16);

e. Mark Bloom;

f. Robert Shaefer;

g. Robert Kane;

h. Thelma Chichester;

i. Kevin Begley; and

j. PFC Medical Director Dr. Michelle Smith-Jefferies.

**Response:  The District also objects to the extent that the Request is overly broad and unduly burdensome.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   The District objects to this request as it seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.[3]**

**August 31, 2010, Supplemental Response:   The District also objects to the extent that the Request is overly broad in that it  requests all materials "*referring or pertaining to*" any licenses or certifications; the request is overly broad in that it is unlimited in time and in the  scope of the type of license information requested.  The request is overly broad in the personnel for whom such information is requested.  For these reasons, the request is unduly burdensome.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C.**

---

[3] Subject to and without waiving additional objections regarding relevance, the District also notes that the Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983.

Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   The District objects to this request as it seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence as it requests license information for an unrelated time period, concerning topics or licensing unrelated to plaintiff's claims or relevant defenses.[4]

12.  All materials referring or pertaining to the decision(s) to select Defendant Rubin for the position of Chief of FEMS.

**Response:  The District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  The District further objects to this request as it seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.[5]**

**August 31, 2010, Supplemental Response:  The District also objects to the extent that the Request is overly broad as it seeks all materials "*referring or pertaining to*" the decision to select Dennis Rubin for the position of Chief of FEMS. The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C.**

---

[4] Subject to and without waiving additional objections regarding relevance, the District also notes that the Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983.

[5] *See* note 3, *supra.*

Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113
(CDCR §§ 6-3112 and 6-3113 (2009)).  The District further objects to this request as
it seeks irrelevant information or information not reasonably calculated to lead to
the discovery of relevant or admissible evidence.[6]

13.  All materials referring or pertaining to the decision(s) to select Brian Lee to
serve as an Assistant Fire Chief.

**Response:  The District objects to the extent that it is overly broad and unduly
burdensome and to the extent the request seeks irrelevant information or
information not reasonably calculated to lead to the discovery of relevant or
admissible evidence.  The District further objects that personal information of its
employees is protected from disclosure on the grounds of security, and privacy
interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§
3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Subject to and without
waiving these objections, upon information and belief no information responsive to
this request exists.**

**August 31, 2010, Supplemental Response:  The District objects to the extent
that the Request is overly broad in that it requests all materials "referring or
pertaining to" the decision to select Brian Lee to serve as Assistant Fire Chief.   The
District further objects to the extent that the request is unduly burdensome and to
the extent the request seeks irrelevant information or information not reasonably
calculated to lead to the discovery of relevant or admissible evidence.  The District
further objects that personal information of its employees is protected from
disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-**

---

[6] *See* note 3, *supra.*

631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.

14. All materials referring or pertaining to the letter of decision/termination issued by Defendant Rubin to the Plaintiff.

**Response:  The District objects that this request seeks information that is protected by the attorney client privilege.  Subject to and without waiving this objection, the District will supplement this response with any non-privileged, relevant, responsive documents that exist.**

**<u>August 20, 2010 Supplemental Response:</u> The District objects that this request seeks information that is protected by the attorney client privilege.  Subject to and without waiving this objection,** *see* **District's bates nos. DC_CM 000887 through 000963.**

15. All materials referring or pertaining to communications between the any member of the Fire Trial Board that decided FEMS Case Nos. U-08-302, U-08-330, and U-09-46 and Defendant Rubin.

**Response:  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  Subject to and without waiving these objections, the District will supplement its response with any non-privileged responsive relevant information that may exist.**

**August 31, 2010, Supplemental Response:  The District objects to the extent that the Request is overly broad as it seeks materials for an unlimited time period. The defendants further object that the request is overbroad as it seeks materials not limited in scope of topics relevant to plaintiff's claims or relevant defenses.   The defendants further objects that the request is overbroad in that it requests all materials "referring and pertaining to" communications between the Fire Trial Board and Dennis Rubin** which makes the request unlimited as to the custodians of such files or communications.

**The District further objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence as it seeks information unrelated to plaintiff or her claims in the instant litigation. The District also objects to the extent that the Request seeks work product or information subject to attorney client privilege. Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.**

16. All materials referring or pertaining to communications between the any member of the Fire Trial Board that decided FEMS Case Nos. U-08-302, U-08-330, and U-09-46 and Defendant Lee.

**Response:  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  Subject to and without waiving**

these objections, the District will supplement its response with any non-privileged responsive, relevant information that may exist.

**August 31, 2010, Supplemental Response:  The District objects to the extent that the Request is overly broad as it seeks materials for an unlimited time period. The defendants further object that the request is overbroad as it seeks materials not limited in scope of topics relevant to plaintiff's claims or relevant defenses.   The defendants further object that the request is overbroad in that it requests all materials "referring and pertaining to" communications between the Fire Trial Board and Brian Lee** which makes the request unlimited as to the custodians of such files or communications.

**The District further objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence as it seeks information unrelated to plaintiff or her claims in the instant litigation. The District also objects to the extent that the Request seeks work product or information subject to attorney client privilege. Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.**

17. All materials referring or pertaining to the laws, rules, regulations, policies, guidelines, or other information that the Defendants believe gives them the authority to order a FEMS employee to undergo a fitness for duty evaluation or assessment and/or psychological and/or psychiatric assessment.

**Response:  The District objects to the extent that the Request is overly broad and unduly burdensome and seeks information subject to the attorney client or**

deliberative process privileges.  Subject to and without waiving this objection, *see*

District's bates nos. DC_CM 0000111 through 0000227.  The District will

supplement this response with additional non-privileged responsive documents that

may exist.

    **August 31, 2010, Supplemental Response**:  The District objects to the extent

that the Request is overly broad in that it requests all materials "*referring and*

*pertaining to*" the subject matter identified.  The District further objects that the

request is overbroad as is seeks all materials "referring or pertaining to" the subject

matter for an unlimited period of time and unlimited in scope as to the custodians of

any such documents.  For these reasons, the request is unduly burdensome.  Subject

to and without waiving this objection, *see* District's bates nos. DC_CM 0000111

through 0000227.  The District will supplement this response with additional non-

privileged responsive documents that may exist.

    18. All materials referring or pertaining to the laws, rules, regulations, policies,

guidelines, or other information that the Defendants believe gives them the authority to

discipline a FEMS employee who fails or refuses to undergo a fitness for duty evaluation

or assessment and/or psychological and/or psychiatric assessment.

    **Response:  The District objects to the extent that the Request is overly broad**

**and unduly burdensome and seeks information subject to the attorney client or**

**deliberative process privileges.  Subject to and without waiving these objections,** *see*

**District's bates nos. DC_CM 0000111 through 0000227.  The District will**

**supplement this response with additional non-privileged responsive documents that**

**may exist.**

**August 20, 2010 Supplemental Response:**  **The District objects to the extent that the Request is overly broad and unduly burdensome and seeks information subject to the attorney client or deliberative process privileges.  Subject to and without waiving these objections,** *see* **previously provided District's bates nos. DC_CM 0000111 through 0000227 and** *see* **District's bates nos. DC_CM 000964 through 001025.**

**August 31, 2010, Supplemental Response**:  **The District objects to the extent that the Request is overly broad in that it requests all materials "***referring and pertaining to***" the subject matter identified.  The District further objects that the request is overbroad as is seeks all materials "referring or pertaining to" the subject matter for an unlimited period of time and unlimited in scope as to the custodians of any such documents.  For these reasons, the request is unduly burdensome.  Subject to and without waiving this objection, s***ee*** District's bates nos. DC_CM 0000111 through 0000227.  The District will supplement this response with additional non-privileged responsive documents that may exist.**

19. All materials referring or pertaining to each and every basis supporting the claim or assertion of the First Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:**  *See* **Plaintiff's Second Amended Complaint for the allegations upon which the District bases its affirmative defense that Plaintiffs' complaint fails to state a claim for which relief should be granted.  The District further responds that its investigation of Plaintiff's claims and its defenses remains ongoing and it will**

supplement this response with any new or different non-privileged information that may exist.

     **August 20, 2010 Supplemental Response:**  *See* **Plaintiff's Second Amended Complaint for the allegations upon which the District bases its affirmative defense that Plaintiffs' complaint fails to state a claim for which relief should be granted. *See* District's bates nos. DC_CM 000679 through 000731 and District's bates nos. DC_CM 001026 through 001081.  The District further responds that its investigation of Plaintiff's claims and its defenses remains ongoing.**

     20. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Third Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

     **Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

     21. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Fourth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

     **Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

     22. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Fifth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

Exhibit F

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

23. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Sixth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

24. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Seventh Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

25. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Eighth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

26. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Ninth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

27. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Tenth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

28. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Eleventh Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

29. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Twelfth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

30. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Thirteenth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

31. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Fourteenth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

32. All materials referring or pertaining to each and every basis supporting the claim or assertion that the District is or may be entitled to any type of set-off as stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**<u>August 31, 2010 Supplemental Response:</u>  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

33. All materials addressing the following questions or issues:

(a) The date(s) when a litigation hold(s) or other evidence preservation request(s) or order(s) was issued in this case?

(b) To whom any litigation hold(s) or other evidence preservation request(s) or order(s) was issued in this case?

(c) What evidence, if any, was preserved as a consequence of any litigation hold(s) or other document preservation request(s) or order(s) that was issued in this case?

**Response:  The District objects that this request seeks information that is protected by attorney client and attorney work product privileges.**

34. All materials referring or pertaining to the deletion or destruction in any manner of any document, e-mail and/or electronic files after March 1,2008 that were created, received, or stored by Fire and EMS Chief Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz, Battalion Chief Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, FEMS General Counsel Marceline Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and/or FEMS Deputy General Counsel Thelma Chichester.

**Response:  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  The District further objects based on foundation to the extent the request presupposes the deletion or destruction of relevant material.**

**34a.**  With respect to Vanessa Coleman, 6 DCMR § 2049, the Mt. Pleasant Fire on

March 12, 2008, and the Coleman Fire Trial Board (including case no.s U-08-032, U-08-

330, and U-09-46) all materials referring or pertaining the deletion or destruction in any

manner of documents, e-mails and/or electronic files after March 1, 2008, that were

created, received, or stored by Fire and EMS Chief Dennis Rubin, Assistant Fire Chief

Brian Lee, Assistant Fire Chief Lawrence Schultz, Battalion Chief Robert Kane,

Battalion Chief Paul Schaefer, Battalion Chief Kevin Begley, Battalion Chief Mark

Bloom, Battalion Chief John Lee, Battalion Chief Joseph Deaton, Detria Lyles-

Hutchinson, FOIA Officer Tisa Smith, FEMS General Counsel Marceline Alexander,

Deputy General Counsel to the Mayor Runako Allsopp, and/or FEMS Deputy General

Counsel Thelma Chichester.

**August 31, 2010 Response:  The District objects to the extent that the Request

seeks irrelevant information or information not reasonably calculated to lead to the

discovery of relevant or admissible evidence.  The District also objects to the extent

that the Request is overly broad and unduly burdensome.  Subject to and without

waiving these objections, the District will supplement its response with any

responsive documents that may exist.**

35.  All materials pertaining or referring to the decision to assign or detail the

Plaintiff from Engine Company 21 to the FEMS Facilities Maintenance Building.

**Response:  The District will supplement its response with any responsive

documents that may exist.**

**August 20, 2010 Supplemental Response:**  *See* **District's bates no. DC_CM

000741.**

25

36.  For the period March 1, 2008 through October 1, 2009, please provide all materials wherein Plaintiff raised a complaint, concern, grievance, or made a disclosure pertaining or referring to any violation of law, regulation, policy, order book or standard.

**Response:  The District objects to the extent that the Request is vague.  The District further objects to the form of this Request, and that the terms "complaint, concern, grievance, and disclosure" are vague and ambiguous.  Subject to and without waiving these objections, the District will supplement its response with any responsive documents that may exist.**

**<u>August 20, 2010 Supplemental Response:</u>  The District objects to the extent that the Request is vague.  The District further objects to the form of this Request, and that the terms "complaint, concern, grievance, and disclosure" are vague and ambiguous.  Subject to and without waiving these objections, *see* District's bates nos. DC_CM 000567 through 000678.**

37. For the period March 1, 2008 through October 1, 2009, please provide an authentic copy of all materials created, generated, stored, or maintained by the FEMS Office of Compliance indicating every instance where the Plaintiff initiated or attempted to initiate charges or disciplinary actions.

**Response:  The District objects that this request seeks information that is protected by the attorney client privilege.  Subject to and without waiving this objection, the District will supplement its response with any responsive documents that may exist.**

38. All materials pertaining or referring to Plaintiff's communications (in any form) with the Mayor, D.C. City Council, Committee of the D.C. City Council, and/or person working for the D.C. City Council.

**Response:  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  Finally, the District objects that this request may seek information that is protected by attorney client or the deliberative process privilege.  Subject to and without waiving these objections, the District will supplement its response with any responsive documents that may exist.**

**August 31, 2010, Supplemental Response:  The District also objects to the extent that the Request is overly broad as it is unlimited in time, scope or topic. Further, the District objects that the request is overly broad in that it seeks "all materials _pertaining or referring to_ plaintiff's communications" and thus the subject matter and the custodians are while potentially unlimited unlikely to lead to the relevant evidence.   For these reasons, the request is unduly burdensome.  The District further objects to the extent that the Request seeks irrelevant information as the request is unlimited in topic or time period or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Finally, the District objects that this request may seek information that is protected by attorney client or the deliberative process privilege.  Subject to and without waiving these objections, the District will supplement its response with any responsive documents that may exist.**

Respectfully submitted,

PETER J. NICKLES
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/Erica Taylor McKinley
ERICA TAYLOR MCKINLEY [467884]
Chief, Section II
Civil Litigation Division

/s/ Juliane T. DeMarco
JULIANE T. DEMARCO [490872]
Assistant Attorney General
441 Fourth Street, N.W., Suite 650 North
Washington, D.C. 20001
(202) 741-0763
(202) 741-0575 (fax)
E-mail: Juliane.DeMarco@dc.gov

Attorneys for the District of Columbia

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing **Defendant's Supplemental**

**Responses and Objections to Plaintiff's First Request for Production** to be sent to

Plaintiff's counsel, via email on August 31, 2010, and via U.S. Mail on September 1,

2010:

      Richard E. Condit
      Government Accountability Project
      1612 K Street, NW, Suite 1100
      Washington, D.C.  20006

                                  **/s/ Juliane T. DeMarco**
                                    JULIANE T. DEMARCO
                                    **Assistant Attorney General**

# EXHIBIT  G

**G·A·P** GOVERNMENT·**ACCOUNTABILITY**·PROJECT

| 1612 K Street, NW, Suite 1100 | Tel. 202.457.0034 | Email:gapdc@whistleblower.org |
| Washington, D.C. 20006 | Fax  202.457.0059 | Website: www.whistleblower.org |

September 3, 2010

**VIA E-MAIL & FIRST CLASS MAIL**
Juliane T. DeMarco, Esq.
Office of the Attorney General for the District of Columbia
441 4th Street, NW
Suite 650, North
Washington, D.C. 20001

**RE:** *Vanessa Coleman v. District of Columbia*- **Civil Action No. 09-0050 (HHK)**

Dear Ms. DeMarco,

      This letter constitutes Plaintiff's attempt to informally resolve several issues with Defendant's privilege log. On August 20, 2010, Defendant produced a "Vaughn Index" in response to Plaintiff's June 16, 2010 Request for Production. Although a Vaughn Index is usually created in response to a FOIA request,[1] Plaintiff interprets this document as Defendant's attempt to satisfy the requirements of a privilege log. For the reasons stated below, this privilege log is unsatisfactory. For some documents, claims of attorney-client privilege are, on their face, incomplete and incorrect. Additionally, there are several examples where the information provided is simply insufficient to meet the standards of a privilege log. It is well-settled law that the party claiming the privilege bears the burden of proof. *See In re Lindsey* 158 F.3d 1263, 1270 (D.C. Cir. 1998). Plaintiff requests that Defendant turn over the following documents in Section "I ", below, that are clearly not privileged or for which no privilege is asserted. For the documents in Section "II", below with inadequate description, Plaintiff requests a full and proper explanation of the justification for withholding these documents under the standards of a privilege log.

    **I.**  **Where the Attorney-Client Privilege Has Not Been or Can Not be Asserted**

      **a.**  **Emails Without a Client**

      The email bate stamped DC_CM100093-DC_CM100095 is between Ms. Chichester (Deputy General Counsel for FEMS) and Mr. Witowski (her fellow attorney at the Office of Attorney General). As such, the sole privilege asserted for withholding this document, Attorney-Client Privilege, is completely without merit. The description for this document alleges that the email rendered legal advice, but to whom was this advice rendered? Was Chichester a client of

---

[1] *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973).

Mr. Witowski? Was Mr. Witowski representing a client with a similar interest? The asserted privilege fails to meet the basic requirements of the attorney-client privilege on its face.

Next, the following emails between the Deputy General Counsel for FEMS and members of the PFC fail to meet the requirements of Attorney Client Privilege. Simply put, Ms. Chichester is the attorney for FEMS, not the PFC and it's employees. The PFC provides a service to FEMS and the government, but PFC is a private entity controlled by a private corporation and its employees are not employees of FEMS or the D.C. government.  Please provide these unprivileged documents to the Plaintiff.

DC_CM100038                          DC_CM100039-DC_CM100041
DC_CM100152-DC_CM100153

### b.  Emails Sent to a 3rd Party

The email Bates-stamped DC_CM100264 was sent from an attorney to a client, however the inclusion of a third party waives the attorney-client privilege. While recipients Battalion Fire Chief Kevin Byrne and Assistant Fire Chief Brian Lee are high enough in the FEMS organization to represent the District and qualify as clients, Lieutenant Douglas Lord is not. By copying this individual, the attorney was effectively waiving the privilege for her client by removing the confidentiality requirement. As such, it does not appear that Lt. Lord was a "client" for the purpose of engaging in communications that would be subject to attorney-client privilege. Please provide legal justification for asserting attorney-client privilege without waiver. Additionally, the following emails were sent to an individual who may not be considered a "client" of an attorney in the communication, and unless further information is provided to the Plaintiff, they may be included in a future request for in camera inspection.

DC_CM100052-DC_CM100054      DC_CM100055-DC_CM100057
DC_CM100058                          DC_CM100059
DC_CM100080-DC_CM100081      DC_CM100084-DC_CM100085
DC_CM100136-DC_CM100140      DC_CM100265-DC_CM100267
DC_CM100283-DC_CM100284

### c.  "Intentional Gap" Documents

The following documents are accounted for solely with the words "Intentional Gap":

DC_CM100031-DC_CM100036      DC_CM100076-DC_CM100079
DC_CM100136-DC_CM100140      DC_CM100148
DC_CM100160-DC_CM100182      DC_CM100194-DC_CM100195
DC_CM100243                          DC_CM100247-DC_CM100249

These documents have no privilege asserted and have not been provided to the Plaintiff. Please turn over these documents immediately.

### d. Missing Documents

The following documents are not accounted for in Defendant's log. Simply put, the Bates ranges skip over these numbers. If these documents exist, no privilege has been asserted for them and they should be turned over to Plaintiff immediately:

DC_CM100129-DC_CM100131        DC_CM100144-DC_CM100148
DC_CM100210                    DC_CM100250

## II. <u>Documents with Insufficient Justification of Privilege</u>

### a. Emails Where There is No Attorney Present

The following documents were sent to and received by individuals who do not appear to be attorneys. Although the listed subject matter of the emails states that they "reflect" or refer to privileged communications,  there is insufficient information provided to Plaintiff to adequately differentiate between documents that should be privileged in their entirety and documents that should be redacted of privileged content. The attorney client privilege only protects communications made between clients and their attorneys where the communications are for the purpose of securing legal advice or services. Please provide an adequate explanation of why these documents or parts thereof should be privileged and turn over any documents where privileged information can be redacted.

DC_CM100030                    DC_CM100052-DC_CM100054
DC_CM100055-DC_CM100057        DC_CM100082-DC_CM100083
DC_CM100086-DC_CM100088

### b. Emails Where the Attorney is Only Carbon Copied

The following emails are sent from an employee of FEMS to another employee, with an attorney carbon copied into the email. While attorney-client privileged information may be contained within these emails, documents that can be redacted must be provided to Plaintiff. Additionally, the descriptions provided for many of these emails  indicate an utter lack of attorney-client privileged information. For example, document DC_CM100261 indicates that it is a "response to a confidential communication from agency employee providing information for purposes of seeking legal advice." This is a step too far removed from any attorney client communication and therefore beyond the scope of the attorney client privilege. Documents seeking legal advice sent to an attorney are privileged, but responses from non-attorneys to non-attorneys are not automatically privileged by the carbon copying of an attorney. Please review these documents for *content* which is not privileged attorney-client communication and turn over redacted copies immediately.

DC_CM100015-DC_CM100018        DC_CM100117-DC_CM100119
DC_CM100142-DC_CM100144        DC_CM100260
DC_CM100261                    DC_CM100265-DC_CM100267
DC_CM100265-DC_CM100267        DC_CM100283-DC_CM100284

### III. <u>Other Issues with the Log</u>

Finally, Plaintiff would like to point out two serious issues with "Defendant's Vaughn Index." First, Defendant's counsel drafted this log of eighteen pages with an entry repeated *twenty* times: DC_CM100224-DC_CM100238. The repetition created three additional pages in Defendants' privilege log, needlessly wasting the Plaintiff's time trying to determine the basis for such a submission. Second, Defendant's log contains a document cited in two entries: DC_CM100208. Please correct these issues in any revised version of a privilege log. In sum, Defendant's privilege log contains many errors both substantive and typographical, and Plaintiff requests a revised copy along with the above-referenced documents in order to move the discovery process forward.

Thank you for your attention to these matters.  If you have any additional questions, or would like to discuss these issues further, please do not hesitate to give us a call.  You may consider this letter Plaintiff attempt to resolve the referenced issues before bringing them to the attention of the Court.

Sincerely,

/s/ Richard E. Condit

_____
Richard E. Condit
GAP, Senior Counsel

/s/ Karen Gray

_____
Karen Gray
GAP, General Counsel

# EXHIBIT  H

**G·A·P** GOVERNMENT·ACCOUNTABILITY·PROJECT

| 1612 K Street, NW, Suite 1100 | Tel. 202.457.0034 | Email:gapdc@whistleblower.org |
| Washington, D.C. 20006 | Fax 202.457.0059 | Website: www.whistleblower.org |

September 17, 2010

**VIA E-MAIL & FIRST CLASS MAIL**
Juliane T. DeMarco, Esq.
Office of the Attorney General for the District of Columbia
441 4th Street, NW
Suite 650, North
Washington, D.C. 20001

RE:  **Vanessa Coleman v. District of Columbia- Civil Action No. 09-0050 (HHK)**

Dear Ms. DeMarco,

This letter constitutes Plaintiff's attempt to informally resolve several issues with Defendant District of Columbia's Responses and Objections to Plaintiff's First Request for Production, as amended and supplemented by Defendant on August 31, 2010.  Listed below are the responses that Plaintiff considers to be legally deficient.  Please respond with the requested documents and any valid objections by close of business, Friday, September 24, 2010.

I.  Where Defendant's Responses Are Incomplete

In its responses to nearly all Requests, if not to all of them, the District states that it objects "to the extent that the Request" is overly broad and unduly burdensome, or seeks confidential psychological or psychiatric information, or seeks irrelevant information, or is vague, or seeks personal information protected from disclosure on grounds of security and privacy interests.  These responses are inadequate and unacceptable in that they fail to inform Plaintiff whether the District in fact objects to the scope of the Request or whether the District is in fact withholding production pursuant to an objection.

Defendant's responses to Requests 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 and 32 are inadequate an unacceptable.  In response to these requests, Defendant has stated only "that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different non-privileged information that may exist."  When responding to a request for production of documents, the party on whom the request for production is served must either provide all responsive documents in its possession, custody or control that are not subject to withholding pursuant to a valid objection or claim of privilege.  *See* Fed. R. Civ. P. 34(a).  It is well established that "the term control is not defined as mere possession, but as the legal right to obtain such documents on demand."  Tequila Centinela, S.A. De C.V. v. Bacardi & Co. Ltd., 242, F.R.D. 1, 8 (D.D.C. 2007).  Thus, the party must provide all responsive documents that it actually possesses and all that it has the legal right to obtain on demand.  Please note that Plaintiff's First Request For Production was served on the District of Columbia.  Thus, a complete response will contain all responsive

documents in the possession, custody or control of the District of Columbia, and not merely those of which the Attorney General currently has possession or may at some future time discover through its own independent investigation. The Federal Rules do not contemplate, and Plaintiff does not consent to, gradual or rolling responses to requests for production. Responses to requests for production must be **timely** and **complete**. *See* Fed. R. civ. P. 34(b)(2)(A) (requiring response within 30 days after being served, or in accordance with the schedule set by the parties or stipulated by the court) *and* Fed. R. Civ. P. 37(a)(4) (requiring that an incomplete response be treated as a failure to respond.)

If no documents responsive to Requests 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 and 32 exist, the District should specify this. If the District objects to the request, it should state its objection and include its reasons for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). Defendant's "general objections" do not satisfy this obligation. *See* D.L. v. District of Columbia, et. al., 251 F.R.D. 38, 43 (D.D.C. 2008). Defendant's indication that it may, at some unspecified future time, obtain responsive documents through its own investigation, coupled with Defendant's mere restatement of its ongoing duty to supplement under Fed. R. Civ. P. 26(e), is inadequate and unacceptable.

In its response to Request 19, the District directs Plaintiff to her Second Amended Complaint, and to District Bates nos. DC_CM 000679 through 000731 and to District Bates nos. DC_CM 001026 through 001081. The District further notes that, as with Requests 20-32, its investigation into Plaintiff's claims and defenses remains ongoing. Plaintiff wishes to remind the District of its obligation to provide a complete and timely response to requests for production. If the District's noting of its ongoing investigation was in any way intended to indicate that its response did not contain all responsive documents in the possession, custody or control of the District as of August 20, 2010, Plaintiff demands that the District correct this inadequacy.

In its responses to Requests 3, 5, 9, 14, 17, 18 and 36, the District, after stating its objections, nonetheless provided responsive documents, the provision of which the District characterized as "subject to and without waiving" its objections. In its responses to Requests 6, 7 and 8, the District, after stating its objections, stated that "subject to and without waiving" its listed objections, "the District has requested information responsive to this Request and will supplement its response with any non-privileged documents that exist." In its responses to Requests 10, 13, 15 and 16, the District, after stating its objections, nonetheless stated that "subject to and without waiving these objections, upon information and belief no information responsive to this request exists." In its responses to Requests 34a, 37 and 38, the District, after stating its objections, nonetheless stated that "subject to and without waiving" its objections, it "will supplement its response with any responsive documents that may exists.

Inasmuch as the District has not already done so, as these responses indicate, Plaintiff demands that the District provide a **complete** response to these requests, by obtaining **all** responsive documents in the control, possession or custody of the District and producing those not subject to objection or privilege, as required by Fed. R. Civ. P. 34 and Fed. R. Civ. P. 37. Where an objection is claimed, the District should include in its response a clear statement of each objection, including the reasons for each. *See* Fed. R. Civ. P. 34(b)(2)(B). Where the District produces some responsive documents, but intends to withhold others subject to an objection, the District must specify which documents are being produced, and which are being withheld. *See* Thomas P. Athridge v. Aetna Casualty and Surety Co., 184 F.R.D. 181, 190 (D.D.C. 1998) ("Asserting a relevance objection, then proceeding to produce 'relevant, non-privileged' documents 'subject to and without waiving' that objection, serves only to obscure potentially discoverable information and provides no mechanism for either plaintiffs or the Court to review defendant's decisions."), *see also* Moore v. Napolitano, 2009 U.S. Dist. LEXIS 69319

at *14 ("When a responding party asserts a conclusory overbreadth or undue burden objection and then continues to produce documents in response to a request, the opposing party is left wondering what documents are being produced and what are being withheld.") (*citation and internal quotation marks omitted*).

## II.  Defendant's Objections to Requests for Production

In its responses to Requests 1, 2 and 34, the District states that it objects "to the extent that the Request is overly broad and unduly burdensome." Inasmuch as the District intended to indicate that it actually objects to these Requests on grounds that they are overly broad and unduly burdensome, its objections are inadequate, as they fail to include any reasons for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). Such "conclusory" objections are "insufficient," as they contain no information allowing the Plaintiff or a reviewing court "to ascertain why or how the request is burdensome" or overly broad. Athridge v. Aetna, 184 F.R.D. 181, 191. Even where the District has attempted to explain its overbreadth objections with more specificity and detail, as in the District's responses to Requests 3, 4, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 38, its explanations fall far short of meeting the District's burden. In most cases, the District simply restates the Request, and *speculates* that answering the request *might* require contacting a large number of its employees. "There is nothing in defendant's responses which [would permit a] Court to ascertain why or how the request is burdensome in order to make a ruling." Athridge, 184 F.R.D at 191. A party asserting an overbreadth objection "must show specifically" how a document request "is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." Id. (*quoting* Chubb Integrated Systems, 103 F.R.D. 52, 59-60). Nothing in the District's responses even begins to approach the "specific estimates of staff hours needed to comply" required by courts to sustain overbreadth objections. D.L. v. District of Columbia, 251 F.R.D. at 46 (*quoting* Assn. of American Physicians and Surgeons v. Clinton, 837 F.Supp. 454, 458 n.2 (D.D.C.1993)).

The District, in its responses to Requests 1 and 2, objects on grounds that each request "seek confidential psychological or psychiatric information regarding third parties not otherwise subject to public disclosure." This objection is unreasonable and invalid, as Plaintiff explained in its August 18, 2010 and August 25, 2010 letters and during our August 23, 2010 conference call with the District's counsel. Plaintiff, cognizant of possible privileges, does not seek and has not requested any communications between any persons and medical personnel. Rather, Plaintiff simply seeks, with the names of the employees subjected to the test redacted, documents regarding orders requiring or requesting that FEMS employees submit to psychological evaluation, documents containing information on the number of employees sent for those exams, and documents containing any reasons for the exam requests. Again, Plaintiff seeks such documents with names of the employees subjected to the tests and other identifying information redacted. For these same reasons, the District's objections "on the grounds of security and privacy interests" are also unreasonable and invalid. Plaintiff requests only materials, with names and other identifying information redacted, pertaining to orders or requests for FEMS employees to submit to psychological or psychiatric evaluations and the reasons for those orders, and materials pertaining to the number of individuals referred for such evaluations and the circumstances under which those individuals were referred for those exams. Plaintiff does not seek, and has not requested any "medical information" or "testing and examination materials" that might be protected under CDCR §§ 6-3112 and 6-3113. Plaintiff demands that the District provide complete responses to these requests.

The District similarly objected to Requests 11, 12 and 13 on grounds of security and privacy

interests, and provided citations to the D.C. Code and D.C. Personnel Regulations.  Plaintiff reiterates that these requests, for materials pertaining to licenses, certifications, and decisions to select Defendants Rubin and Lee for their positions, do not fall under the classification of "personnel records" protected by D.C. Code § 1-631.01, nor do they qualify as medical records protected by sections 3112 or 3113 of the D.C. Personnel Regulations.  Plaintiff demands that the District provide complete responses to these requests.

In its responses to Requests 1, 2, 3, 8, 9, 10, 11, 12, 34 and 38, the District states that it objects to the request as seeking information that is not relevant.  In response to Requests 4, 13, 15, 16, the District states that it objects "to the extent that" the requests seek information that is not relevant. Plaintiff has fully explained the relevance of these Requests to the District through its August 18, 2010 and August 25, 2010 letters and August 23, 2010 conference with counsel for the District, and stands by its explanations given therein.

We look forward to the District's complete compliance with its discovery obligations.  Failing that, Plaintiff will submit the issues that have not been resolved to the Court in a Motion to Compel.

Sincerely

Richard E. Condit
Senior Counsel (Ext. 142)

Karen Gray
General Counsel (Ext. 122)

Counsel for Plaintiff Vanessa Coleman

# EXHIBIT  I

Exhibit 1                                                      Page 1

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## Office of the Attorney General

**Civil Litigation Division**
**General Litigation Section Two**



## VIA EMAIL (without attachments) AND US MAIL

October 15, 2010

Richard Condit
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, D.C. 20006

Re:  *Coleman v. DC, et al.,* 09-0050 (HHK)

Dear Mr. Condit:

I write on behalf of Defendants District of Columbia in response to plaintiff's September 3, 2010, letter and September 17, 2010, regarding plaintiff's perceived issues with the defendants' privilege log and document production.

Plaintiff's September 3, 2010, letter contests the privilege assertion over the document bates stamped DC_CM100093-100095.  As reflected in the original privilege log, the document this document between T. Chichester and W. Witowski represents an attorney client communication, we have also updated the attached log to reflect the work product privilege.  The District stands by its privilege assertion with respect to this document.  The agency, D.C. FEMS, is the client.  Ms. Chichester's consultation with a fellow attorney of the District of Columbia is in connection with the provision of legal advice to the client agency.

Plaintiff's September 3, 2010, letter wrongfully characterizes internal D.C. FEMS emails as "emails sent to a third party."  Plaintiff's related contention that certain members of the DC FEMS are "high enough in the FEMS organization to represent the District and qualify as clients" which others or not is likewise, wholly unsupported and contrary to existing law. *See, e.g., Evans v. Atwood,* 177 F.R.D. 1, 5-6 (D.D.C. 1997) (citing *Upjohn Co. v. US,* 449 U.S. 383 (1981).

Additionally, the Police and Fire Clinic is a business associate of the District of Columbia and D.C. FEMS.  Contrary to plaintiff's assertions, nothing inherent to this relationship precludes the preservation of confidentiality and/or attorney client privilege.  The D.C. Circuit Court of Appeals "has rejected an interpretation of the privilege that makes its application a direct function of whether the person providing or receiving the information to or from counsel is

employed by the corporation." *See Trs. of the Elec. Workers Local No. 26 Pension Trust Fund v. Trust Advisors Fund,* 266 F.R.D. 1, 8 (D.D.C. 2010) *citing Fed. Trade Comm'n v. GlaxoSmithKline,* 294 F.3d 141, 147-48, (D.C. Cir. 2002).   Thus, while we have revisited our privilege assertions for some of these documents, and produce some with this letter, we stand by our assertion that information shared with or received by Police and Fire Clinic Associates can be and in some circumstances is subject to privilege.

Plaintiff's September 3, 2010, letter seeks documents for several bates ranges identified as "intentional gap" on the District's privilege log.  However, these ranges represent an intentional gap in the sequence of numbers applied to bates stamp the documents.  Thus, we will not be producing or logging any documents with numbers in these intentional gaps.

Plaintiff's September 3, 2010, letter identifies the following bates ranges as "missing documents:"  DC CM100129 to DC CM100131;  DC CM100144 to DC CM100148;  DC CM100210 and  DC CM100250.  The District's response to each of these bates ranges is addressed below:

DC CM100129 to DC CM100131: This bates range should have been included as "intentional gap."  The revised log included with this letter reflects the same.

DC CM100144 to DC CM100148:  Within this bates range document bates numbered DC_CM100144 is part of a bates range DC_CM100143 to 100144 identified in our original privilege log as a non-privileged attachment.  This was inadvertently left out of out August 31, 2010, production.  A copy is enclosed with this letter.  Also within this bates range document bates numbered DC_CM100145 to 100147 was included with our August 31, 2010 production, for plaintiff's convenience we have included a copy with today's production.  DC_CM100148 was identified on our original privilege log as "intentional gap."

DC CM100210: This document is identified and accounted for on the original privilege log submitted with our August 31 production as part of bates range DC_CM1000209 to 1000210.

DC CM100250: This bates range should have been included as part of a range identified on the original privilege log DC_CM100247 to 100249.  The correct bates range DC_CM100247 to 100250 is indicated on the revised privilege log included with this letter.

Plaintiff's September 3, 2010, letter identifies several other categories which are not addressed above, plaintiff identifies these documents as "emails sent to a third party," in Section I.a.; "emails where there is no attorney present" in Section II.a.; "emails where an attorney is only carbon copied" in Section II.b.  While the District respectfully disagrees with Plaintiff's characterizations of these emails, in order to resolve discovery disputes, we have revisited our privilege assertions with respect the documents identified by plaintiffs.  We have withdrawn or revised our privilege assertions for the below documents.  The revised privilege log reflects the same and the documents are produced with this letter.

| | |
|---|---|
| DC_CM100015-DC_CM100018 | Produced in redacted form October 15, 2010. |
| DC_CM100030[1] | Produced in redacted form October 15, 2010. |
| DC_CM100038 | Produced October 15, 2010. |
| DC_CM100039-DC_CM100041 | Produced in redacted form October 15, 2010. |
| DC_CM100042-DC_CM100046 | Produced in redacted form October 15, 2010. |
| DC_CM100052-DC_CM100054 | Produced in redacted form October 15, 2010. |
| DC_CM100055-DC_CM100057 | Produced in redacted form October 15, 2010. |
| DC_CM100058-DC_CM100058 | Produced October 15, 2010. |
| DC_CM100059-DC_CM100059 | Produced October 15, 2010. |
| DC_CM100080-DC_CM100081 | Produced in redacted form October 15, 2010. |
| DC_CM100082-DC_CM100083 | Produced in redacted form October 15, 2010. |
| DC_CM100084-DC_CM100085 | Produced in redacted form October 15, 2010. |
| DC_CM100086-DC_CM100088 | Produced in redacted form October 15, 2010. |
| DC_CM100089-DC_CM100092 | Produced in redacted form October 15, 2010. |
| DC_CM100117-DC_CM100119 | Produced October 15, 2010. |
| DC_CM100136-DC_CM100140 | Identified on the District's 8/20/10 log as an intentional gap. |
| DC_CM100142-DC_CM100144 | Produced October 15, 2010. |
| DC_CM100152- DC_CM100153 | Produced October 15, 2010. |
| DC_CM100260-DC_CM100260 | Produced October 15, 2010. |
| DC_CM100261-DC_CM100261 | Produced October 15, 2010. |
| DC_CM100262-DC_CM100262 | Produced in redacted form October 15, 2010. |
| DC_CM100265-DC_CM100267 | Produced in redacted form October 15, 2010. |
| DC_CM100283-DC_CM100284 | Produced in redacted form October 15, 2010. |

Finally with regard to the privilege log, I have updated the attached log to eliminate any duplicative or repetitive entries.

In response to Plaintiff's September 17, 2010, letter the District acknowledges that although its production is substantially complete, some responses to plaintiff's document requests remaining outstanding. In order to provide complete discovery to plaintiff, the District has requested additional searches for responsive documents. Despite good faith and best efforts, these searches are not yet complete. We intend to make a supplemental production within the next week, by Friday October 22, 2010. Because the additional electronic searches requested

---

[1] Please note that document bates numbered DC_CM100030 contains two redactions. The redaction identified on the document as "Redacted – Privileged" is included on the District's privilege log. The other redaction is identified simply as "redacted; " this redaction is necessary solely to exclude material relevant to the document collection process in connection with this litigation and does not include redaction of substantive information. We do not intend to include this redaction as an entry on our privilege log.

take some time, we may have an additional production shortly thereafter.  At this time we are unable to precisely indicate when as we unable to determine the date the results of the searches will be complete or the volume of the results needed to be reviewed.

In addition, the District respectfully stands by its objections as stated in its previous document productions as well the additional explanations provided in the District's August 31, 2010, letter in response to plaintiff's letters.   The District's objections are made with specificity and put plaintiff on clear notice of the categories of document to which the District objects.

Respectfully,

PETER J. NICKLES
Attorney General for the District of Columbia

BY:

/s/  Juliane T. DeMarco
BY: JULIANE T DEMARCO
Assistant Attorney General

Exhibit
*Coleman v. D.C. et al.*, 09-0050 (HHK)
Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM000263-DC_CM000263 | 12/2/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Liles-Hutchinson, Detria (FEMS) | Grambo, Geoffrey (FEMS) | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100001 | 7/16/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential request for legal advice from agency employee to agency counsel concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100002 | 7/5/2008 | Email | Schultz, Lawrence (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS); Hutchinson, Detria (FEMS); Bloom, Mark (FEMS) | Reilley, Michael (FEMS) | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100003 | 7/5/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS)Hutchinson, Detria (FEMS); | | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100004-DC_CM100014 (100007-100014)*NP | 7/2/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS)Hutchinson, Detria (FEMS); | | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100015-DC_CM100018 (100016-100018)*NP | 2/11/2009 | Email | Lee, Brian (FEMS) | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS) | Redaction of email reflecting request for legal advice of agency counsel (T. Chichester) and communication of confidential information provided in the connection with the same concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100019-DC_CM100029 (100020-100029)*NP | 7/16/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Hutchinson, Detria (FEMS); | | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

1

Exhibit

*Coleman v. D.C. et al.*, 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100030 | 7/16/2008 | Email | Lee, Brian (FEMS) | Rubin, Dennis (FEMS); Schultz, Lawrence (FEMS) | None | Redaction of email reflecting request for legal advice of agency counsel (T. Chichester) and communication of confidential information provided in the connection with the same concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100031-DC_CM100036 | | | Intentional Gap | | | | |
| DC_CM100037 | 3/30/2009 | Email | Chichester, Thelma (FEMS) | Smith-Jeffries, Michelle (PFC) | None | Response to confidential communication from client's agent to agency counsel concerning request for information concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100038 | Produced October 15, 2010. | | | | | | |
| DC_CM100039-DC_CM100041 | 2/19/2009 | Email | Begley, Kevin (FEMS) | Lee, Brian (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee to agency counsel for purpose of seeking legal advice related to Vanessa Coleman's fitness for duty examination and reflecting legal advice rendered concerning the same | Attorney-Client Privilege (redacted) |
| DC_CM100042-DC_CM100046 | 3/10/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | (DC_CM100042) Redaction of confidential communication requesting legal advice related to Vanessa Coleman's fitness for duty examination (DC_CM100044)Redaction of confidential communication from agency employee to agency counsel for purpose of seeking legal advice related to Vanessa Coleman's fitness for duty examination and reflecting legal advice rendered concerning the same | Attorney-Client Privilege |
| DC_CM100047-DC_CM100051 | 3/10/2009 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential communication from agency counsel seeking information for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit 1
*Coleman v. D.C. et al*., 09-0050 (HHK)
Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100052-DC_CM100054 | 3/10/2009 | Email | Deaton, Joseph (FEMS) | Lee, Brian (FEMS); Begley, Kevin (FEMS); Gretz, Raymond (FEMS) | None | Redaction of communication from agency employee reflecting legal advice from agency counsel regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100055-DC_CM100057 | 1/2/2009 | Email | Lee, Brian (FEMS) | Lee, Brian (FEMS); Begley, Kevin (FEMS); Gretz, Raymond (FEMS) | None | Redaction of communication from agency employee reflecting legal advice from agency counsel regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100058-DC_CM100058 | Produced October 15, 2010. | | | | | | |
| DC_CM100059-DC_CM100059 | Produced October 15, 2010. | | | | | | |
| DC_CM100060-DC_CM100061 | 12/3/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel reflecting legal advice of agency counsel regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100062-DC_CM100063 | 12/3/2008 | Email | Alexander, Marceline (FEMS) | Chichester, Thelma (FEMS); Begley, Kevin (FEMS); Lee, Brian (FEMS) | None | Confidential communication of legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100064-DC_CM100068 (100065-100068)*NP | 8/1/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100069-DC_CM100069 | 9/4/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100070-DC_CM100071 | 9/5/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee responding to agency counsel's legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit

*Coleman v. D.C. et al.*, 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100072-DC_CM100073 | 9/5/2008 | Email | Chichester, Thelma (FEMS) | Deaton, Joseph (FEMS) | None | Confidential communication of agency counsel's legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100074-DC_CM100074 | 8/1/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential communication of legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100075-DC_CM100075 | 8/1/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100076-DC_CM100079 | | | Intentional Gap | | | | |
| DC_CM100080-DC_CM100081 | 5/22/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Atterbeary, Vanessa (OAG) | Smith-Jeffries, Michelle (PFC) | Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100082-DC_CM100083 | 5/22/2009 | Email | Lee, Brian (FEMS) | Flint, William (FEMS) | None | Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100084-DC_CM100085 | 5/22/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Atterbeary, Vanessa (OAG) | Smith-Jeffries, Michelle (PFC) | (DCCM_100084(1)) Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman(DCCM_100084(2))Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |

Exhibit
*Coleman v. D.C. et al.*, 09-0050 (HHK)
Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100086-DC_CM100088 | 5/22/2009 | Email | Smith-Jeffries, Michelle (PFC) | Lee, Brian (FEMS) | Begley, Kevin (FEMS); Qaunder, Paul (MPD); Thronson, Steve | (DCCM_100086) Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman (DCCM_100086-087)Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100089-DC_CM100092 | 5/22/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Atterbeary, Vanessa (OAG) | | (DCCM_100089(1)) Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman. (DCCM_100089(2)) Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman. (DCCM_100089-090)Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman. | Attorney-Client Privilege |
| DC_CM100093-DC_CM100095 | ######## | Email | Witowski, Wayne (OAG) | Chichester, Thelma (FEMS) | none | Confidential communication rendering legal advice relating to outside attorney communication with agency officials | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

5

Exhibit

*Coleman v. D.C. et al.*, 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100096-DC_CM1000100 (100097-100100)*NP | 8/1/2008 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Lee, Brian (FEMS); Jeffrey, Alfred III (FEMS) | None | Confidential communication from agency employee to agency counsel providing information pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman's fitness for duty examination. | Attorney-Client Privilege |
| DC_CM100101-DC_CM100101 | 8/1/2008 | Email | Lee, Brian (FEMS) | Begley, Kevin (FEMS); Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice concerning personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100102-DC_CM100105 (100103-100105)*NP | 8/7/2008 | Email | Lee, Brian (FEMS) | Alexander, Marceline (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice concerning personnel matters related to Vanessa Coleman's preservation request | Attorney-Client Privilege |
| DC_CM100106-DC_CM100107 | 8/7/2008 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100108-DC_CM100109 | 8/7/2008 | Email | Alexander, Marceline (FEMS) | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS) | Confidential communication from agency counsel requesting information relevant to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |
| DC_CM100110-DC_CM100111 | 8/7/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | Alexander, Marceline | Confidential communication from agency employee requesting legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

6

Exhibit 7

*Coleman v. D.C. et al.*, 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100112-DC_CM100114 (100113-100114)*NP | 8/8/2008 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS); Alexander, Marceline (FEMS) | none | Confidential communication from agency employee in response to request from counsel for information to render legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100115-DC_CM100116 | 8/8/2008 | Email | Chichester, Thelma (FEMS) | Liles Hutchinson, Detria (FEMS) | None | Forward of confidential communication reflecting request for legal advice related to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |
| DC_CM100117-DC_CM100119 (100118-100119)*NP | Produced October 15, 2010. | | | | | | |
| DC_CM100120-DC_CM100121 | Produced October 15, 2010. | | | | | | |
| DC_CM100122-DC_CM100122 | 2/19/2009 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee to agency counsel for purpose of seeking legal advice and reflecting advice rendered concerning matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100122-DC_CM100123 | 2/19/2009 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee to agency counsel for purpose of seeking legal advice related to Vanessa Coleman's fitness for duty examination and reflecting legal advice rendered concerning the same | Attorney-Client Privilege |
| DC_CM100124-DC_CM100125 | 2/19/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Begley, Kevin (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice and providing information for same for purpose of seeking legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit

*Coleman v. D.C. et al.*, 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100126-DC_CM100128 | 2/19/2009 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential communication reflecting legal advice related to Vanessa Coleman's fitness for duty examination and request for advice concerning the same. | Attorney-Client Privilege; Work Product |
| DC_CM100129-DC_CM100131 | | | Intentional Gap | | | | |
| DC_CM100132-DC_CM100132 | 9/4/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100133-DC_CM100133 | 9/4/2008 | Email | Chichester, Thelma (FEMS) | Deaton, Joseph (FEMS) | None | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100134-DC_CM100135 | 9/5/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100136-DC_CM100140 | | | Intentional Gap | | | | |
| DC_CM100141-DC_CM100141 | 12/3/2008 | Email | Begley, Kevin (FEMS) | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Liles Hutchinson, Detria (FEMS) | Confidential communication from agency employee for purpose of seeking legal advice regarding personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100142-DC_CM100144 (100143-100144)*NP | Produced October 15, 2010. | | | | | | |
| DC_CM100148-DC_CM100148 | | | Intentional Gap | | | | |
| DC_CM100149-DC_CM100150 | 12/3/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Response to confidential communication from agency employee requesting legal advice regarding personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit

*Coleman v. D.C. et al.*, 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100151-DC_CM100151 | 8/8/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS); Alexander, Marceline (FEMS); Begley, Keven (FEMS) | None | Confidential communication rendering legal advice and reflecting counsel's impressions pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |
| DC_CM100152-DC_CM100153 | Produced October 15, 2010. | | | | | | |
| DC_CM100154-DC_CM100155 | 9/1/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Byrne, Kevin (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's personnel matters including the fit for duty examination | Attorney-Client Privilege |
| DC_CM100156-DC_CM100157 | 9/1/2009 | Email | Chichester, Thelma (FEMS); | Byrne, Kevin (FEMS) | Lee, Brian (FEMS) | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100158-DC_CM100159 | 8/25/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); | None | Confidential communication from agency employee for purpose of seeking legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100160-DC_CM100182 | | | Intentional Gap | | | | |
| DC_CM100183-DC_CM100186 | 5/29/2009 | Email | Chichester, Thelma (FEMS); | Byrne, Kevin (FEMS) | None | Confidential communication rendering legal advice in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100187-DC_CM100189 | 5/29/2009 | Email | Byrne, Kevin (FEMS) | Tucker, Charles (OAG) | Lee, Brian (FEMS) | Confidential communication from agency employee reflecting legal advice rendered in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100190-DC_CM100191 | 5/28/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS) | None | Confidential communication rendering legal advice and reflecting counsel's mental impressions in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit 1

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100192-DC_CM100193 | 5/29/2009 | Email | Byrne, Kevin (FEMS) | Chichester, Thelma (FEMS); Lee, Brian | None | Confidential communication from agency employee providing information for purposes of seeking legal advice in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege |
| DC_CM100194-DC_CM100195 | | | Intentional Gap | | | | |
| DC_CM100196-DC_CM100196 | 6/23/2009 | Email | Chichester, Thelma (FEMS) | Tucker, Charles (OAG) | None | Confidential communication from agency counsel to counsel representing agency in Trial Board Hearing seeking legal advice and reflecting counsel's mental impressions in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100197-DC_CM100197 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from counsel representing agency in Trial Board Hearing to agency counsel seeking information for purpose of providing legal advice in connection with V. Coleman's Fire Trial Board Hearing and reflecting counsel's mental impressions | Attorney-Client Privilege; Work Product |
| DC_CM100198-DC_CM100198 | 6/23/2009 | Email | Chichester, Thelma (FEMS) | Tucker, Charles (OAG) | None | Confidential communication from agency counsel to counsel representing agency in Trial Board Hearing providing information for purpose of seeking legal advice in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100199-DC_CM100200 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from counsel representing agency in Trial Board Hearing to agency counsel providing legal advice in connection with V. Coleman's Fire Trial Board Hearing and reflecting counsel's mental impressions | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100201-DC_CM100202 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from counsel representing agency in Trial Board Hearing to agency counsel providing legal advice in connection with V. Coleman's Fire Trial Board Hearing and reflecting counsel's mental impressions | Attorney-Client Privilege; Work Product |
| DC_CM100203-DC_CM100204 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from counsel representing agency in Trial Board Hearing to agency counsel providing legal advice in connection with V. Coleman's Fire Trial Board Hearing and reflecting counsel's mental impressions | Attorney-Client Privilege; Work Product |
| DC_CM100205-DC_CM100206 | 6/23/2009 | Email | Chichester, Thelma (FEMS) | Tucker, Charles (OAG) | None | Confidential communication from agency counsel to counsel representing agency in Trial Board Hearing providing information for purpose of seeking legal advice in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100207-DC_CM100208 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from counsel representing agency in Trial Board Hearing to agency counsel reflecting counsel's mental impressions in connection with V. Coleman's Fire Trial Board Hearing and | Attorney-Client Privilege; Work Product |
| DC_CM100209-DC_CM100210 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from counsel representing agency in Trial Board Hearing to agency counsel reflecting counsel's mental impressions in connection with V. Coleman's Fire Trial Board Hearing and | Attorney-Client Privilege; Work Product |
| DC_CM100211-DC_CM100214 | 8/19/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

11

Exhibit

*Coleman v. D.C. et al.*, 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100215-DC_CM100218 | 8/19/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege; Work Product |
| DC_CM100219-DC_CM100219 | 8/19/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100220-DC_CM100220 | 8/20/2009 | Email | Lee, Brian (FEMS) | Scott, Deborah (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100221-DC_CM100221 | 8/20/2009 | Email | Lee, Brian (FEMS) | Scott, Deborah (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100222-DC_CM100222 | 8/20/2009 | Email | Lee, Brian (FEMS) | Scott, Deborah (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100223-DC_CM100223 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Begley, Kevin (FEMS) | None | Forward of confidential communication from agency employee provided to agency counsel for purpose of rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

12

Exhibit C

*Coleman v. D.C. et al.*, 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100239-DC_CM100239 | 9/2/2009 | Email | Chichester, Thelma (FEMS) | Scott, Deborah (FEMS) | None | Confidential communication from agency counsel rendering legal advice and request for the same  regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100240-DC_CM100242 (100241-100242)*NP | 9/2/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential information for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100243-DC_CM100243 | | | Intentional Gap | | | | |
| DC_CM100244-DC_CM100245 | 8/20/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege |
| DC_CM100246-DC_CM100246 | 8/20/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Scott, Deborah (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege |
| DC_CM100247-DC_CM100250 | | | Intentional Gap | | | | |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit 1

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100251-DC_CM100252 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Scott, Deborah (FEMS) | None | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100253-DC_CM100254 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100255-DC_CM100256 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS) | Lee, Brian (FEMS) | Confidential communication from agency counsel rendering legal advice and seeking information for purposes of rendering further advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100257-DC_CM100258 | 9/1/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Byrne, Kevin (FEMS) | None | Confidential communication from agency employee providing  information for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100259-DC_CM100259 | 9/2/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100260-DC_CM100260 | Produced October 15, 2010. | | | | | | |
| DC_CM100261-DC_CM100261 | Produced October 15, 2010. | | | | | | |
| DC_CM100262-DC_CM100262 | 9/2/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS) | | Redaction of confidential communication from agency counsel seeking information for purposes of rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

14

Exhibit

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|----------|------|------|-----------|--------------|--------|----------------|-----------|
| DC_CM100263-DC_CM100263 | 9/2/2009 | Email | Byrne, Kevin (FEMS) | Chichester, Thelma (FEMS) | | Confidential communication from agency employee for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100264-DC_CM100264 | 9/2/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS); Lee, Brian (FEMS) | Lord, Douglas (FEMS); Begley, Kevin (FEMS) | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and reflecting counsel's mental impressions. | Attorney-Client Privilege; Work Product |
| DC_CM100265-DC_CM100267 (100266-100267)*NP | 10/2/2009 | Email | Byrne, Kevin (FEMS) | Ealey-Tate, Carmen (FEMS) | Lord, Douglas (FEMS); Lee, Brian (FEMS); Chichester, Thelma (FEMS) | Redaction of legal advice from agency counsel regarding personnel matters related to Vanessa Coleman's Trial Board Decision and reflecting counsel's mental impressions. | Attorney-Client Privilege; Work Product |
| DC_CM100268-DC_CM100282 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Begley, Kevin (FEMS) | None | Forward of confidential communication from agency  employee provided to agency counsel for purpose of rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100283-DC_CM100284 | 10/2/2009 | Email | Lee, Brian (FEMS); | Ealey-Tate, Carmen (FEMS) | Lord, Douglas (FEMS); Chichester, Thelma (FEMS) | (DC_CM100283(2))Redaction pof confidential communication of agency employee in connection with procurement of legal advice from agency counsel regarding personnel matters related to Vanessa Coleman's Trial Board Decision. (DC_CM100283(2))Redaction of legal advice from agency counsel regarding personnel matters related to Vanessa Coleman's Trial Board Decision and reflecting counsel's mental impressions. | Attorney-Client Privilege; Work Product |
| DC_CM100038-DC_CM100038 | 8/4/2010 | Memo | Ferguson, Stephanie (OAG); Latttimore, Phillip (OAG | DeMarco, Juliane (OAG) | None | Confidential communication agency counsel providing information in response to request for same in anticipation of litigation concerning Vanessa Coleman | Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

# EXHIBIT  J

Exhibit J

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### Office of the Attorney General

**Civil Litigation Division**
**General Litigation Section Two**



<u>**VIA EMAIL AND US MAIL**</u>

October 22, 2010

Richard Condit
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, D.C.  20006

     **Re:  *Coleman  v. DC, et al.,*  09-0050 (HHK)**

Dear Mr. Condit:

Pursuant to Rule 26(e), please find attached a supplemental production of documents with a Bates range from DC_CM001082 to DC_CM001136 and DC_CM100285 to DC_CM100286. These documents are responsive to Plaintiff's First Set of Request for Production of Documents, Request No. 37.  These documents are produced subject to and without waiving any prior objections.  Also attached hereto is an addendum to the District's privilege log.

               Respectfully,

               PETER J. NICKLES
               Attorney General for the District of Columbia

               BY:

               <u>**/s/  Juliane T. DeMarco**</u>
               BY: JULIANE T DEMARCO
               Assistant Attorney General

Exhibit J

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, Addendum October 22, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|----------|------|------|-----------|--------------|--------|----------------|-----------|
| DC_CM100285-DC_CM100286 | 7/16/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Hutchinson, Detria (FEMS); | None | Redaction of confidential communication of agency employee to agency counsel in connection with request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |

# EXHIBIT  K

**G·A·P** GOVERNMENT·**ACCOUNTABILITY**·PROJECT

| 1612 K Street, NW, Suite 1100 | Tel. 202.457.0034 | Email:gapdc@whistleblower.org |
| Washington, D.C. 20006 | Fax  202.457.0059 | Website: www.whistleblower.org |

November 15, 2010

**VIA E-MAIL & FIRST CLASS MAIL**
Juliane T. DeMarco, Esq.
Office of the Attorney General for the District of Columbia
441 4th Street, NW
Suite 650, North
Washington, D.C. 20001

### RE:  Vanessa Coleman v. District of Columbia- Civil Action No. 09-0050 (HHK)

Dear Ms. DeMarco,

This letter constitutes Plaintiff's final attempt to informally set forth in writing outstanding issues with Defendant District of Columbia's Responses and Objections to Plaintiff's First Request for Production, as amended and supplemented by Defendant on August 31, 2010, October 15, 2010 and October 22, 2010.  Listed below are the responses that Plaintiff considers to be legally deficient. Pursuant to Local Rule 7(m), Plaintiff requests to confer with counsel for Defendant via telephone by before the end of this month, after which Plaintiff will submit any unresolved issues to the Court for resolution.

#### I.  Outstanding Issues Concerning Defendant's Privilege Claims

On August 20, 2010, Defendant produced a "Vaughn Index" in response to Plaintiff's June 16, 2010 Request for Production.  Plaintiff views this document as Defendant's attempt to satisfy the requirement that a party objecting to production on the basis of attorney-client or work-product privilege produce a privilege log setting forth facts sufficient to establish applicability of the claimed privilege.  As discussed in Plaintiff's September 3, 2010 letter, and reiterated herein, Defendant's claims of attorney-client privilege with respect to many withheld documents are without basis.  With respect to several documents, Defendant has failed to assert facts sufficient to establish applicability of the attorney-client privilege.  Finally, Plaintiff has reviewed those documents produced by Defendant prior to the Trial Board hearing in this matter, and found that Defendant there produced, in full, several documents that Defendant now seeks to withhold pursuant to its attorney-client privilege claims.  As such, Defendant has waived the privilege with respect to these previously disclosed communications, and with respect to all communications related to the subject matter of those previously disclosed communications.

*a.)  Where Defendant has waived the privilege by prior disclosure.*

In its October 15, 2010 supplemental production, Defendant produced the documents Bates-stamped DC_CM100015-DC_CM100018, but redacted a portion of an email found on the page Bates-

stamped DC_CM100015. In its Vaughan Index, Defendant claimed that this communication is protected from disclosure by the attorney-client privilege. However, Defendant disclosed this communication, a February 11, 2009 email sent by Brian Lee to Kevin Begley with Thelma Chichester carbon-copied, in full prior to the Trial Board hearing. As such, Defendant waived the attorney-client privilege with respect to this email and with respect to all other communications relating to the same subject matter. In re Sealed Case, 278 U.S. App. D.C. 188, 877 F.2d 976, 980 (D.C. Cir. 1989).

Similarly, in its production of documents Bates-stamped DC_CM100019-DC_CM100029, Defendant redacted a July 16, 2008 email sent by Brian Lee to Thelma Chichester, Marceline Alexander and Detria Hutchinson, on the page Bates-stamped DC_CM100019, pursuant to a claim of attorney-client privilege. As with DC_CM100015, Defendant disclosed this email to Plaintiff in full prior to the Trial Board hearing, thus waiving the attorney-client privilege with respect to this email and all other communications relating to the same subject matter. The same is true of the February 19, 2009 email sent by Kevin Begley to Brian Lee and Thelma Chichester, of which a portion is redacted in Defendant's production of the document Bates-stamped DC_CM100039-DC_CM100041, and of the email Bates-stamped DC_CM100124-DC_CM100125, sent by Brian Lee to Thelma Chichester and Kevin Begley on February 19, 2009.

Finally Defendant withheld production of the email Bates-stamped DC_CM100141, a December 3, 2008 email sent by Kevin Begley to Brian Lee, with Thelma Chichester and Detria Hutchinson carbon-copied, the email Bates-stamped DC_CM100096, an August 1, 2008 email sent by Kevin Begley to Thelma Chichester, Marceline Alexander, Brian Lee and Alfred Jeffrey, and the email Bates-stamped DC_CM100101, an August 1, 2008 email sent by Briane Lee to Kevin Begley, Thelma Chichester, Marceline Alexander, Alfred Jeffrey and Lawrence Schultz, pursuant to attorney-client privilege claims. Defendant, however, disclosed these emails to Plaintiff in full prior to the Trial Board hearing, thus waiving the privilege with respect to these emails and all communications concerning related subject matter.

As a result of its waiver by disclosure of the attorney-client privilege, Plaintiff requests that Defendant produce the aforementioned emails in full, along with all other communications relating to the same subject matter. This includes, but is not limited to, the following withheld emails, all of which were sent on the same dates and between the same parties as the aforementioned communications: DC_CM100001 (7/16/2008), DC_CM100030 (7/16/2008), DC_CM100060-DC_CM100061 (12/3/2008), DC_CM100062-DC_CM100063 (12/3/2008), DC_CM100064-DC_CM100068 (8/1/2008), DC_CM100074 (8/1/2008), DC_CM100075 (8/1/2008), DC_CM100122 (2/19/2009), DC_CM100122-DC_CM100123 (2/19/2009), DC_CM100126-DC_CM100128 (2/19/2009), and DC_CM100149-DC_CM100150 (12/3/2008).

*b.) Where Defendant has failed to establish applicability of the attorney-client privilege to communications made by attorneys.*

While the attorney-client privilege does apply to confidential communications from an attorney to a client, it applies "only insofar as the attorney's communications disclose the confidential communications from the client." Evans v. Atwood, 177 F.R.D. 1, 5-6 (D.D.C. 1997). It does not apply merely to prevent disclosure that a person has retained the attorney for a particular purpose. Id., at 3. Communications from attorneys to clients are not privileged merely because they are made by an attorney and/or reveal that a client has requested legal advice on a certain topic. With regard to several documents for which Defendant has claimed the attorney-client privilege, Defendant has failed to set forth facts sufficient to establish the privilege's applicability. Accordingly, Plaintiff requests that

Defendant produce these documents. In particular, Defendant has not established that the communications by attorneys disclose any client confidences. This is true of the following attorney communications: DC_CM100037, DC_CM100047-DC_CM100051, DC_CM100062-DC_CM100063, DC_CM100072-DC_CM100073, DC_CM100074, DC_CM100108-DC_CM100109, DC_CM100115-DC_CM100116, DC_CM100126-DC_CM100128, DC_CM100133, DC_CM100149-DC_CM100150, DC_CM100151, DC_CM100156-DC_CM100157, DC_CM100183-DC_CM100186, DC_CM100190-DC_CM100191, DC_CM100196, DC_CM100198, DC_CM100199-DC_CM100200, DC_CM100201-DC_CM100202, DC_CM100203-DC_CM100204, DC_CM100205-DC_CM100206, DC_CM100207-DC_CM100208, DC_CM100209-DC_CM100210, DC_CM100223, DC_CM100239, DC_CM100251-DC_CM100252, DC_CM100255-DC_CM100256, DC_CM100262, DC_CM100264 and DC_CM100268-DC_CM100282.

## II. Where Defendant's Responses Remain Incomplete

In its responses to nearly all Requests, if not to all of them, the District states that it objects "to the extent that the Request" is overly broad and unduly burdensome, or seeks confidential psychological or psychiatric information, or seeks irrelevant information, or is vague, or seeks personal information protected from disclosure on grounds of security and privacy interests. These responses are inadequate and unacceptable in that they fail to inform Plaintiff whether the District in fact objects to the scope of the Request or whether the District is in fact withholding production pursuant to an objection.

Defendant's responses to Requests 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 and 32 are inadequate and unacceptable. In response to these requests, Defendant has stated only "that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different non-privileged information that may exist." When responding to a request for production of documents, the party on whom the request for production is served must either provide all responsive documents in its possession, custody or control that are not subject to withholding pursuant to a valid objection or claim of privilege. *See* Fed. R. Civ. P. 34(a). It is well established that "the term control is not defined as mere possession, but as the legal right to obtain such documents on demand." Tequila Centinela, S.A. De C.V. v. Bacardi & Co. Ltd., 242, F.R.D. 1, 8 (D.D.C. 2007). Thus, the party must provide all responsive documents that it actually possesses and all that it has the legal right to obtain on demand. Please note that Plaintiff's First Request For Production was served on the District of Columbia. Thus, a complete response will contain all responsive documents in the possession, custody or control of the District of Columbia, and not merely those of which the Attorney General currently has possession or may at some future time discover through its own independent investigation. The Federal Rules do not contemplate, and Plaintiff does not consent to, gradual or rolling responses to requests for production. Responses to requests for production must be **timely** and **complete**. *See* Fed. R. civ. P. 34(b)(2)(A) (requiring response within 30 days after being served, or in accordance with the schedule set by the parties or stipulated by the court) *and* Fed. R. Civ. P. 37(a)(4) (requiring that an incomplete response be treated as a failure to respond.)

If no documents responsive to Requests 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 and 32 exist, the District should specify this. If the District objects to the request, it should state its objection and include its reasons for the objection. *See* Fed. R. Civ. P. 34(b)(2)(B). Defendant's "general objections" do not satisfy this obligation. *See* D.L. v. District of Columbia, et. al., 251 F.R.D. 38, 43 (D.D.C. 2008). Defendant's indication that it may, at some unspecified future time, obtain responsive documents through its own investigation, coupled with Defendant's mere restatement of its ongoing

duty to supplement under <u>Fed. R. Civ. P. 26(e)</u>, is inadequate and unacceptable.

In its response to Request 19, the District directs Plaintiff to her Second Amended Complaint, and to District Bates nos. DC_CM 000679 through 000731 and to District Bates nos. DC_CM 001026 through 001081. The District further notes that, as with Requests 20-32, its investigation into Plaintiff's claims and defenses remains ongoing. Plaintiff wishes to remind the District of its obligation to provide a complete and timely response to requests for production. If the District's noting of its ongoing investigation was in any way intended to indicate that its response did not contain all responsive documents in the possession, custody or control of the District as of August 20, 2010, Plaintiff demands that the District correct this inadequacy.

In its responses to Requests 3, 5, 9, 14, 17, 18, 36 and 37, the District, after stating its objections, nonetheless provided responsive documents, the provision of which the District characterized as "subject to and without waiving" its objections. In its responses to Requests 6, 7 and 8, the District, after stating its objections, stated that "subject to and without waiving" its listed objections, "the District has requested information responsive to this Request and will supplement its response with any non-privileged documents that exist." In its responses to Requests 10, 13, 15 and 16, the District, after stating its objections, nonetheless stated that "subject to and without waiving these objections, upon information and belief no information responsive to this request exists." In its responses to Requests 34a, and 38, the District, after stating its objections, nonetheless stated that "subject to and without waiving" its objections, it "will supplement its response with any responsive documents that may exists.

Inasmuch as the District has not already done so, as these responses indicate, Plaintiff demands that the District provide a **complete** response to these requests, by obtaining **all** responsive documents in the control, possession or custody of the District and producing those not subject to objection or privilege, as required by <u>Fed. R. Civ. P. 34</u> and <u>Fed. R. Civ. P. 37</u>. Where an objection is claimed, the District should include in its response a clear statement of each objection, including the reasons for each. *See* <u>Fed. Civ. P. 34(b)(2)(B)</u>. Where the District produces some responsive documents, but intends to withhold others subject to an objection, the District must specify which documents are being produced, and which are being withheld. *See* <u>Thomas P. Athridge v. Aetna Casualty and Surety Co., 184 F.R.D. 181, 190 (D.D.C. 1998)</u> ("Asserting a relevance objection, then proceeding to produce 'relevant, non-privileged' documents 'subject to and without waiving' that objection, serves only to obscure potentially discoverable information and provides no mechanism for either plaintiffs or the Court to review defendant's decisions."), *see also* <u>Moore v. Napolitano, 2009 U.S. Dist. LEXIS 69319 at *14</u> ("When a responding party asserts a conclusory overbreadth or undue burden objection and then continues to produce documents in response to a request, the opposing party is left wondering what documents are being produced and what are being withheld.") (*citation and internal quotation marks omitted*).

<u>III.  Defendant's Objections to Requests for Production are Invalid and Insufficient.</u>

*a.)  Defendant's Overbreadth Objections are Insufficient.*

In its responses to Requests 1, 2 and 34, the District states that it objects "to the extent that the Request is overly broad and unduly burdensome." Inasmuch as the District intended to indicate that it actually objects to these Requests on grounds that they are overly broad and unduly burdensome, its objections are inadequate, as they fail to include any reasons for the objection. *See* <u>Fed. R. Civ. P.</u>

34(b)(2)(B). Such "conclusory" objections are "insufficient," as they contain no information allowing the Plaintiff or a reviewing court "to ascertain why or how the request is burdensome" or overly broad. <u>Athridge v. Aetna</u>, 184 F.R.D. 181, 191. Even where the District has attempted to explain its overbreadth objections with more specificity and detail, as in the District's responses to Requests 3, 4, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 38, its explanations fall far short of meeting the District's burden. In most cases, the District simply restates the Request, and *speculates* that answering the request *might* require contacting a large number of its employees. "There is nothing in defendant's responses which [would permit a] Court to ascertain why or how the request is burdensome in order to make a ruling." <u>Athridge</u>, 184 F.R.D at 191. A party asserting an overbreadth objection "must show specifically" how a document request "is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." <u>Id.</u> (*quoting* <u>Chubb Integrated Systems</u>, 103 F.R.D. 52, 59-60). Nothing in the District's responses even begins to approach the "specific estimates of staff hours needed to comply" required by courts to sustain overbreadth objections. D.L. v. District of Columbia, 251 F.R.D. at 46 (*quoting* <u>Assn. of American Physicians and Surgeons v. Clinton, 837 F.Supp. 454, 458 n.2 (D.D.C.1993)</u>).

  *b.) Defendant's objections based on security and privacy are without basis.*

   The District, in its responses to Requests 1 and 2, objects on grounds that each request "seek confidential psychological or psychiatric information regarding third parties not otherwise subject to public disclosure." This objection is unreasonable and invalid, as Plaintiff explained in its August 18, 2010 and August 25, 2010 letters and during our August 23, 2010 conference call with the District's counsel. Plaintiff, cognizant of possible privileges, does not seek and has not requested any communications between any persons and medical personnel. Rather, Plaintiff simply seeks, with the names of the employees subjected to the test redacted, documents regarding orders requiring or requesting that FEMS employees submit to psychological evaluation, documents containing information on the number of employees sent for those exams, and documents containing any reasons for the exam requests. Again, Plaintiff seeks such documents with names of the employees subjected to the tests and other identifying information redacted. For these same reasons, the District's objections "on the grounds of security and privacy interests" are also unreasonable and invalid. Plaintiff requests only materials, with names and other identifying information redacted, pertaining to orders or requests for FEMS employees to submit to psychological or psychiatric evaluations and the reasons for those orders, and materials pertaining to the number of individuals referred for such evaluations and the circumstances under which those individuals were referred for those exams. Plaintiff does not seek, and has not requested any "medical information" or "testing and examination materials" that might be protected under CDCR §§ 6-3112 and 6-3113. Plaintiff demands that the District provide complete responses to these requests.

   The District similarly objected to Requests 11, 12 and 13 on grounds of security and privacy interests, and provided citations to the D.C. Code and D.C. Personnel Regulations. Plaintiff reiterates that these requests, for materials pertaining to licenses, certifications, and decisions to select Defendants Rubin and Lee for their positions, do not fall under the classification of "personnel records" protected by D.C. Code § 1-631.01, nor do they qualify as medical records protected by sections 3112 or 3113 of the D.C. Personnel Regulations. Plaintiff demands that the District provide complete responses to these requests.

  *c.) Defendant's relevance objections are without basis.*

   In its responses to Requests 1, 2, 3, 8, 9, 10, 11, 12, 34 and 38, the District states that it objects

to the request as seeking information that is not relevant.  In response to Requests 4, 13, 15, 16, the District states that it objects "to the extent that" the requests seek information that is not relevant. Plaintiff has fully explained the relevance of these Requests to the District through its August 18, 2010 and August 25, 2010 letters and August 23, 2010 conference with counsel for the District.

Defendant stated that it objects to Requests 1, 2, 3, 4a, 8, 9, 10, 11, 12, 13, 15, 16, 34a, and 38 on grounds that each of these requests "seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence."  Requests 1, 2, 3, and 4a are relevant because they are likely to lead to the discovery of admissible evidence bearing directly on the issue of whether Plaintiff was treated differently than other employees as a result of her protected activity.  Request 8 is relevant because it is likely to lead to the discovery of admissible evidence bearing directly on whether Defendant might have had a legitimate, non-discriminatory reason for her referral for evaluation.  Request 9 is relevant because it is likely to lead to the discovery of admissible evidence bearing directly on the issue of whether Defendant had knowledge of Plaintiff's protected activity, and on the reasons for Plaintiff's referral for evaluation.  Requests 11, 12 and 13 are relevant because they are likely to lead to the discovery of admissible evidence concerning whether Defendants Lee and Rubin were adequately trained and supervised and/or were negligently hired.  Requests 15 and 16 are relevant because they are likely to lead to the discovery of admissible evidence concerning whether the Fire Trial Board proceeding was conducted in a procedurally and substantively improper manner.  Request 34a is relevant in that it is likely to lead to the discovery of admissible evidence indicating whether documents relevant to this case have been timely preserved.  Finally, Request 38 is relevant because it is likely to lead to the discovery of admissible evidence concerning whether Plaintiff engaged in protected activity and/or whether Defendant had knowledge of this.

We would appreciate your written response to this letter in the next five (5) business days so that we may determine if Plaintiff needs to file a motion to compel.  We look forward to resolving the aforementioned outstanding issues and to the District's complete compliance with its discovery obligations.  Failing that, Plaintiff will submit the issues that have not been resolved to the Court in a Motion to Compel and will seek appropriate sanctions.

Sincerely

*Richard E. Condit, Esq. /S/*

Richard E. Condit
Senior Counsel (Ext. 142)

*Karen J. Gray, Esq. /S/*

Karen Gray
General Counsel (Ext. 122)

Counsel for Plaintiff Vanessa Coleman

cc:  Erica McKinley

# EXHIBIT  L

**G·A·P** GOVERNMENT·ACCOUNTABILITY·PROJECT

| 1612 K Street, NW, Suite 1100 | Tel. 202.457.0034 | Email:gapdc@whistleblower.org |
| Washington, D.C. 20006 | Fax 202.457.0059 | Website: www.whistleblower.org |

December 16, 2010

**VIA E-MAIL & FIRST CLASS MAIL**
Juliane T. DeMarco, Esq.
Office of the Attorney General for the District of Columbia
441 4th Street, NW
Suite 650, North
Washington, D.C. 20001

<u>RE: *Vanessa Coleman v. District of Columbia*- Civil Action No. 09-0050 (HHK)</u>

Dear Ms. DeMarco,

This letter constitutes Plaintiff's amendment to Plaintiff's First Request For Production. While we intend to send a follow-up letter memorializing, in writing, our teleconference of December 2, 2010, we wish to facilitate responses to Plaintiff's requests by making the following modifications. Though we discussed resolutions to resolve outstanding discovery issues in our teleconference, we will assume that you did not provide a response on December 15, 2010 because you were waiting to hear from us. Given that we did not receive a response from you yesterday, we ask that you please provide your responses no later than Wednesday, December 22, 2010. As discussed and agreed upon during our December 2, 2010 teleconference, this represents our last informal attempt to resolve outstanding issues regarding Defendant's objections, sufficiency of Defendant's responses, and validity of Defendant's privilege claims. Any remaining issues will be promptly submitted to the Court for resolution.

In accordance with our agreement, reached during our teleconference yesterday evening, to modify Requests 3, 10, 15, 16, and 38, Plaintiff's First Request For Production is modified as follows:

Request 3 is modified to read as follows:

> 3a. Any and all materials stating or referring to the physical and mental qualifications requirements for firefighters, including those for the positions that were occupied by Plaintiff Vanessa Coleman and those for positions to which Plaintiff Vanessa Coleman was detailed.

Request 10 is modified to read as follows:

10a.  All materials relating to communications concerning Plaintiff Vanessa Coleman between Assistant Attorney General Charles Tucker and any employee or contractor, and/or contract employee of PFC Associates.

Request 15 is modified to read as follows:

15a.  All materials referring or pertaining to communications between any member of the Fire Trial Board that decided FEMS Case Nos. U-08-302, U-08-330, and U-09-46 and defendant Rubin created between March 1, 2008 and the present.

Request 16 is modified to read as follows:

16a.  All materials referring or pertaining to communications between the members of the Fire Trial Board that decided FEMS Case Nos. U-08-302, U-08-330, and U-09-46 and Defendant Lee created between March 1, 2008 and the present.

Request 38 is modified to read as follows:

38a.  All materials communicated by or to any employee of FEMS, OAG and PFC & Associates pertaining or referring to Plaintiff's communications (in any form) with the Mayor, D.C. City Council, Committee of the D.C. City Council, and/or person working for the D.C. City Council created between March 1, 2008 and October 1, 2009.

Sincerely,

*Richard E. Condit*

_____

Richard E. Condit
GAP, Senior Counsel

*Karen J. Gray*

_____

Karen J. Gray
GAP, General Counsel

# EXHIBIT  M

Exhibit M                                                                                        Page 1

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### Office of the Attorney General

**Civil Litigation Division**
**General Litigation Section Two**



<u>**VIA EMAIL AND US MAIL**</u>

December 23, 2010

Richard Condit
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, D.C.  20006

   **Re:  *Coleman  v. DC, et al.,*  09-0050 (HHK)**

Dear Mr. Condit:

   I write on behalf of Defendants District of Columbia, Brian Lee and Chief Rubin in response to plaintiffs' November 15, 2010, letters and in follow up to our December 2, 2010, conference call, as well as plaintiff's December 16, 2010, letter.

***Intentional Gap:***

   Despite our previous response to plaintiff's demands for documents for several bates ranges identified as "intentional gap" on the District's privilege log, plaintiff's November 15, 2010, letter seeks additional information concerning what is identified as intentional gap on the District's privilege log.  As I indicated in our conference call on December 9, we are confirming herein that no non-duplicative, responsive documents exist for the bates ranges identified as "intentional gap" on the District's privilege log.  We will not be producing or logging any documents for the bates ranges identified as intentional gap.

***Privilege Matters:***

   With regard to plaintiff's claims that the District had waived privilege on certain documents which had been previously produced to the plaintiff, we agreed to review our privilege log in light of this claim.  On December 14, 2010, you kindly provided documents that plaintiff had received prior to the Trial Board hearing.  We have reviewed our privilege log in light of this production and we are producing either in full or redacted format the documents identified on the list below:

Exhibit M                                                          Page 2

| | | | |
|---|---|---|---|
| DC_CM | 1137 | through | 1368 |
| DC_CM | 1369 | through | 1370 |
| DC_CM | 1371 | through | 1401 |
| DC_CM | 1402 | through | 1432 |
| DC_CM | 1433 | through | 1451 |
| DC_CM | 1452 | through | 1773 |
| DC_CM | 1774 | through | 1793 |
| DC_CM | 1794 | through | 1796 |
| DC_CM | 100001 | through | 100001 |
| DC_CM | 100015 | through | 100015 |
| DC_CM | 100019 | through | 100019 |
| DC_CM | 100030 | through | 100030 |
| DC_CM | 100037 | through | 100037 |
| DC_CM | 100060 | through | 100061 |
| DC_CM | 100062 | through | 100063 |
| DC_CM | 100064 | through | 100064 |
| DC_CM | 100069 | through | 100069 |
| DC_CM | 100072 | through | 100073 |
| DC_CM | 100074 | through | 100074 |
| DC_CM | 100075 | through | 100075 |
| DC_CM | 100096 | through | 100096 |
| DC_CM | 100101 | through | 100101 |
| DC_CM | 100141 | through | 100141 |
| DC_CM | 100151 | through | 100151 |
| DC_CM | 100133 | through | 100133 |
| DC_CM | 100149 | through | 100150 |
| DC_CM | 100156 | through | 100157 |
| DC_CM | 100183 | through | 100184 |
| DC_CM | 100190 | through | 100191 |
| DC_CM | 100255 | through | 100256 |
| DC_CM | 100288 | through | 100296 |
| DC_CM | 100345 | through | 100347 |
| DC_CM | 100365 | through | 100366 |

The attached revised privilege log reflects the above changes

Although in Plaintiff's November 15, 2010, letter, plaintiff states that she received copies of documents identical to bates numbers DC_CM10039 to 100041, DC_CM100122-100123 and DC_CM100124-100125, we have been unable to confirm that these documents were produced to plaintiff as part of the trial board hearing or other process.  As a result, additional investigation is necessary to determine if the District had produced these documents to plaintiff prior to the Trial

Board hearing.  In addition, copies of these documents were not provided by plaintiff in response to our request.  If plaintiff possesses copies, please kindly forward them to us.

The District respectfully disagrees with plaintiff's contention that the District has waived privilege for additional documents identified on the District's privilege log.  As a threshold matter, Plaintiff's demand for the production of all other communications does not apply to documents protected by the work-product privilege.  "A waiver of the attorney-work product privilege as to particular documents does not extend to other documents addressing the same subject matter."  *In re United Mine Workers of America Employee Benefit Plans Litigation*, 159 F.R.D. 307, 310 (D.D.C. 1994).  *See also, Duplan Corp. v. Deering Milliken, Inc.,* 540 F.2d 1215, 1222-23 (4th Cir. 1976) ("broad concepts of subject matter waiver analogous to those applicable to claims of attorney-client privilege are inappropriate when applied to Rule 26(b)(3)"); *Grumman Aerospace Corp. v. Titanium Metals Corp. of America*, 91 F.R.D. 84, 90 (E.D.N.Y. 1981) ("disclosure to an adversary waives the work product protection as to items actually disclosed"); Wright & Miller, Federal Practice and Procedure § 2024 at 209 (1970) ("But disclose of some documents does not destroy work product protection for other documents of the same character").

Further, the District has not waived its right to refuse to disclose documents additionally protected by the attorney-client privilege, as many of the documents requested by Plaintiff fall outside the scope of the same <u>specific</u> subject matter of previously disclosed communications.  The trial court "may limit the scope of waiver to the same 'specific' subject matter as that already disclosed."  *In re United Mine Workers*, 159 F.R.D. 307, 309 (D.D.C. 1994).  *See also Gen. E.ec. Co. v. Johnson*, 2006 WL 2616187 at *19 (D.D.C. Sept. 12, 2006) ("the broad subject matter definition advanced by the party seeking the documents is particularly unwarranted where there is no indication that the party claiming the privilege acted in bad faith or disregarded the sanctity of the attorney-client privilege.).

Finally, the District stands by its additional prior privilege assertions for the reasons stated in the District's October 15, 2010, letter to plaintiff.

***Defendant's Discovery Responses:***

Plaintiff's November 15, 2010, letter identifies responses which plaintiff contends are incomplete.  In addition, Plaintiff indicated her objection to the District's document responses which state that the District's investigation remains ongoing.  As the District acknowledged in its October 15, 2010, letter, despite best efforts, at that time, the District's production was not complete.  With today's production, we are confirming that no additional responsive documents remain to be produced to plaintiff or logged as privileged (with the exception of Plaintiff's Revised Request No. 10a discussed below).  Of course, the District observes the duty to supplement pursuant to Rule 26(f), if necessary.  The attached supplemental discovery responses reflect today's additional document production as well as the Districts right to supplement its responses because, at this stage in the litigation, the District's investigation of plaintiff's claims remains ongoing.

*Plaintiff's Revised Document Requests:*

The enclosed December 23, 2010, supplement to the Defendants' Responses to the Plaintiff's First Request for Production of Documents includes responses to plaintiff's revised Request Nos. 3a, 10a, 15a, 16a and 38a.  We construe plaintiff's December 16, 2010, letter to withdraw previous document request Nos. 3, 10, 15, 16 and 38.  The District's responses and objections to these revised document requests are complete with the exception of Request No. 10a.  Given plaintiff's revision, the District will withdraw its objection that the request is unduly burdensome and produce responsive, non-privileged materials that may exist. As noted in the District's response, the District maintains its objection that that the request is overbroad to the extent it seeks materials "to the present" given that Plaintiff's employment was terminated in October 2009.   The District will seek and produce responsive non-privileged documents up to and including December 2009.

Please feel free to call with any questions concerning the above.

Respectfully,

PETER J. NICKLES
Attorney General for the District of Columbia

BY:

**/s/  Juliane T. DeMarco__**
BY: JULIANE T DEMARCO
Assistant Attorney General

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**VANESSA COLEMAN,**

    **Plaintiff,**

    **v.**                                                    **Civil Action No. 09-0050 (HHK)**

**DISTRICT OF COLUMBIA,** *et al.*

    **Defendants.**

## DEFENDANT DISTRICT OF COLUMBIA'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 34, Defendant District of Columbia (hereinafter "the District"), by and through counsel, hereby responds and objects to Plaintiff's First Set of Requests for Production to Defendant District of Columbia as follows:

## GENERAL OBJECTIONS

1.    These objections are made without waiving or intending to waive, but rather intending to preserve and preserving: (a) all objections to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in the trial of this or any other action or any subsequent proceeding; (b) the right to object to the use of any document (or the subject matter thereof) that may be produced in the trial of this or any other action or any subsequent proceeding on any grounds; (c) the right to preserve, prior to production and as a condition of production, the confidentiality or the proprietary nature of any document that may be produced or the subject matter thereof; (d) the right to object on any ground at any time to a demand for further production or other discovery involving or relating to the subject matter of the document requests; and (e) the right at

any time to revise, supplement, clarify, or amend the objections and responses to the document requests if further factual developments or analysis warrants modification, or if additional information is obtained or documents are located that are properly called for by the document requests.

2.     Each objection set forth in this section shall apply to each of the document requests as if that objection were set forth in full in response to each document request and is not necessarily repeated in response to each individual document request. The assertion of the same, similar, or additional objections in the District's specific objections to individual document requests, or the failure to assert any additional objection to a document request, shall not waive any of the District's objections set forth in this section or the following sections.

3.     Defendant generally objects to each of the document requests to the extent that it seeks information or documents protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege or doctrine. Nothing contained in these objections or the responses to individual document requests is intended as, or shall in any way be deemed as, a waiver of any attorney-client privilege, any work product doctrine, or any other applicable privilege or doctrine.

4.     Defendant objects to each of the "definitions" and "instructions" to the extent that they seek to impose obligations beyond those consistent with the Federal Rules.  The Defendants further object to the extent that the "definitions" and "instructions" are overly broad and unduly burdensome and seek to impose an obligation to produce irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.

5.      For each supplemental response, the District re-incorporates its previous answers and objections.

## DOCUMENT REQUESTS

1.  For the period January 1, 2006 through the present, please provide all materials referring or pertaining to any order, request, and/or demand for any FEMS employee to submit to a psychological and/or psychiatric evaluation and the reason(s) the exam was being ordered or requested.  You may redact the names and other identifying information of the employee that was the subject of the fitness for duty evaluation.

**Response:    The District objects to the extent that the Request is overly broad and unduly burdensome, and seeks confidential psychological or psychiatric information regarding third parties not otherwise subject to public disclosure.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Finally, the District objects because the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.[1]**

2.  For the period 2006 through the present, please provide any and all materials (including e-mail and other electronically maintained files) that pertain to the number of individuals who have been referred to the PFC for psychiatric or psychological evaluations and, all documents (including e-mail and other electronically maintained

---

[1] Subject to and without waiving additional objections regarding relevance, the District also notes that the Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983.

files) describing the circumstances under which those individuals were referred for a

psychological evaluation.

**Response:  The District objects to the extent that the Request is overly broad
and unduly burdensome and seeks confidential psychological or psychiatric
information regarding third parties not otherwise subject to public disclosure.  The
District further objects that personal information of its employees is protected from
disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-
631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-
3112 and 6-3113 (2009)).  Finally, the District objects because the request seeks
irrelevant information or information not reasonably calculated to lead to the
discovery of relevant or admissible evidence.[2]**

3.   Any and all materials stating or referring to the physical and mental

qualifications requirements for firefighters, including those for the positions occupied or

expected to be occupied by Plaintiff Vanessa Coleman.

**Response:  The District objects to the extent that the Request is vague.  In
addition, the District objects to the extent that the Request is overly broad and
unduly burdensome.  Finally, the District objects to the extent that the request seeks
irrelevant information or information not reasonably calculated to lead to the
discovery of relevant or admissible evidence.  Subject to and without waiving the
above objections *see* District's bates nos. DC_CM 000091 through 000110.**

**August 31, 2010 Supplemental Response:  The District objects to the extent
that the Request is vague in that it does not define "positions…expected to be**

---

[2] Subject to and without waiving additional objections regarding relevance, the District also notes that the
Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42
U.S.C. § 1983.

occupied by Vanessa Coleman."   In addition, the District objects to the extent that

the Request is overly broad in that it requests all materials *"referring to"* the

physical and mental qualifications for firefighters and that the request is not limited

in time nor in scope as to the custodians of such files.  The District further objects

that for the same reasons this request is unduly burdensome.

3a. Any and all materials stating or referring to the physical and mental qualifications

requirements for firefighters, including those for the positions that were occupied by

Plaintiff Vanessa Coleman and those for positions to which Plaintiff Vanessa Coleman was

detailed.

**December 23, 2010 Response:  *See* District's bates nos. DC_CM 000091**

**through 000110 and DC_CM 000964 through 001025.**

4.  All materials discussing and/or interpreting any of the requirements for fitness

for duty and/or psychological evaluations described in 6 DCMR § 2049.

**Response:  The District objects to the extent that the Request is overly broad**

**and unduly burdensome.  In addition, the District objects to the extent that the**

**request seeks privileged information, irrelevant information or information not**

**reasonably calculated to lead to the discovery of relevant or admissible evidence.**

**4a.**  "For the period of January 1, 2006 through the present, please provide all

materials to/from or received by the DC Office of the Attorney General, Office of Human

Resources, and DC FEMS discussing and/or interpreting any of the requirements for

fitness for duty and/or psychological evaluations described in 6 DCMR §2049."

**August 31, 2010, Response:  The District objects to the extent that the Request**

**is overly broad in that it requests "all materials to/from or received by" three large**

**agencies within the District of Columbia with hundreds of employees and that these**

requests are otherwise unlimited as to custodians or files.  The District further

objects that for the same reasons this request is unduly burdensome.  Finally, the

District objects to the extent that the request seeks privileged information,

irrelevant information or information not reasonably calculated to lead to the

discovery of relevant or admissible evidence.

 5. A true and correct copy of Plaintiffs official personnel file (OPF).

 **Response:  The District objects that personal information of its employees is**

**protected from disclosure on the grounds of security, and privacy interests.  *See***

**D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and**

**3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   Subject to and without waiving this**

**objection, the District will produce Districts bates nos. DC_CM 000001 through**

**000090 once a Protective Order is entered by the Court.**

 **August 31, 2010 Supplemental Response**:  **The District objects that personal**

**information of its employees is protected from disclosure on the grounds of security,**

**and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations,**

**Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   Subject to**

**and without waiving this objection, *see* bates nos. DC_CM 000001 through 000090.**

 6. A true and correct copy of Plaintiffs Company file.

 **Response:  The District objects that personal information of its employees is**

**protected from disclosure on the grounds of security, and privacy interests.  *See***

**D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and**

**3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   Subject to and without waiving this**

objection, the District has requested information responsive to this Request and will supplement its response with any non-privileged responsive documents that exist.

**December 23, 2010 Supplemental Response**:  The responds that no responsive material exists.

7.  A true and correct copy of Plaintiffs Battalion file.

**Response:  The District objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   Subject to and without waiving this objection, the District responds that upon information and belief, no information responsive to this request exists.**

**August 31, 2010, Supplemental Response:  The District withdraws its prior response to this document request and responds as follows:  The District objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   Subject to and without waiving this objection, the District has requested information responsive to this Request and will supplement its response with any non-privileged responsive documents that exist.**

**December 23, 2010 Supplemental Response**:  The responds that no responsive material exists.

8.  All materials referring or pertaining to the Plaintiffs position description for each position she held while employed.

Exhibit M

**Response:  The District objects to the extent that the Request is overly broad and unduly burdensome.  In addition, the District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Subject to and without waiving the above objections, the District has requested information responsive to this Request and will supplement its response with any non-privileged responsive documents that exist.**

**<u>August 31, 2010, Supplemental Response:</u>  The District objects to the extent that the Request is overly broad in that it requests all materials "referring or pertaining to" the plaintiff's position description and that the request is not limited in time.  The District further objects that for the same reasons this request is unduly burdensome.   In addition, the District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Subject to and without waiving the above objections, the District has requested information responsive to this Request and will supplement its response with any non-privileged responsive documents that exist.**

**<u>December 23, 2010 Supplemental Response</u>:  The District directs plaintiff to bates nos. DC 001794 through 001796.**

9.  All email communications generated during the period March 1, 2008 through the present that refer or relate to Vanessa Coleman, including emails to, from, carbon-copied to or blind carbon-copied to the following individuals: Fire and EMS Chief Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz,

Battalion Chief Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin

Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph

Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, General Counsel Marceline

Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and FEMS Deputy

General Counsel Thelma Chichester.

**Response:  The District objects to the extent that the Request is overly broad**

**and unduly burdensome.  In addition, the District objects to the extent that the**

**request seeks irrelevant information or information not reasonably calculated to**

**lead to the discovery of relevant or admissible evidence.  Finally, the District objects**

**that this request seeks information that is protected by work product, attorney**

**client and deliberative process privileges.  The District will supplement this response**

**with any non-privileged, relevant, responsive documents that exist.**

**August 20, 2010 Supplemental Response: The District objects to the extent that**

**the Request is overly broad and unduly burdensome.  In addition, the District**

**objects to the extent that the request seeks irrelevant information or information not**

**reasonably calculated to lead to the discovery of relevant or admissible evidence.**

**Finally, the District objects that this request seeks information that is protected by**

**work product, attorney client and deliberative process privileges.   Subject to and**

**without waiving these objections, *see* District's bates nos. DC_CM 000228 through**

**000262, DC_CM 000264 through 000566, DC_CM 000732 through 000740, and**

**DC_CM 000742 through 000886, and the following ranges:**

| DC_CM | 100013 | to | 100014 |
|-------|--------|-----|--------|
| DC_CM | 100016 | to | 100018 |
| DC_CM | 100020 | to | 100029 |
| DC_CM | 100065 | to | 100068 |

| DC_CM | 100097 | to | 100100 |
|-------|--------|-----|--------|
| DC_CM | 100103 | to | 100105 |
| DC_CM | 100118 | to | 100119 |
| DC_CM | 100143 | to | 100144 |
| DC_CM | 100241 | to | 100242 |
| DC_CM | 100266 | to | 100267 |
| DC_CM | 100145 | to | 100147 |
| DC_CM | 100220 | to | 100220 |
| DC_CM | 100221 | to | 100221 |
| DC_CM | 100222 | to | 100222 |
| DC_CM | 100285 | to | 100287 |

**August 31, 2010, Supplemental Response:  The District objects to the extent that the Request is overly broad in that it requests all materials "refer or relate to" the plaintiff and that the request is unlimited as to the custodians of such files. The District further objects to the extent that the Request is overly broad as it fails to limit the scope of the request to topics relevant to plaintiff's claims.   The District further objects that for these same reasons this request is unduly burdensome.  In addition, the District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence because it is not limited to topics relevant to plaintiff's claims or to relevant defenses.  Finally, the District objects that this request seeks information that is protected by work product, attorney client and deliberative process privileges.   Subject to and without waiving these objections, *see* District's bates nos. DC_CM 000228 through 000262, DC_CM 000264 through 000566, DC_CM 000732 through 000740, and DC_CM 000742 through 000886, and the following ranges:**

| DC_CM | 100013 | to | 100014 |
|-------|--------|-----|--------|
| DC_CM | 100016 | to | 100018 |

| DC_CM | 100020 | to | 100029 |
|---|---|---|---|
| DC_CM | 100065 | to | 100068 |
| DC_CM | 100097 | to | 100100 |
| DC_CM | 100103 | to | 100105 |
| DC_CM | 100118 | to | 100119 |
| DC_CM | 100143 | to | 100144 |
| DC_CM | 100241 | to | 100242 |
| DC_CM | 100266 | to | 100267 |
| DC_CM | 100145 | to | 100147 |
| DC_CM | 100220 | to | 100220 |
| DC_CM | 100221 | to | 100221 |
| DC_CM | 100222 | to | 100222 |
| DC_CM | 100285 | to | 100287 |

**December 23, 2010 Supplemental Response:** *See* bates nos. DC_CM 001137

through 1370 and DC_CM 001452 through 001793 and *see*:

| DC_CM | 1137 | through | 1368 |
|---|---|---|---|
| DC_CM | 1369 | through | 1370 |
| DC_CM | 1371 | through | 1401 |
| DC_CM | 1402 | through | 1432 |
| DC_CM | 1433 | through | 1451 |
| DC_CM | 1452 | through | 1773 |
| DC_CM | 1774 | through | 1793 |
| DC_CM | 1794 | through | 1796 |
| DC_CM | 100001 | through | 100001 |
| DC_CM | 100015 | through | 100015 |
| DC_CM | 100019 | through | 100019 |
| DC_CM | 100030 | through | 100030 |
| DC_CM | 100037 | through | 100037 |
| DC_CM | 100060 | through | 100061 |
| DC_CM | 100062 | through | 100063 |
| DC_CM | 100064 | through | 100064 |
| DC_CM | 100069 | through | 100069 |
| DC_CM | 100072 | through | 100073 |
| DC_CM | 100074 | through | 100074 |
| DC_CM | 100075 | through | 100075 |
| DC_CM | 100096 | through | 100096 |
| DC_CM | 100101 | through | 100101 |

| DC_CM | 100141 | through | 100141 |
| DC_CM | 100151 | through | 100151 |
| DC_CM | 100133 | through | 100133 |
| DC_CM | 100149 | through | 100150 |
| DC_CM | 100156 | through | 100157 |
| DC_CM | 100183 | through | 100184 |
| DC_CM | 100190 | through | 100191 |
| DC_CM | 100255 | through | 100256 |
| DC_CM | 100288 | through | 100296 |
| DC_CM | 100345 | through | 100347 |
| DC_CM | 100365 | through | 100366 |

10.  All materials relating to communications between Assistant Attorney General Charles Tucker and any employee or contractor, and/or contract employee of PFC Associates.

**Response:  The District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome and to the extent it seeks work product or information subject to attorney client privilege.  Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.**

**August 31, 2010, Supplemental Response:  The District objects to the extent that the Request is overly broad as it seeks materials for an unlimited time period. The defendants further object that the request is overbroad as it seeks materials not limited in scope to topics relevant to plaintiff's claims or relevant defenses.   The defendants further object that the request is overbroad in that it requests all materials "*relating to*" communication between Assistant Attorney General Charles**

**Tucker and any employee or contractor, and/or contract employee of PFC Associates which makes the request unlimited as to the custodians of such files.**

**The District further objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence as it seeks information unrelated to plaintiff or her claims in the instant litigation. The District also objects to the extent that the Request seeks work product or information subject to attorney client privilege. Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.**

10a. All materials relating to communications concerning Plaintiff Vanessa Coleman between Assistant Attorney General Charles Tucker and any employee or contractor, and/or contract employee of PFC Associates.

**December 23, 2010 Response:  The District objects to the extent that the Request is overly broad as it seeks materials for an unlimited time period after plaintiff's trial board hearing and subsequent termination.  Subject to and without waiving this objection, the District has requested information responsive to this request and will supplement its answer with any non-privileged responsive information that may exist.**

11.  All materials referring or pertaining to any licenses or certifications held by or training received by:

      a. Defendant Dennis Rubin;

      b. Defendant Brian Lee;

      c. Detria Lyles-Hutchinson;

13

d. John Lee (see, *e.g.,* Sec. Amend. Compl. Ps 14-16);

e. Mark Bloom;

f. Robert Shaefer;

g. Robert Kane;

h. Thelma Chichester;

i. Kevin Begley; and

j. PFC Medical Director Dr. Michelle Smith-Jefferies.

**Response:  The District also objects to the extent that the Request is overly broad and unduly burdensome.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   The District objects to this request as it seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.**[3]

**August 31, 2010, Supplemental Response:**  **The District also objects to the extent that the Request is overly broad in that it  requests all materials "*referring or pertaining to*" any licenses or certifications; the request is overly broad in that it is unlimited in time and in the  scope of the type of license information requested.  The request is overly broad in the personnel for whom such information is requested.  For these reasons, the request is unduly burdensome.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C.**

---

[3] Subject to and without waiving additional objections regarding relevance, the District also notes that the Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983.

Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   The District objects to this request as it seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence as it requests license information for an unrelated time period, concerning topics or licensing unrelated to plaintiff's claims or relevant defenses.[4]

12.  All materials referring or pertaining to the decision(s) to select Defendant Rubin for the position of Chief of FEMS.

**Response:  The District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  The District further objects to this request as it seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.[5]**

**August 31, 2010, Supplemental Response:  The District also objects to the extent that the Request is overly broad as it seeks all materials "*referring or pertaining to*" the decision to select Dennis Rubin for the position of Chief of FEMS. The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C.**

---

[4] Subject to and without waiving additional objections regarding relevance, the District also notes that the Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983.

[5] *See* note 3, *supra.*

**Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  The District further objects to this request as it seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.**[6]

13.  All materials referring or pertaining to the decision(s) to select Brian Lee to serve as an Assistant Fire Chief.

**Response:  The District objects to the extent that it is overly broad and unduly burdensome and to the extent the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.**

**August 31, 2010, Supplemental Response:  The District objects to the extent that the Request is overly broad in that it requests all materials "referring or pertaining to" the decision to select Brian Lee to serve as Assistant Fire Chief.   The District further objects to the extent that the request is unduly burdensome and to the extent the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-**

---

[6] *See* note 3, *supra.*

**631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.**

14. All materials referring or pertaining to the letter of decision/termination issued by Defendant Rubin to the Plaintiff.

**Response:  The District objects that this request seeks information that is protected by the attorney client privilege.  Subject to and without waiving this objection, the District will supplement this response with any non-privileged, relevant, responsive documents that exist.**

**August 20, 2010 Supplemental Response: The District objects that this request seeks information that is protected by the attorney client privilege.  Subject to and without waiving this objection, *see* District's bates nos. DC_CM 000887 through 000963.**

15. All materials referring or pertaining to communications between the any member of the Fire Trial Board that decided FEMS Case Nos. U-08-302, U-08-330, and U-09-46 and Defendant Rubin.

**Response:  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  Subject to and without waiving these objections, the District will supplement its response with any non-privileged responsive relevant information that may exist.**

**August 31, 2010, Supplemental Response:  The District objects to the extent that the Request is overly broad as it seeks materials for an unlimited time period. The defendants further object that the request is overbroad as it seeks materials not limited in scope of topics relevant to plaintiff's claims or relevant defenses.   The defendants further objects that the request is overbroad in that it requests all materials "referring and pertaining to" communications between the Fire Trial Board and Dennis Rubin** which makes the request unlimited as to the custodians of such files or communications.

**The District further objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence as it seeks information unrelated to plaintiff or her claims in the instant litigation. The District also objects to the extent that the Request seeks work product or information subject to attorney client privilege. Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.**

15a. All materials referring or pertaining to communications between any member of the Fire Trial Board that decided FEMS Case Nos. U-08-302, U-08-330, and U-09-46 and defendant Rubin created between March l, 2008 and the present.

**December 23, 2010 Response:  The District objects to the extent that the Request is overly broad as it seeks materials for an unlimited time period after plaintiff's trial board hearing and subsequent termination.  Subject to and without waiving this objection, the District responds that no responsive information exists.**

16. All materials referring or pertaining to communications between the any member of the Fire Trial Board that decided FEMS Case Nos. U-08-302, U-08-330, and U-09-46 and Defendant Lee.

**Response:  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  Subject to and without waiving these objections, the District will supplement its response with any non-privileged responsive, relevant information that may exist.**

**<u>August 31, 2010, Supplemental Response:</u>  The District objects to the extent that the Request is overly broad as it seeks materials for an unlimited time period. The defendants further object that the request is overbroad as it seeks materials not limited in scope of topics relevant to plaintiff's claims or relevant defenses.    The defendants further object that the request is overbroad in that it requests all materials "referring and pertaining to" communications between the Fire Trial Board and Brian Lee** which makes the request unlimited as to the custodians of such files or communications.

**The District further objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence as it seeks information unrelated to plaintiff or her claims in the instant litigation. The District also objects to the extent that the Request seeks work product or information subject to attorney client privilege.**

**Subject to and without waiving these objections, upon information and belief no
information responsive to this request exists.**

16a. All materials referring or pertaining to communications between the members
of the Fire Trial Board that decided FEMS Case Nos. U-08-302, U-08-330, and U-09-46
and Defendant Lee created between March 1, 2008 and the present.

**December 23, 2010 Response:  The District objects to the extent that the
Request is overly broad as it seeks materials for an unlimited time period after
plaintiff's trial board hearing and subsequent termination.  Subject to and without
waiving this objection, the District directs plaintiff to Bates Nos. DC_CM 001369
through 001370.**

17. All materials referring or pertaining to the laws, rules, regulations, policies,
guidelines, or other information that the Defendants believe gives them the authority to
order a FEMS employee to undergo a fitness for duty evaluation or assessment and/or
psychological and/or psychiatric assessment.

**Response:  The District objects to the extent that the Request is overly broad
and unduly burdensome and seeks information subject to the attorney client or
deliberative process privileges.  Subject to and without waiving this objection, s*ee*
District's bates nos. DC_CM 0000111 through 0000227.  The District will
supplement this response with additional non-privileged responsive documents that
may exist.**

**August 31, 2010, Supplemental Response:  The District objects to the extent
that the Request is overly broad in that it requests all materials "*referring and
pertaining to*" the subject matter identified.  The District further objects that the**

request is overbroad as is seeks all materials "referring or pertaining to" the subject matter for an unlimited period of time and unlimited in scope as to the custodians of any such documents.  For these reasons, the request is unduly burdensome.  Subject to and without waiving this objection, s*ee* District's bates nos. DC_CM 0000111 through 0000227.  The District will supplement this response with additional non-privileged responsive documents that may exist.

December 23, 2010 Supplemental Response:  *See* bates nos. DC_CM 0000964 through 001025.

18. All materials referring or pertaining to the laws, rules, regulations, policies, guidelines, or other information that the Defendants believe gives them the authority to discipline a FEMS employee who fails or refuses to undergo a fitness for duty evaluation or assessment and/or psychological and/or psychiatric assessment.

Response:  The District objects to the extent that the Request is overly broad and unduly burdensome and seeks information subject to the attorney client or deliberative process privileges.  Subject to and without waiving these objections, *see* District's bates nos. DC_CM 0000111 through 0000227.  The District will supplement this response with additional non-privileged responsive documents that may exist.

August 20, 2010 Supplemental Response:  The District objects to the extent that the Request is overly broad and unduly burdensome and seeks information subject to the attorney client or deliberative process privileges.  Subject to and without waiving these objections, *see* previously provided District's bates nos.

DC_CM 0000111 through 0000227 and *see* District's bates nos. DC_CM 000964 through 001025.

**August 31, 2010, Supplemental Response:**  The District objects to the extent that the Request is overly broad in that it requests all materials "*referring and pertaining to*" the subject matter identified.  The District further objects that the request is overbroad as is seeks all materials "referring or pertaining to" the subject matter for an unlimited period of time and unlimited in scope as to the custodians of any such documents.  For these reasons, the request is unduly burdensome.  Subject to and without waiving this objection, s*ee* District's bates nos. DC_CM 0000111 through 0000227.  The District will supplement this response with additional non-privileged responsive documents that may exist.

**December 23, 2010 Supplemental Response:**  *See* bates nos. DC_CM 0000964 through 001025.

19. All materials referring or pertaining to each and every basis supporting the claim or assertion of the First Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:**  *See* **Plaintiff's Second Amended Complaint for the allegations upon which the District bases its affirmative defense that Plaintiffs' complaint fails to state a claim for which relief should be granted.  The District further responds that its investigation of Plaintiff's claims and its defenses remains ongoing and it will supplement this response with any new or different non-privileged information that may exist.**

**August 20, 2010 Supplemental Response:** *See* **Plaintiff's Second Amended Complaint for the allegations upon which the District bases its affirmative defense that Plaintiffs' complaint fails to state a claim for which relief should be granted.** *See* **District's bates nos. DC_CM 000679 through 000731 and District's bates nos. DC_CM 001026 through 001081.  The District further responds that its investigation of Plaintiff's claims and its defenses remains ongoing.**

**December 23. 2010 Supplemental Response:  The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000567 through 000678 and DC_CM00732 through 0001025.  The District further directs plaintiff to bates nos. DC_CM 1137 through 001796.  The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer with any new and different responses**

20. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Third Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000001 through 001136.  The District further directs**

**plaintiff to bates nos. DC_CM 1137 through 001796.  The District further responds**

**that no additional responsive materials exist; the District maintains that its**

**investigation of Plaintiff's claims and its defenses remains ongoing and it reserves**

**the right to supplemental this answer with any new and different responses**

21. All materials referring or pertaining to each and every basis supporting the
claim or assertion of the Fourth Defense stated in Defendants' Answer to Plaintiffs
Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and**

**its defenses remains ongoing, and it will supplement its response with any new or**

**different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District incorporates its**

**prior responses and objections and directs plaintiff to previously produced**

**documents bates nos. DC_CM 000001 through 001136.  The District further directs**

**plaintiff to bates nos. DC_CM 001137 through 001796.  The District further**

**responds that no additional responsive materials exist; the District maintains that its**

**investigation of Plaintiff's claims and its defenses remains ongoing and it reserves**

**the right to supplemental this answer.**

22. All materials referring or pertaining to each and every basis supporting the
claim or assertion of the Fifth Defense stated in Defendants' Answer to Plaintiffs Second
Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and**

**its defenses remains ongoing, and it will supplement its response with any new or**

**different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000001 through 001136.  The District further directs plaintiff to bates nos. DC_CM 001137 through 001796.  The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer.**

23. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Sixth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District responds that no responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer with any new and different responses**

24. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Seventh Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District responds that no responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer with any new and different responses.**

25. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Eighth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000001 through 001136.  The District further directs plaintiff to bates nos. DC_CM 001137 through 001796.  The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer.**

26. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Ninth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

Exhibit M

**December 23. 2010 Supplemental Response:  The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000001 through 001136.  The District further directs plaintiff to bates nos. DC_CM 001137 through 001796.  The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer.**

27. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Tenth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000001 through 001136.  The District further directs plaintiff to bates nos. DC_CM 001137 through 001796.  The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer.**

28. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Eleventh Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000001 through 001136.  The District further directs plaintiff to bates nos. DC_CM 001137 through 001796.  The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer.**

29. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Twelfth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District responds that no responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer with any new and different responses.**

30. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Thirteenth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District responds that no responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer with any new and different responses**

31. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Fourteenth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

32. All materials referring or pertaining to each and every basis supporting the claim or assertion that the District is or may be entitled to any type of set-off as stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**August 31, 2010 Supplemental Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District responds that no responsive materials exist; the District maintains that its investigation of Plaintiff's**

**claims and its defenses remains ongoing and it reserves the right to supplemental**

**this answer with any new and different responses**

33. All materials addressing the following questions or issues:

(a) The date(s) when a litigation hold(s) or other evidence preservation request(s) or order(s) was issued in this case?

(b) To whom any litigation hold(s) or other evidence preservation request(s) or order(s) was issued in this case?

(c) What evidence, if any, was preserved as a consequence of any litigation hold(s) or other document preservation request(s) or order(s) that was issued in this case?

**Response:  The District objects that this request seeks information that is protected by attorney client and attorney work product privileges.**

34. All materials referring or pertaining to the deletion or destruction in any manner of any document, e-mail and/or electronic files after March 1,2008 that were created, received, or stored by Fire and EMS Chief Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz, Battalion Chief Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, FEMS General Counsel Marceline Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and/or FEMS Deputy General Counsel Thelma Chichester.

**Response:  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  The District further objects based**

on foundation to the extent the request presupposes the deletion or destruction of relevant material.

**34a.** With respect to Vanessa Coleman, 6 DCMR § 2049, the Mt. Pleasant Fire on March 12, 2008, and the Coleman Fire Trial Board (including case no.s U-08-032, U-08-330, and U-09-46) all materials referring or pertaining the deletion or destruction in any manner of documents, e-mails and/or electronic files after March 1, 2008, that were created, received, or stored by Fire and EMS Chief Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz, Battalion Chief Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, FEMS General Counsel Marceline Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and/or FEMS Deputy General Counsel Thelma Chichester.

**August 31, 2010 Response: The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence. The District also objects to the extent that the Request is overly broad and unduly burdensome. Subject to and without waiving these objections, the District will supplement its response with any responsive documents that may exist.**

35. All materials pertaining or referring to the decision to assign or detail the Plaintiff from Engine Company 21 to the FEMS Facilities Maintenance Building.

**Response: The District will supplement its response with any responsive documents that may exist.**

31

**August 20, 2010 Supplemental Response:** *See* **District's bates no. DC_CM
000741.**

36.  For the period March 1, 2008 through October 1, 2009, please provide all
materials wherein Plaintiff raised a complaint, concern, grievance, or made a disclosure
pertaining or referring to any violation of law, regulation, policy, order book or standard.

**Response:  The District objects to the extent that the Request is vague.  The
District further objects to the form of this Request, and that the terms "complaint,
concern, grievance, and disclosure" are vague and ambiguous.  Subject to and
without waiving these objections, the District will supplement its response with any
responsive documents that may exist.**

**August 20, 2010 Supplemental Response:  The District objects to the extent
that the Request is vague.  The District further objects to the form of this Request,
and that the terms "complaint, concern, grievance, and disclosure" are vague and
ambiguous.  Subject to and without waiving these objections,** *see* **District's bates
nos. DC_CM 000567 through 000678.**

37. For the period March 1, 2008 through October 1, 2009, please provide an
authentic copy of all materials created, generated, stored, or maintained by the FEMS
Office of Compliance indicating every instance where the Plaintiff initiated or attempted
to initiate charges or disciplinary actions.

**Response:  The District objects that this request seeks information that is
protected by the attorney client privilege.  Subject to and without waiving this
objection, the District will supplement its response with any responsive documents
that may exist.**

38. All materials pertaining or referring to Plaintiff's communications (in any form) with the Mayor, D.C. City Council, Committee of the D.C. City Council, and/or person working for the D.C. City Council.

**Response:  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  Finally, the District objects that this request may seek information that is protected by attorney client or the deliberative process privilege.  Subject to and without waiving these objections, the District will supplement its response with any responsive documents that may exist.**

**August 31, 2010, Supplemental Response:  The District also objects to the extent that the Request is overly broad as it is unlimited in time, scope or topic. Further, the District objects that the request is overly broad in that it seeks "all materials *pertaining or referring to* plaintiff's communications" and thus the subject matter and the custodians are while potentially unlimited unlikely to lead to the relevant evidence.   For these reasons, the request is unduly burdensome.  The District further objects to the extent that the Request seeks irrelevant information as the request is unlimited in topic or time period or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Finally, the District objects that this request may seek information that is protected by attorney client or the deliberative process privilege.  Subject to and without waiving these objections, the District will supplement its response with any responsive documents that may exist.**

38a. All materials communicated by or to any employee of FEMS, OAG and PFC & Associates pertaining or referring to Plaintiffs communications (in any form) with the Mayor, D.C. City Council, Committee of the D.C. City Council, and/or person working for the D.C. City Council created between March 1,2008 and October 1, 2009.

**December 23, 2010 Response:  The District objects to the extent that the Request is overly broad as it is as it seeks "all materials *pertaining or referring to* plaintiff's communications" from the PFC and three large agencies within the District of Columbia with hundreds of employees.  This request is otherwise unlimited as to custodians or files.  For these same reasons, the request is unduly burdensome.  The District further objects to the extent that the Request seeks irrelevant information as the request is unlimited in topic or time period or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Finally, the District objects that this request, seek information that is protected by attorney client or the deliberative process privilege.  Subject to and without waiving these objections, the District directs plaintiff to bates nos. DC_CM 000818 to 000873 and DC_CM 001472 through 001480.**

Respectfully submitted,

PETER J. NICKLES
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/Erica Taylor McKinley
ERICA TAYLOR MCKINLEY [467884]
Chief, Section II
Civil Litigation Division

/s/ Juliane T. DeMarco
JULIANE T. DEMARCO [490872]
Assistant Attorney General
441 Fourth Street, N.W., Suite 650 North
Washington, D.C. 20001
(202) 741-0763
(202) 741-0575 (fax)
E-mail: Juliane.DeMarco@dc.gov

Attorneys for the District of Columbia


## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing **Defendant's Supplemental**

**Responses and Objections to Plaintiff's First Request for Production** to be sent to

Plaintiff's counsel, via email and US Mail on December 23, 2010:

Richard E. Condit
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, D.C.  20006

**/s/ Juliane T. DeMarco**
JULIANE T. DEMARCO
**Assistant Attorney General**

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM000263-DC_CM000263 | 12/2/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Liles-Hutchinson, Detria (FEMS) | Grambo, Geoffrey (FEMS) | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100001 | Produced December 22, 2010. | | | | | | |
| DC_CM100002 | 7/5/2008 | Email | Schultz, Lawrence (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS); Hutchinson, Detria (FEMS); Bloom, Mark (FEMS) | Reilley, Michael (FEMS) | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100003 | 7/5/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS)Hutchinson, Detria (FEMS); | | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100004-DC_CM100014 (100007-100014)*NP | 7/2/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS)Hutchinson, Detria (FEMS); | | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100015-DC_CM100018 (100016-100018)*NP | Produced December 22, 2010. | | | | | | |
| DC_CM100019-DC_CM100029 (100020-100029)*NP | Produced December 22, 2010. | | | | | | |
| DC_CM100030 | 7/16/2008 | Email | Lee, Brian (FEMS) | Rubin, Dennis (FEMS); Schultz, Lawrence (FEMS) | None | Redaction of email reflecting request for legal advice of agency counsel (T. Chichester) and communication of confidential information provided in the connection with the same concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100031-DC_CM100036 | Intentional Gap | | | | | | |
| DC_CM100037 | Produced December 22, 2010. | | | | | | |
| DC_CM100038 | Produced October 15, 2010. | | | | | | |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100039-DC_CM100041 | 2/19/2009 | Email | Begley, Kevin (FEMS) | Lee, Brian (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee to agency counsel for purpose of seeking legal advice related to Vanessa Coleman's fitness for duty examination and reflecting legal advice rendered concerning the same | Attorney-Client Privilege (redacted) |
| DC_CM100042-DC_CM100046 | 3/10/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | (DC_CM100042) Redaction of confidential communication requesting legal advice related to Vanessa Coleman's fitness for duty examination (DC_CM100044)Redaction of confidential communication from agency employee to agency counsel for purpose of seeking legal advice related to Vanessa Coleman's fitness for duty examination and reflecting legal advice rendered concerning the same | Attorney-Client Privilege |
| DC_CM100047-DC_CM100051 | 3/10/2009 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential communication from agency counsel seeking information for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100052-DC_CM100054 | 3/10/2009 | Email | Deaton, Joseph (FEMS) | Lee, Brian (FEMS); Begley, Kevin (FEMS); Gretz, Raymond (FEMS) | None | Redaction of communication from agency employee  reflecting legal advice from agency counsel regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100055-DC_CM100057 | 1/2/2009 | Email | Lee, Brian (FEMS) | Lee, Brian (FEMS); Begley, Kevin (FEMS); Gretz, Raymond (FEMS) | None | Redaction of communication from agency employee  reflecting legal advice from agency counsel regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100058-DC_CM100058 | Produced October 15, 2010. | | | | | | |
| DC_CM100059-DC_CM100059 | Produced October 15, 2010. | | | | | | |

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)
Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100060-DC_CM100061 | 12/3/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Redaction of onfidential communication from agency employee to agency counsel reflecting legal advice of agency counsel regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100062-DC_CM100063 | 12/3/2008 | Email | Alexander, Marceline (FEMS) | Chichester, Thelma (FEMS); Begley, Kevin (FEMS); Lee, Brian (FEMS) | None | Confidential communication of legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100064-DC_CM100068 (100065-100068)*NP | 8/1/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100069-DC_CM100069 | 9/4/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100070-DC_CM100071 | 9/5/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee responding to agency counsel's legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100072-DC_CM100073 | 9/5/2008 | Email | Chichester, Thelma (FEMS) | Deaton, Joseph (FEMS) | None | Confidential communication of agency counsel's legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100074-DC_CM100074 | 8/1/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential communication of legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100075-DC_CM100075 | 8/1/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100076-DC_CM100079 | | | Intentional Gap | | | | |
| DC_CM100080-DC_CM100081 | 5/22/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Atterbeary, Vanessa (OAG) | Smith-Jeffries, Michelle (PFC) | Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100082-DC_CM100083 | 5/22/2009 | Email | Lee, Brian (FEMS) | Flint, William (FEMS) | None | Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100084-DC_CM100085 | 5/22/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Atterbeary, Vanessa (OAG) | Smith-Jeffries, Michelle (PFC) | (DCCM_100084(1)) Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman(DCCM_100084(2))Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100086-DC_CM100088 | 5/22/2009 | Email | Smith-Jeffries, Michelle (PFC) | Lee, Brian (FEMS) | Begley, Kevin (FEMS); Qaunder, Paul (MPD); Thronson, Steve | (DCCM_100086) Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman (DCCM_100086-087)Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)
Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100089-DC_CM100092 | 5/22/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Atterbeary, Vanessa (OAG) | | (DCCM_100089(1)) Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman. (DCCM_100089(2)) Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman. (DCCM_100089-090)Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman. | Attorney-Client Privilege |
| DC_CM100093-DC_CM100095 | 11/26/2008 | Email | Witowski, Wayne (OAG) | Chichester, Thelma (FEMS) | none | Confidential communication rendering legal advice relating to outside attorney communication with agency officials | Attorney-Client Privilege; Work Product |
| DC_CM100096-DC_CM1000100 (100097-100100)*NP | Produced December 22, 2010. | | | | | | |
| DC_CM100101-DC_CM100101 | Produced December 22, 2010. | | | | | | |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

5

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)
Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100102-DC_CM100105 (100103-100105)*NP | 8/7/2008 | Email | Lee, Brian (FEMS) | Alexander, Marceline (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice concerning personnel matters related to Vanessa Coleman's preservation request | Attorney-Client Privilege |
| DC_CM100106-DC_CM100107 | 8/7/2008 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100108-DC_CM100109 | 8/7/2008 | Email | Alexander, Marceline (FEMS) | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS) | Confidential communication from agency counsel requesting information relevant to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |
| DC_CM100110-DC_CM100111 | 8/7/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | Alexander, Marceline | Confidential communication from agency employee requesting legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100112-DC_CM100114 (100113-100114)*NP | 8/8/2008 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS); Alexander, Marceline (FEMS) | none | Confidential communication from agency employee in response to request from counsel for information to render legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100115-DC_CM100116 | 8/8/2008 | Email | Chichester, Thelma (FEMS) | Liles Hutchinson, Detria (FEMS) | None | Forward of confidential communication reflecting request for legal advice related to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

6

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100117-DC_CM100119 (100118-100119)*NP | Produced October 15, 2010. | | | | | | |
| DC_CM100120-DC_CM100121 | Produced October 15, 2010. | | | | | | |
| DC_CM100122-DC_CM100122 | 2/19/2009 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee to agency counsel for purpose of seeking legal advice and reflecting advice rendered concerning matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100122-DC_CM100123 | 2/19/2009 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee to agency counsel for purpose of seeking legal advice related to Vanessa Coleman's fitness for duty examination and reflecting legal advice rendered concerning the same | Attorney-Client Privilege |
| DC_CM100124-DC_CM100125 | 2/19/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Begley, Kevin (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice and providing information for same for purpose of seeking legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100126-DC_CM100128 | 2/19/2009 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential communication  reflecting legal advice related to Vanessa Coleman's fitness for duty examination and request for advice concerning the same. | Attorney-Client Privilege; Work Product |
| DC_CM100129-DC_CM100131 | | | Intentional Gap | | | | |
| DC_CM100132-DC_CM100132 | 9/4/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100133-DC_CM100133 | 9/4/2008 | Email | Chichester, Thelma (FEMS) | Deaton, Joseph (FEMS) | None | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100134-DC_CM100135 | 9/5/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100136-DC_CM100140 | Intentional Gap | | | | | | |
| DC_CM100141-DC_CM100141 | Produced December 22, 2010. | | | | | | |
| DC_CM100142-DC_CM100144 (100143-100144)*NP | Produced October 15, 2010. | | | | | | |
| DC_CM100148-DC_CM100148 | Intentional Gap | | | | | | |
| DC_CM100149-DC_CM100150 | 12/3/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Response to confidential communication from agency employee requesting legal advice regarding personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |
| DC_CM100151-DC_CM100151 | 8/8/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS); Alexander, Marceline (FEMS); Begley, Keven (FEMS) | None | Confidential communication rendering legal advice and reflecting counsel's impressions pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |
| DC_CM100152-DC_CM100153 | Produced October 15, 2010. | | | | | | |
| DC_CM100154-DC_CM100155 | 9/1/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Byrne, Kevin (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's personnel matters including the fit for duty examination | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

8

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100156-DC_CM100157 | 9/1/2009 | Email | Chichester, Thelma (FEMS); | Byrne, Kevin (FEMS) | Lee, Brian (FEMS) | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100158-DC_CM100159 | 8/25/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); | None | Confidential communication from agency employee for purpose of seeking legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100160-DC_CM100182 | | | Intentional Gap | | | | |
| DC_CM100183-DC_CM100186 | 5/29/2009 | Email | Chichester, Thelma (FEMS); | Byrne, Kevin (FEMS) | None | Confidential communication rendering legal advice in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100187-DC_CM100189 | 5/29/2009 | Email | Byrne, Kevin (FEMS) | Tucker, Charles (OAG) | Lee, Brian (FEMS) | Confidential communication from agency employee reflecting legal advice rendered in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100190-DC_CM100191 | 5/28/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS) | None | Confidential communication rendering legal advice and reflecting counsel's mental impressions in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100192-DC_CM100193 | 5/29/2009 | Email | Byrne, Kevin (FEMS) | Chichester, Thelma (FEMS); Lee, Brian | None | Confidential communication from agency employee providing information for purposes of seeking legal advice in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege |
| DC_CM100194-DC_CM100195 | | | Intentional Gap | | | | |
| DC_CM100196-DC_CM100196 | 6/23/2009 | Email | Chichester, Thelma (FEMS) | Tucker, Charles (OAG) | None | Confidential communication from agency counsel to counsel representing agency in Trial Board Hearing seeking legal advice and reflecting counsel's mental impressions in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100197-DC_CM100197 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from counsel representing agency in Trial Board Hearing to agency counsel seeking information for purpose of providing legal advice in connection with V. Coleman's Fire Trial Board Hearing and reflecting counsel's mental impressions | Attorney-Client Privilege; Work Product |
| DC_CM100198-DC_CM100198 | 6/23/2009 | Email | Chichester, Thelma (FEMS) | Tucker, Charles (OAG) | None | Confidential communication from agency counsel to counsel representing agency in Trial Board Hearing providing information for purpose of seeking legal advice in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |
| DC_CM100199-DC_CM100200 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from counsel representing agency in Trial Board Hearing to agency counsel providing legal advice in connection with V. Coleman's Fire Trial Board Hearing and reflecting counsel's mental impressions | Attorney-Client Privilege; Work Product |
| DC_CM100201-DC_CM100202 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from counsel representing agency in Trial Board Hearing to agency counsel providing legal advice in connection with V. Coleman's Fire Trial Board Hearing and reflecting counsel's mental impressions | Attorney-Client Privilege; Work Product |
| DC_CM100203-DC_CM100204 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from counsel representing agency in Trial Board Hearing to agency counsel providing legal advice in connection with V. Coleman's Fire Trial Board Hearing and reflecting counsel's mental impressions | Attorney-Client Privilege; Work Product |
| DC_CM100205-DC_CM100206 | 6/23/2009 | Email | Chichester, Thelma (FEMS) | Tucker, Charles (OAG) | None | Confidential communication from agency counsel to counsel representing agency in Trial Board Hearing providing information for purpose of seeking legal advice in connection with V. Coleman's Fire Trial Board Hearing | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

10

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100207-DC_CM100208 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from  counsel representing agency in Trial Board Hearing to agency counsel reflecting counsel's mental impressions in connection with V. Coleman's Fire Trial Board Hearing and | Attorney-Client Privilege; Work Product |
| DC_CM100209-DC_CM100210 | 6/23/2009 | Email | Tucker, Charles (OAG) | Chichester, Thelma (FEMS) | None | Confidential communication from  counsel representing agency in Trial Board Hearing to agency counsel reflecting counsel's mental impressions in connection with V. Coleman's Fire Trial Board Hearing and | Attorney-Client Privilege; Work Product |
| DC_CM100211-DC_CM100214 | 8/19/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege |
| DC_CM100215-DC_CM100218 | 8/19/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege; Work Product |
| DC_CM100219-DC_CM100219 | 8/19/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100220-DC_CM100220 | 8/20/2009 | Email | Lee, Brian (FEMS) | Scott, Deborah (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

11

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|----------|------|------|-----------|--------------|--------|----------------|-----------|
| DC_CM100221-DC_CM100221 | 8/20/2009 | Email | Lee, Brian (FEMS) | Scott, Deborah (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100222-DC_CM100222 | 8/20/2009 | Email | Lee, Brian (FEMS) | Scott, Deborah (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100223-DC_CM100223 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Begley, Kevin (FEMS) | None | Forward of confidential communication from agency  employee provided to agency counsel for purpose of rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100239-DC_CM100239 | 9/2/2009 | Email | Chichester, Thelma (FEMS) | Scott, Deborah (FEMS) | None | Confidential communication from agency counsel rendering legal advice and request for the same  regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100240-DC_CM100242 (100241-100242)*NP | 9/2/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential information for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100243-DC_CM100243 | | | Intentional Gap | | | | |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100244-DC_CM100245 | 8/20/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege |
| DC_CM100246-DC_CM100246 | 8/20/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Scott, Deborah (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege |
| DC_CM100247-DC_CM100250 | | | Intentional Gap | | | | |
| DC_CM100251-DC_CM100252 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Scott, Deborah (FEMS) | None | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100253-DC_CM100254 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100255-DC_CM100256 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS) | Lee, Brian (FEMS) | Confidential communication from agency counsel rendering legal advice and seeking information for purposes of rendering further advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100257-DC_CM100258 | 9/1/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Byrne, Kevin (FEMS) | None | Confidential communication from agency employee providing  information for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100259-<br>DC_CM100259 | 9/2/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100260-<br>DC_CM100260 | Produced October 15, 2010. | | | | | | |
| DC_CM100261-<br>DC_CM100261 | Produced October 15, 2010. | | | | | | |
| DC_CM100262-<br>DC_CM100262 | 9/2/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS) | | Redaction of confidential communication from agency counsel seeking information for purposes of rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100263-<br>DC_CM100263 | 9/2/2009 | Email | Byrne, Kevin (FEMS) | Chichester, Thelma (FEMS) | | Confidential communication from agency employee for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100264-<br>DC_CM100264 | 9/2/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS); Lee, Brian (FEMS) | Lord, Douglas (FEMS); Begley, Kevin (FEMS) | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and reflecting counsel's mental impressions. | Attorney-Client Privilege; Work Product |
| DC_CM100265-<br>DC_CM100267<br>(100266-<br>100267)*NP | 10/2/2009 | Email | Byrne, Kevin (FEMS) | Ealey-Tate, Carmen (FEMS) | Lord, Douglas (FEMS); Lee, Brian (FEMS); Chichester, Thelma (FEMS) | Redaction of legal advice from agency counsel regarding personnel matters related to Vanessa Coleman's Trial Board Decision and reflecting counsel's mental impressions. | Attorney-Client Privilege; Work Product |
| DC_CM100268-<br>DC_CM100282 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Begley, Kevin (FEMS) | None | Forward of confidential communication from agency employee provided to agency counsel for purpose of rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit M

*Coleman v. D.C. et al .*, 09-0050 (HHK)
Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100283-DC_CM100284 | 10/2/2009 | Email | Lee, Brian (FEMS); | Ealey-Tate, Carmen (FEMS) | Lord, Douglas (FEMS); Chichester, Thelma (FEMS) | (DC_CM100283(2))Redaction pof confidential communication of agency employee in connection with procurement of legal advice from agency counsel regarding personnel matters related to Vanessa Coleman's Trial Board Decision. (DC_CM100283(2))Redaction of legal advice from agency counsel regarding personnel matters related to Vanessa Coleman's Trial Board Decision and reflecting counsel's mental impressions. | Attorney-Client Privilege; Work Product |
| DC_CM100038-DC_CM100038 | 8/4/2010 | Memo | Ferguson, Stephanie (OAG); Latttimore, Phillip (OAG | DeMarco, Juliane (OAG) | None | Confidential communication agency counsel providing information in response to request for same in anticipation of litigation concerning Vanessa Coleman | Work Product |
| DC_CM100288-DC_CM100288 | 7/5/2008 | Email | Schultz, Lawrence (FEMS) | Bloom, Mark (FEMS); Lee, Brian(FEMS); Brown, Thelma (OAH); Liles-Hutchinson, Detria (FEMS) | Reilley, Michael (FEMS) | Redaction of confidential communication from agency employee for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman. | Attorney-Client Privilege; Work Product |
| DC_CM100289-DC_CM100290 | 7/5/2008 | Email | Schultz, Lawrence (FEMS) | Bloom, Mark (FEMS); Lee, Brian(FEMS); Brown, Thelma (OAH); Liles-Hutchinson, Detria (FEMS) | Reilley, Michael (FEMS) | Redaction of confidential communication from agency employee for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman. | Attorney-Client Privilege; Work Product |
| DC_CM100291-DC_CM100292 | 10/21/2008 | Email | Lee, Brian (FEMS) | Rubin, Dennis (FEMS) | None | (DC_CM100291)(1)Redaction of confidential personnel information unrelated to Plaintiff Coleman (DC_CM100291)(2) Redaction of confidential communication concerning policy and process with regard to FEMS employee fitness for duty examinations | Confidential personnel information; Deliberative Process Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100293-DC_CM100294 | 10/21/2008 | Email | Rubin, Dennis (FEMS) | Lee, Brian (FEMS) | None | (DC_CM100292)(1)Redaction of confidential personnel information unrelated to Plaintiff Coleman (DC_CM100292)(2)Redaction of confidential personnel information unrelated to Plaintiff Coleman (DC_CM100293)(1) Redaction of confidential communication concerning policy and process with regard to FEMS employee fitness for duty examinations | Confidential personnel information; Deliberative Process Privilege |
| DC_CM100295-DC_CM100296 | 10/21/2008 | Email | Lee, Brian (FEMS) | Rubin, Dennis (FEMS) | None | (DC_CM100295)(1)Redaction of confidential personnel information unrelated to Plaintiff Coleman (DC_CM100295)(2)Redaction of confidential personnel information unrelated to Plaintiff Coleman (DC_CM100295)(3)Redaction of confidential personnel information unrelated to Plaintiff Coleman (DC_CM100296)(1) Redaction of confidential communication concerning policy and process with regard to FEMS employee fitness for duty examinations | Confidential personnel information; Deliberative Process Privilege |
| DC_CM100297-DC_CM100297 | 9/18/2008 | Email | Chichester, Thelma (FEMS) | Taylor, Alexis (OHR) | none | Confidential communication concerning policy policy with regard to email use and religious references | Deliberative process privilege |
| DC_CM100298-DC_CM100299 | 9/18/2008 | Email | Taylor, Alexis (OHR) | Chichester, Thelma (FEMS) | Witowski, Wayne (OAG) | Confidential communication concerning policy policy with regard to email use and religious references | Deliberative process privilege |
| DC_CM100300-DC_CM100301 | 9/18/2008 | Email | Chichester, Thelma (FEMS) | Grimaldi, John (OAG) | none | Confidential communication from agency counsel to Office of Attorney General attorney seeking legal advice concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

16

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100302-DC_CM100303 | 9/18/2008 | Email | Witowski, Wayne (OAG) | Chichester, Thelma (FEMS); Taylor, Alexis (OHR) | Fleps, Christina (OCTO); Grimaldi, John (OAG) | Confidential communication from Office of Attorney General providing legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100304-DC_CM100306 | 9/18/2008 | Email | Fleps, Christina (OCTO) | Chichester, Thelma (FEMS); Taylor, Alexis (OHR); Witowski, Wayne (OAG) | Grimaldi, John (OAG); Kindra, Vivek (OCTO) | Confidential communication from OCTO General Counsel providing legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100307-DC_CM100309 | 9/18/2008 | Email | Chichester, Thelma (FEMS) | Fleps, Christina (OCTO); Taylor, Alexis (OHR); Witowski, Wayne (OAG) | Grimaldi, John (OAG); Kindra, Vivek (OCTO) | Confidential communication from FEMS agancy counsel to OCTO General Counsel seeking legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100310-DC_CM100312 | 9/18/2008 | Email | Fleps, Christina (OCTO) | Chichester, Thelma (FEMS); Taylor, Alexis (OHR); Witowski, Wayne (OAG) | Grimaldi, John (OAG); Kindra, Vivek (OCTO) | Confidential communication from OCTO General Counsel providing legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100313-DC_CM100315 | 9/18/2008 | Email | Grimaldi, John (OAG) | Chichester, Thelma (FEMS); Taylor, Alexis (OHR); Witowski, Wayne (OAG); Fleps, Christina (OCTO) | Kindra, Vivek (OCTO) | Confidential communication from OAG attorney seeking informtion in connection with request for legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100316-DC_CM100318 | 9/18/2008 | Email | Chichester, Thelma (FEMS) | Grimaldi, John (OAG) | none | Confidential communication from agency counsel providing confidential information in connection with request for legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100319-DC_CM100322 | 9/19/2008 | Email | Grimaldi, John (OAG) | Chichester, Thelma (OAG) | Witowski, Wayne (OAG); Fleps, Christina (OCTO); Kindra, Vivek (OCTO) | Confidential communication from OAG attorney providing legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

*Coleman v. D.C. et al* ., 09-0050 (HHK)
Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100323-DC_CM100326 | 9/19/2008 | Email | Taylor, Alexis (OHR) | Chichester, Thelma (OAG);  Grimaldi, John (OAG) | Witowski, Wayne (OAG); Fleps, Christina (OCTO); Kindra, Vivek (OCTO) | Response to confidential communication from OAG attorney providing legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100327-DC_CM100330 | 9/19/2008 | Email | Chichester, Thelma (FEMS) | Grimaldi, John (OAG) | Alexander, Marceline | Confidential communication from agency counsel to OAG attorney in connection with request for legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100331-DC_CM100335 | 9/19/2008 | Email | Fleps, Christina (OCTO) | Taylor, Alexis (OHR); Fleps, Christina (OCTO); Grimaldi, John (OAG) | Witowski, Wayne (OAG); Kundra, Vivek (OCTO) | Response to confidential communication from OAG attorney providing legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100335-DC_CM100339 | 9/19/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Forward of confidential communication from OAG attorney providing legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100340-DC_CM100340 | 4/17/2009 | Email | Liles-Hutchinson, Detria (FEMS) | Lee, Brian | Chichester, Thelma (FEMS); Wallace, Jane (FEMS); Ealey-Tate, Caremen (FEMS); Ford, Claude (FEMS) | Confidential communication from agency employee related to ongoing litigation concerning Vanessa Coleman's personnel matters | Attorney Client Privilege; Work Product |
| DC_CM100341-DC_CM100341 | 9/15/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential draft document prepared by counsel reflecting counsel's mental thoughts and impressions regarding personnel matters related to Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)
Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100342-DC_CM100342 | 9/15/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency official in connection with request for legal advice and confidential draft document prepared by counsel reflecting counsel's mental thoughts and impressions regarding personnel matters related to Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100343-DC_CM100344 | 9/15/2008 | Email | Liles-Hutchinson, Detria (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee related to ongoing litigation concerning Vanessa Coleman's personnel matters | Attorney Client Privilege; Work Product |
| DC_CM100345-DC_CM100347 | Produced December 22, 2010. | | | | | | |
| DC_CM100348-DC_CM100354 | 10/1/2009 | Email | Liles-Hutchinson, Detria (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing draft document and seeking legal advice concerning same in connection with Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100355-DC_CM100355 | 12/10/2009 | Email | Liles-Hutchinson, Detria (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential information concerning Vanessa Coleman's OHR proceeding and reflecting legal strategy concerning same | Attorney Client Privilege; Work Product |
| DC_CM100356-DC_CM100356 | 9/14/2009 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential communication from agency counsel to agency employee providing counsel's impressions in connection with Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100357-DC_CM100357 | 9/14/2009 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Forward of confidential communication from agency counsel to agency employee providing counsel's impressions in connection with Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100358-DC_CM100358 | 9/14/2009 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Forward of confidential communication from agency counsel to agency employee providing counsel's impressions in connection with Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100359-DC_CM100359 | 9/14/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel to agency employee providing counsel's impressions in connection with Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100360-DC_CM100360 | 9/30/2009 | Email | Liles-Hutchinson, Detria (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential information and seeking legal advice concerning Vanessa Coleman's OHR  proceeding | Attorney Client Privilege; Work Product |
| DC_CM100361-DC_CM100361 | 9/30/2009 | Email | Chichester, Thelma (FEMS) | Liles-Hutchinson, Detria (FEMS) | None | Response to confidential communication from agency employee providing confidential information and seeking legal advice concerning Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100362-DC_CM100362 | 11/4/2009 | Email | Liles-Hutchinson, Detria (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential information and seeking legal advice concerning Vanessa Coleman's OHR  proceeding | Attorney Client Privilege; Work Product |
| DC_CM100363-DC_CM100363 | 10/10/2008 | Email | Alexander, Marceline (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication between agency counsel in connection with  Vanessa Coleman's civil complaint | Attorney Client Privilege; Work Product |
| DC_CM100365-DC_CM100365 | 7/25/2008 | Email | Schultz, Lawrence (FEMS) | Jordan, Christopher (FEMS); Lee, Brian (FEMS); Liles-Hutchinson, Detria (FEMS); Brown, Thelma (OAG); Alexander, Marceline (OAG) | None | Confidential communication from agency employee providing information in connection with request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit M

*Coleman v. D.C. et al* ., 09-0050 (HHK)
Defendants' Vaughn Index, December 23, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|----------|------|------|-----------|--------------|--------|----------------|-----------|
| DC_CM100367-DC_CM100368 | undated | letter | Chichester, Thelma (FEMS) | none | none | Confidential draft document prepared by agency counsel reflecting legal advice and counsels thought's and impressions in connection with Vanessa Coleman's trial board hearing | Attorney Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

# EXHIBIT  N

**G·A·P** GOVERNMENT·ACCOUNTABILITY·PROJECT

| 1612 K Street, NW, Suite 1100 | Tel. 202.457.0034 | Email:gapdc@whistleblower.org |
| Washington, D.C. 20006 | Fax  202.457.0059 | Website: www.whistleblower.org |

January 14, 2011

**VIA E-MAIL & FIRST CLASS MAIL**
Juliane T. DeMarco, Esq.
Office of the Attorney General for the District of Columbia
441 4th Street, NW
Suite 650, North
Washington, D.C. 20001

<u>**RE:  Vanessa Coleman v. District of Columbia- Civil Action No. 09-0050 (HHK)**</u>

Dear Ms. DeMarco,

We have reviewed Defendant's December 23, 2010 supplemental responses to Plaintiff's First Request for Production.  In light of those responses, and of the recent discovery that Defendants have provided to Plaintiff which alters the scope of Defendant's privilege claims, Plaintiff wishes to make one additional attempt to resolve all outstanding deficiencies prior to seeking intervention by the Court. Specifically, this letter address issues with Defendant District of Columbia's Responses and Objections to Plaintiff's First Request for Production, as amended and supplemented by Defendant on August 31, 2010, October 15, 2010, October 22, 2010 and December 23, 2010.  Listed below are the responses that Plaintiff considers to be legally deficient.  Pursuant to Local Rule 7(m), Plaintiff requests to confer with counsel for Defendant via telephone by January 21, 2011, after which Plaintiff will submit any unresolved issues to the Court for resolution.

<u>I.  Outstanding Issues Concerning Defendant's Privilege Claims</u>

On August 20, 2010, Defendant produced a "Vaughn Index" in response to Plaintiff's June 16, 2010 Request for Production.  Plaintiff views this document as Defendant's attempt to satisfy the requirement that a party objecting to production on the basis of attorney-client or work-product privilege produce a privilege log setting forth facts sufficient to establish applicability of the claimed privilege.  As discussed in Plaintiff's September 3, 2010 and November 15, 2010 letters, and reiterated herein, Defendant's claims of attorney-client privilege with respect to many withheld documents are without basis.  With respect to several documents, Defendant has failed to assert facts sufficient to establish applicability of the attorney-client privilege.  Finally, Plaintiff reviewed those documents produced by Defendant prior to the Trial Board hearing in this matter and in response to subsequent FOIA requests, and found that Defendant previously produced, in full, several documents that Defendant now seeks to withhold pursuant to its attorney-client privilege claims.  As such, Defendant has waived the privilege with respect to these previously disclosed communications, and with respect to all communications related to the subject matter of those previously disclosed communications.

*a.) Where Defendant has waived the privilege by prior disclosure.*

Defendant has withheld production of or redacted portions of the following documents pursuant to claims of attorney-client privilege:

| | | |
|---|---|---|
| DC_CM100039-100041 | DC_CM100042-100046 | DC_CM100047-100051 |
| DC_CM100122-100122 | DC_CM100122-100123 | DC_CM100124-100125 |
| DC_CM100126-100128 | DC_CM100183-100186 | DC_CM100187-100189 |
| DC_CM100190-100191 | DC_CM100192-100193 | DC_CM100196-100196 |
| DC_CM100197-100197 | DC_CM100198-100198 | DC_CM100199-100200 |
| DC_CM100201-100202 | DC_CM100203-100204 | DC_CM100205-100206 |
| DC_CM100207-200108 | DC_CM100209-100210 | DC_CM100291-100292 |
| DC_CM100293-100294 | DC_CM100295-100296 | |

The aforementioned communications, however, were previously disclosed to Plaintiff prior to the Trial Board Proceedings and/or in response to subsequent FOIA requests.  As such, Defendant has waived the attorney-client privilege with respect to these communications, enclosed with this letter, and with respect to all other communications concerning the same subject matter.  In re Sealed Case, 278 U.S. App. D.C. 188, 877 F.2d 976, 980 (D.C. Cir. 1989).  Plaintiff requests production of these communications and all communications relating to the same subject matter, including, but not limited to, the following communication, indicated on Plaintiff's privilege log as originating on the same date as several of the aforementioned communications:

DC_CM100052-100054

Furthermore, in its privilege log, with respect to the redacted portion of the communication Bates-stamped DC_CM100039-100041 (which also appears at DC_CM100044), Defendant's description of the nature of the redacted communication is grossly inaccurate.  The redacted portion of this communication, an email sent by Kevin Begley addressing Brian Lee, states, in full, "I spoke with Thelma Chichester and she has asked for this incident to be documented and forwarded to her.  Thelma will then forward this to the attorney handling Captain Vanessa Coleman's case."  Plaintiff does not believe that Defendant's characterization of this redacted communication as a "communication made … to agency counsel for the purpose of seeking legal advice," was accurate, and requests that Defendant review its privilege log for other such inaccuracies and revise its log accordingly.

*b.) Where Defendant has failed to establish applicability of the attorney-client privilege to communications made by attorneys.*

While the attorney-client privilege does apply to confidential communications from an attorney to a client, it applies "only insofar as the attorney's communications disclose the confidential communications from the client."  Evans v. Atwood, 177 F.R.D. 1, 5-6 (D.D.C. 1997).  It does not apply merely to prevent disclosure that a person has retained the attorney for a particular purpose.  Id., at 3.  Communications from attorneys to clients are not privileged merely because they are made by an attorney and/or reveal that a client has requested legal advice on a certain topic.  With regard to several documents for which Defendant has claimed the attorney-client privilege, Defendant has failed to set forth facts sufficient to establish the privilege's applicability.  Accordingly, Plaintiff requests that Defendant produce these documents.  Namely, Defendant has not established that the communications by attorneys disclose any client confidences.  This is true of the following alleged attorney

communications:

DC_CM100047-100051    DC_CM100108-100109    DC_CM100115-100116
DC_CM100126-100128    DC_CM100133          DC_CM100149-100150
DC_CM100185-100186    DC_CM100196          DC_CM100198
DC_CM100199-100200    DC_CM100201-100202    DC_CM100203-100204
DC_CM100205-100206    DC_CM100207-100208    DC_CM100209-100210
DC_CM100223          DC_CM100239          DC_CM100251-100252
DC_CM100262          DC_CM100264          DC_CM100268-100282.

## II. Where Defendant's Responses Remain Incomplete

In its responses to Requests 6 and 7, Defendant indicates that no responsive documents exist. However, the FEMS Order Book, at Article 4 Section 9, specifies that such personnel files are maintained for all employees. Plaintiff requests that Defendant turn over these documents promptly. Likewise, Plaintiff requests that Defendant provide all documents responsive to Request 10a. Request 10a does not seek materials for an unlimited time period after Plaintiff's trial board hearing and subsequent termination. Defendant's objections to Request 10a on the basis that the time periods at issue are "unlimited" are illogical. These time periods are necessarily limited by the fact that a definite period of time has passed since Vanessa Coleman's trial board was concluded and her employment was terminated. Furthermore, there is no reasonable basis to conclude that communications concerning Vanessa Coleman did not occur between Charles Tucker and the employees of PFC Associates following the conclusion of Vanessa Coleman's trial board proceedings or termination.

In its responses to Request 31, Defendant states only "that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information that may exist." In its response to Request 35, Defendant states that "the District will supplement its response with any responsive documents that may exist." When responding to a request for production of documents, the party on whom the request for production is served must either provide all responsive documents in its possession, custody or control that are not subject to withholding pursuant to a valid objection or claim of privilege. *See* Fed. R. Civ. P. 34(a). It is well established that "the term control is not defined as mere possession, but as the legal right to obtain such documents on demand." Tequila Centinela, S.A. De C.V. v. Bacardi & Co. Ltd., 242, F.R.D. 1, 8 (D.D.C. 2007). Thus, the party must provide all responsive documents that it actually possesses and all that it has the legal right to obtain on demand. Please note that Plaintiff's First Request For Production was served on the District of Columbia. Thus, a complete response will contain all responsive documents in the possession, custody or control of the District of Columbia, and not merely those of which the Attorney General currently has possession or may at some future time discover through its own independent investigation. The Federal Rules do not contemplate, and Plaintiff does not consent to, gradual or rolling responses to requests for production. Responses to requests for production must be **timely** and **complete**. *See* Fed. R. civ. P. 34(b)(2)(A) (requiring response within 30 days after being served, or in accordance with the schedule set by the parties or stipulated by the court) *and* Fed. R. Civ. P. 37(a)(4) (requiring that an incomplete response be treated as a failure to respond.) Accordingly, Plaintiff requests that Defendant provide all documents responsive to Request 31, and to the extent it has not done so, all responsive documents to Request 35.

In its responses to Requests 17 and 18, Defendant, after listing its objections and directing Plaintiff's attention to the same set of documents, stated that "the District will supplement this response with additional non-privileged responsive documents that may exist. Similarly, in its responses to Requests 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 32, Defendant indicates that, to its knowledge, "no additional responsive materials exist," but qualifies this statement by further stating that "the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplement" its responses. In addition to demonstrating a fundamental misunderstanding of Fed. R. Civ. P. 26(e), which imposes and *obligation* to supplement, and does not give the responding party a *right* to supplement or to provide incomplete or rolling responses to requests for production, these responses, like Defendant's responses to Requests 31 and 35, indicate that Defendant has not provided all responsive documents in accordance with Fed. R. Civ. P. 34(b)(2)(A). *See* <u>Fed. R. Civ. P. 34(b)(2)(A)</u> (requiring response within 30 days after being served, or in accordance with the schedule set by the parties or stipulated by the court) *and* <u>Fed. R. Civ. P. 37(a)(4)</u> (requiring that an incomplete response be treated as a failure to respond). Plaintiff requests that Defendant provide complete responses to these and all other Requests, and, where it has completed its search for responsive documents and provided those, remove language, such as language noting that Defendant intends to supplement its responses later or that its investigation remains ongoing, indicating that its responses are incomplete. Such qualifying language is unnecessary where a response is complete, and renders Defendant's responses confusing and evasive. Furthermore, Plaintiff is confident that Defendant's obligation to supplement pursuant to Fed. R. Civ. P. 26(e) will survive Defendant's omission of such language.

## III. Defendant's Objections to Requests for Production are Invalid and Insufficient.

### a.) Defendant's Overbreadth Objections are Insufficient.

Defendant has stated that it objects to Requests 1, 2, 4a, 8, 9, 10a, 11, 12, 13, 15a, 16a, 17, 18, 34a and 38a on grounds that these Requests are "overly broad" and "unduly burdensome. Defendant's "overly broad" and "unduly burdensome" objections to Requests 1, 2 and 34a are inadequate in that they provide no reasons for the objections. *See* <u>Fed. R. Civ. P. 34(b)(2)(B)</u>. Such "conclusory" objections are "insufficient," as they contain no information allowing the Plaintiff or a reviewing court "to ascertain why or how the request is burdensome" or overly broad. <u>Athridge v. Aetna, 184 F.R.D. 181, 191</u>. Even where the District has attempted to explain its overbreadth objections with more specificity and detail, its explanations fall far short of meeting the District's burden. In most cases, the Defendant simply restates the Request, and *speculates* that answering the request *might* require contacting a large number of its employees. Further, Defendant's objections based on unlimited time periods at issue or custodians who may possess records are without basis. Plaintiff's requests are directed at Defendant District of Columbia, and thus only those records in the custody or control of the District of Columbia are sought, necessarily limiting the number of possible custodians to a finite number. The period of time at issue is likewise necessarily limited. Finally, Defendant has provided no facts sufficient to demonstrate that responding to the Requests would be unduly burdensome, or that the Requests are far more broad in scope than is appropriate. "There is nothing in defendant's responses which [would permit a] Court to ascertain why or how the request is burdensome in order to make a ruling." <u>Athridge, 184 F.R.D at 191</u>. A party asserting an overbreadth objection "must show specifically" how a document request "is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." <u>Id</u>. (*quoting* <u>Chubb Integrated Systems, 103 F.R.D. 52, 59-60</u>). Nothing in the District's responses even begins to approach the

"specific estimates of staff hours needed to comply" required by courts to sustain overbreadth objections. *D.L. v. District of Columbia*, 251 F.R.D. at 46 (*quoting* Assn. of American Physicians and Surgeons v. Clinton, 837 F.Supp. 454, 458 n.2 (D.D.C.1993)). With regard to responsive documents that are stored electronically by Defendant, these overbreadth and undue burden objections are plainly insufficient and cannot be sustained. *See* Fed. R. Civ. P. 26(a)(2)(B).

> *b.) Defendant's objections based on security and privacy are without basis.*

The District, in its responses to Requests 1 and 2, objects on grounds that each request "seek confidential psychological or psychiatric information regarding third parties not otherwise subject to public disclosure." Plaintiff, cognizant of possible privileges, does not seek and has not requested any communications between any persons and medical personnel. Rather, Plaintiff simply seeks, with the names of the employees subjected to the test redacted, documents regarding orders requiring or requesting that FEMS employees submit to psychological evaluation, documents containing information on the number of employees sent for those exams, and documents containing any reasons for the exam requests. For these same reasons, the District's objections "on the grounds of security and privacy interests" are unreasonable. Plaintiff has not requested any "medical information" or "testing and examination materials" that might be protected under CDCR §§ 6-3112 and 6-3113. Plaintiff demands that the District provide complete responses to these requests.

The District similarly objected to Requests 2, 5, 6, 7, 11, 12 and 13 on grounds of security and privacy interests, and provided citations to the D.C. Code and D.C. Personnel Regulations. Plaintiff reiterates that these requests, for materials pertaining to licenses, certifications, and decisions to select Defendants Rubin and Lee for their positions, do not fall under the classification of "personnel records" protected by D.C. Code § 1-631.01, nor do they qualify as medical records protected by sections 3112 or 3113 of the D.C. Personnel Regulations. Plaintiff demands that the District provide complete responses to these requests.

Furthermore, Defendant has provided no authority for its claims that the D.C. Personnel Regulations supersede, augment, or otherwise qualify the Federal Rules of Civil Procedure or Federal Rules of Evidence so as to justify withholding of these documents.

> *c.) Defendant's relevance objections are without basis.*

In its responses to Requests 1, 2, 4a, 8, 9, 11, 12, 13, 34a and 38a, Defendant objects on relevance grounds. Often, these objections are phrased as objections "to the extent that" the Request seeks irrelevant information, or objections that the Requests "seeks information not reasonably calculated to lead to the discovery of relevant or admissible evidence." Plaintiff has explained the relevance of each of these Requests many times before, and while Plaintiff welcomes further discussion concerning the relevance of these Requests, Plaintiff will not reiterate those explanations here. Plaintiff maintains that its Requests are reasonably calculated to, and no broader than is necessary to lead to the discovery of admissible evidence. Plaintiff wishes to point out that whether a Request is relevant depends on whether the request itself is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The rules do not contemplate withholding of responsive materials where a request is reasonably calculated to lead to the discovery of admissible evidence, on grounds that a particular responsive document may not be admissible. Id. Whether a particular piece of evidence is in fact relevant or inadmissible is not a matter at issue during discovery. Thus, Defendant may not withhold documents responsive to a valid discovery request on grounds that, in Defendant's

judgment, the particular document is not relevant as that term is defined by the Rules of Evidence.

IV.  Conclusion

We look forward to resolving the aforementioned outstanding issues and to the District's complete compliance with its discovery obligations.  Failing that, Plaintiff will submit the issues that have not been resolved to the Court in a Motion to Compel.  Furthermore, Plaintiff will seek appropriate sanctions.

Sincerely

/s/ Richard E. Condit

Richard E. Condit
Senior Counsel (Ext. 142)

/s/ Karen Gray

Karen Gray
General Counsel (Ext. 122)

Counsel for Plaintiff Vanessa Coleman

Enclosures:  Documents released through Trial Board and FOIA processes

**ENCLOSURES**

**Smith, Tisa (FEMS)**

| | |
|---|---|
| **From:** | Chichester, Thelma (FEMS) [Thelma.Chichester@dc.gov] |
| **Sent:** | Tuesday, March 10, 2009 7:06 PM |
| **To:** | Lee, Brian (FEMS) |
| **Subject:** | RE: Captain Vanessa Coleman |

```
Chief
If I am not mistaken, this is the very same factual background as ▓▓▓▓▓▓▓▓ and if
I am not mistaken the next step taken was to the Trial Board.  Didn't I have that case?
tgc

-----Original Message-----
From: Lee, Brian (FEMS)
Sent: Tuesday, March 10, 2009 6:25 PM
Cc: Chichester, Thelma (FEMS)
Subject: Re: Captain Vanessa Coleman

Now what? Where do we go from here?

----- Original Message -----
From: Begley, Kevin (FEMS)
To: Lee, Brian (FEMS)
Cc: Chichester, Thelma (FEMS)
Sent: Tue Mar 10 15:53:09 2009
Subject: FW: Captain Vanessa Coleman

Chief Lee,


I have received a letter from Dr. Morote indicating she cannot proceed with the Fitness
for Duty Evaluation for Captain Vanessa Coleman.


Dr. Morote received a letter from Captain Vanessa Coleman stating she is being forced to
waive her rights and to submit to testing.  Because of this Dr. Morote stated she will not
be able to proceed with the Fitness for Duty Evaluation.

Dr. Morote has requested to cancel Captain Vanessa Coleman's appointment on March 12, 2009
at 1030 hours.


Thanks and Be Safe


Kevin V. Begley

Battalion Fire Chief

Medical Services Officer

920 Varnum Street NE

Washington, D.C. 20017


Office:    202-269-7508

Fax:       202-269-7533
```

1

Exhibit N                                              Page 9

Mobile      ~~[redacted]~~

Email:      kevin.begley@dc.gov


CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole
use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not
the intended recipient, please contact the sender by reply e-mail and destroy all copies
of the original message.


---

From: Begley, Kevin (FEMS)
Sent: Thursday, February 19, 2009 2:04 PM
To: Lee, Brian (FEMS); Chichester, Thelma (FEMS)
Subject: Captain Vanessa Coleman


Chief Lee,


Captain Vanessa Coleman's Psychological Component has not been completed with Dr. Morote.

Captain Vanessa Coleman did sign the consent form and completed the testing portion.

During the interview portion yesterday Captain Vanessa Coleman made a statement to Dr.
Morote which caused Dr. Morote to believe that

Captain Vanessa Coleman not taking the test under her own free will.


   I am waiting for an E-Mail from Dr. Morote for the proper wording that was used that
caused Dr. Morote to stop the interview.

Dr. Morote stated she would not continue with the interview until she received a letter
from Captain Vanessa Coleman's lawyer stating Captain Vanessa Coleman was participating in
the Fitness for Duty Physical voluntarily, freely, and not under duress.


Captain Vanessa Coleman has been rescheduled for the interview appointment on March 11,
2009.   Captain Vanessa Coleman must produce this letter to continue.  The reason the
appointment was scheduled out that far was because Captain Vanessa Coleman stated she had
a class to attend as verified by DFC Deaton's E-Mail below.  This class also conflicted
with the Medical Component but the Medical Component will not take place until the
Psychological Component is completed.


I spoke with Thelma Chichester and she has asked for this incident to be documented and
forwarded to her.  Thelma will then forward this to the attorney handling Captain Vanessa
Coleman's case.


Thanks and Be Safe

2

Kevin V. Begley

Battalion Fire Chief

Medical Services Officer

920 Varnum Street NE

Washington, D.C. 20017


Office:      202-269-7508

Fax:         202-269-7533

Mobile       202-386-5626

Email:       kevin.begley@dc.gov


CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

From: Deaton, Joseph (FEMS)
Sent: Thursday, February 19, 2009 9:48 AM
To: Begley, Kevin (FEMS)
Subject: FW:


Chief Begley,

Capt. Coleman is this scheduled to go to the NFA as outlined below.

Would it be possible to change her appointment?

---

From: Coleman, Vanessa (FEMS)
Sent: Thursday, February 19, 2009 9:12 AM
To: Deaton, Joseph (FEMS)
Subject:


Chief Deaton,


In regards to the PFC evaluation mandate:  I am scheduled for a follow up on March 12th.

3

The medical component of the test was scheduled for February 27, 2009.  It is observed that the medical component falls within the same week as the NFA class (February 23 – March 6) of which I was approved to attend in Emmitsburg, MD.  Therefore, so as not to conflict with the PFC appointment, I was wondering if I could be permitted to reschedule the medical exam for either today or tomorrow.  Or, perhaps it can be rescheduled for a day after my March 6th return.  Again, I am available to take this component today or Friday.

I would greatly appreciate it if you could promptly forward this inquiry to Chief Begley on my behalf.  A prompt response is requested, as it will determine whether I 'll need to prepare for or withdraw from the NFA course.  TY!

Captain Vanessa Coleman

DC FEMS/Engine 21-1

(202) 673-3221 work

EMBRACE CHANGE!  One Nation under God...with Freedom, Equality & Justice for All.

4

**Begley, Kevin (FEMS)**

| | |
|---|---|
| **From:** | Lee, Brian (FEMS) |
| **Sent:** | Thursday, February 19, 2009 2:13 PM |
| **To:** | Begley, Kevin (FEMS); Chichester, Thelma (FEMS) |
| **Subject:** | RE: Captain Vanessa Coleman |

Hold on for a minute, I will talk to both Dr.s this is a Department order, no different than any other physical that we order. If it is "under duress" then conceivably everyone could claim that who didn't want to complete the process. After conferring with Thelma and Both Dr.s I will direct you as to how to proceed, on first look we destroy the ability of the agency to try and get at the root cause of a members issue if we allow them to claim duress and stop the process. To me the reason why the judge allowed the process to proceed is directly contrary to what the Psychiatrist is saying!!


**From:** Begley, Kevin (FEMS)
**Sent:** Thursday, February 19, 2009 2:04 PM
**To:** Lee, Brian (FEMS); Chichester, Thelma (FEMS)
**Subject:** Captain Vanessa Coleman

Chief Lee,

Captain Vanessa Coleman's Psychological Component has not been completed with Dr. Morote.
Captain Vanessa Coleman did sign the consent form and completed the testing portion.
During the interview portion yesterday Captain Vanessa Coleman made a statement to Dr. Morote which caused Dr. Morote to believe that
Captain Vanessa Coleman not taking the test under her own free will.

  I am waiting for an E-Mail from Dr. Morote for the proper wording that was used that caused Dr. Morote to stop the interview.
Dr. Morote stated she would not continue with the interview until she received a letter from Captain Vanessa Coleman's lawyer stating Captain Vanessa Coleman was participating in the Fitness for Duty Physical voluntarily, freely, and not under duress.

Captain Vanessa Coleman has been rescheduled for the interview appointment on March 11, 2009.  Captain Vanessa Coleman must produce this letter to continue.  The reason the appointment was scheduled out that far was because Captain Vanessa Coleman stated she had a class to attend as verified by DFC Deaton's E-Mail below.  This class also conflicted with the Medical Component but the Medical Component will not take place until the Psychological Component is completed.

I spoke with Thelma Chichester and she has asked for this incident to be documented and forwarded to her.  Thelma will then forward this to the attorney handling Captain Vanessa Coleman's case.

*Thanks and Be Safe*

*Kevin V. Begley*
Battalion Fire Chief


2/19/2009

COLEMANTB-01-000004

Page 2 of 2

Medical Services Officer
920 Varnum Street NE
Washington, D.C. 20017

Office:   202-269-7508
Fax:      202-269-7533
Mobile    202-386-5626
Email:    kevin.begley@dc.gov

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Deaton, Joseph (FEMS)
**Sent:** Thursday, February 19, 2009 9:48 AM
**To:** Begley, Kevin (FEMS)
**Subject:** FW:

Chief Begley,
Capt. Coleman is this scheduled to go to the NFA as outlined below.
Would it be possible to change her appointment?

**From:** Coleman, Vanessa (FEMS)
**Sent:** Thursday, February 19, 2009 9:12 AM
**To:** Deaton, Joseph (FEMS)
**Subject:**

Chief Deaton,

In regards to the PFC evaluation mandate: I am scheduled for a follow up on March 12th. The medical component of the test was scheduled for February 27, 2009. It is observed that the medical component falls within the same week as the NFA class (**February 23 - March 6**) of which I was approved to attend in Emmitsburg, MD. Therefore, so as not to conflict with the PFC appointment, I was wondering if I could be permitted to reschedule the medical exam for either today or tomorrow. Or, perhaps it can be rescheduled for a day after my March 6th return. Again, I am available to take this component today or Friday.
I would greatly appreciate it if you could promptly forward this inquiry to Chief Begley on my behalf. A prompt response is requested, as it will determine whether I 'll need to prepare for or withdraw from the NFA course. TY!

Captain Vanessa Coleman

DC FEMS/Engine 21-1

(202) 673-3221 work

EMBRACE CHANGE! One Nation under God...with Freedom, Equality & Justice for All.

2/19/2009

COLEMANTB-01-000005

**Begley, Kevin (FEMS)**

| | |
|---|---|
| **From:** | Chichester, Thelma (FEMS) |
| **Sent:** | Wednesday, February 25, 2009 2:33 PM |
| **To:** | Begley, Kevin (FEMS); Lee, Brian (FEMS) |
| **Subject:** | RE: Dr. Morote |

Waiting to here from OAG. I sent the 2nd email to her today, I will call her and find out what our next steps should be.

**From:** Begley, Kevin (FEMS)
**Sent:** Wednesday, February 25, 2009 2:32 PM
**To:** Lee, Brian (FEMS); Chichester, Thelma (FEMS)
**Subject:** RE: Dr. Morote

Has there been some sort of a resolution for Captain Coleman?

*Thanks and Be Safe*

*Kevin V. Begley*
Battalion Fire Chief
Medical Services Officer
920 Varnum Street NE
Washington, D.C. 20017

| | |
|---|---|
| Office: | 202-269-7508 |
| Fax: | 202-269-7533 |
| Mobile | 202-386-5626 |
| Email: | kevin.begley@dc.gov |

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Begley, Kevin (FEMS)
**Sent:** Friday, February 20, 2009 11:37 AM
**To:** Lee, Brian (FEMS); Chichester, Thelma (FEMS)
**Subject:** Dr. Morote

Chief Lee,

Attached is a letter from Dr. Morote.

*Thanks and Be Safe*

*Kevin V. Begley*
Battalion Fire Chief

COLEMANTB-01-000006

**Smith, Tisa (FEMS)**

| | |
|---|---|
| **From:** | Tucker, Charles (OAG) [charles.tucker@dc.gov] |
| **Sent:** | Tuesday, June 23, 2009 5:06 PM |
| **To:** | Chichester, Thelma (FEMS) |
| **Subject:** | RE: Captain Vanessa Coleman's Trial Board Tomorrow |

i believe that

**From:** Chichester, Thelma (FEMS)
**Sent:** Tuesday, June 23, 2009 5:04 PM
**To:** Tucker, Charles (OAG)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

As late as 2:00 Deborah was waiting for their witness list for tomorrow.

**From:** Tucker, Charles (OAG)
**Sent:** Tuesday, June 23, 2009 5:03 PM
**To:** Chichester, Thelma (FEMS)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

they have I just didnt think they were still being called

**From:** Chichester, Thelma (FEMS)
**Sent:** Tuesday, June 23, 2009 5:02 PM
**To:** Tucker, Charles (OAG)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

These are Vanessa's witnesses. I know that Deborah has been trying to get the witness list from them all
day long. But, I know that they have always been on her list. Chief Schultz is the Chief who proposed
discipline after Mt Pleasant, Chief Jeffery, AFC Services cant imagine why he has been called and Chief
Deaton is her current supervisor. I would suggest sending them an email – touching base – and letting
them know you are their counsel and will be there to answer questions or assist blah blah blah blah
blah!

**From:** Tucker, Charles (OAG)
**Sent:** Tuesday, June 23, 2009 4:56 PM
**To:** Chichester, Thelma (FEMS)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

this is the first I am hearing of these last three witnesses....what is going on???

**From:** Chichester, Thelma (FEMS)
**Sent:** Tuesday, June 23, 2009 4:55 PM
**To:** Tucker, Charles (OAG)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

Tucker

11/20/2009

Have you met with either of these witnesses?
tgc

**From:** Scott, Deborah (FEMS)
**Sent:** Tuesday, June 23, 2009 4:50 PM
**To:** Schultz, Lawrence (FEMS); Jeffery, Alfred III. (FEMS); Deaton, Joseph (FEMS); Lee, Brian (FEMS)
**Cc:** Chichester, Thelma (FEMS); Tucker, Charles (OAG)
**Subject:** Captain Vanessa Coleman's Trial Board Tomorrow

All:

I just spoke with Captain Coleman's attorney, who is requesting that you testify in the following order:

1. AFC Lee
2. AFC Jeffery
3. AFC Schultz
4. DFC Deaton

Therefore, beginning at 0900 hours in the Fire Prevention Division's conference room, Suite 370North, AFC Lee will begin testifying in this case. All of you are on telephone standby and I will call you on your cell phone when it is your turn to testify. If you need to call me during the day regarding this matter, I may be reached by cell phone at ▬▬▬▬▬.

Thank you for your attention in this matter.

**Smith, Tisa (FEMS)**

| | |
|---|---|
| **From:** | Tucker, Charles (OAG) [charles.tucker@dc.gov] |
| **Sent:** | Tuesday, June 23, 2009 5:27 PM |
| **To:** | Chichester, Thelma (FEMS) |
| **Subject:** | RE: Captain Vanessa Coleman's Trial Board Tomorrow |

Just spoke to them all. I think I can get all 3 of them off... They have nothing to do with the charges...at best Chief Schultz and that is borderline at best...

**From:** Chichester, Thelma (FEMS)
**Sent:** Tuesday, June 23, 2009 5:04 PM
**To:** Tucker, Charles (OAG)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

As late as 2:00 Deborah was waiting for their witness list for tomorrow.

**From:** Tucker, Charles (OAG)
**Sent:** Tuesday, June 23, 2009 5:03 PM
**To:** Chichester, Thelma (FEMS)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

they have I just didnt think they were still being called

**From:** Chichester, Thelma (FEMS)
**Sent:** Tuesday, June 23, 2009 5:02 PM
**To:** Tucker, Charles (OAG)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

These are Vanessa's witnesses. I know that Deborah has been trying to get the witness list from them all day long. But, I know that they have always been on her list. Chief Schultz is the Chief who proposed discipline after Mt Pleasant, Chief Jeffery, AFC Services cant imagine why he has been called and Chief Deaton is her current supervisor. I would suggest sending them an email – touching base – and letting them know you are their counsel and will be there to answer questions or assist blah blah blah blah blah!

**From:** Tucker, Charles (OAG)
**Sent:** Tuesday, June 23, 2009 4:56 PM
**To:** Chichester, Thelma (FEMS)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

this is the first I am hearing of these last three witnesses....what is going on???

**From:** Chichester, Thelma (FEMS)
**Sent:** Tuesday, June 23, 2009 4:55 PM
**To:** Tucker, Charles (OAG)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

Tucker

11/20/2009

Have you met with either of these witnesses?
tgc

**From:** Scott, Deborah (FEMS)
**Sent:** Tuesday, June 23, 2009 4:50 PM
**To:** Schultz, Lawrence (FEMS); Jeffery, Alfred III. (FEMS); Deaton, Joseph (FEMS); Lee, Brian (FEMS)
**Cc:** Chichester, Thelma (FEMS); Tucker, Charles (OAG)
**Subject:** Captain Vanessa Coleman's Trial Board Tomorrow

All:

I just spoke with Captain Coleman's attorney, who is requesting that you testify in the following order:

1. AFC  Lee
2. AFC Jeffery
3. AFC Schultz
4. DFC Deaton

Therefore, beginning at 0900 hours in the Fire Prevention Division's conference room, Suite 370North, AFC Lee will begin testifying in this case.  All of you are on telephone standby and I will call you on your cell phone when it is your turn to testify.  If you need to call me during the day regarding this matter, I may be reached by cell phone at ████████.

Thank you for your attention in this matter.

11/20/2009

**Smith, Tisa (FEMS)**

| | |
|---|---|
| **From:** | Tucker, Charles (OAG) [charles.tucker@dc.gov] |
| **Sent:** | Tuesday, June 23, 2009 5:04 PM |
| **To:** | Chichester, Thelma (FEMS) |
| **Subject:** | RE: Captain Vanessa Coleman's Trial Board Tomorrow |

she sent email the other day that she wanted Chief Lee and Dr.Jeffries..now she going back to her original witness list..

**From:** Chichester, Thelma (FEMS)
**Sent:** Tuesday, June 23, 2009 5:02 PM
**To:** Tucker, Charles (OAG)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

These are Vanessa's witnesses. I know that Deborah has been trying to get the witness list from them all day long. But, I know that they have always been on her list. Chief Schultz is the Chief who proposed discipline after Mt Pleasant, Chief Jeffery, AFC Services cant imagine why he has been called and Chief Deaton is her current supervisor. I would suggest sending them an email – touching base – and letting them know you are their counsel and will be there to answer questions or assist blah blah blah blah blah!

**From:** Tucker, Charles (OAG)
**Sent:** Tuesday, June 23, 2009 4:56 PM
**To:** Chichester, Thelma (FEMS)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

this is the first I am hearing of these last three witnesses....what is going on???

**From:** Chichester, Thelma (FEMS)
**Sent:** Tuesday, June 23, 2009 4:55 PM
**To:** Tucker, Charles (OAG)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

Tucker
Have you met with either of these witnesses?
tgc

**From:** Scott, Deborah (FEMS)
**Sent:** Tuesday, June 23, 2009 4:50 PM
**To:** Schultz, Lawrence (FEMS); Jeffery, Alfred III. (FEMS); Deaton, Joseph (FEMS); Lee, Brian (FEMS)
**Cc:** Chichester, Thelma (FEMS); Tucker, Charles (OAG)
**Subject:** Captain Vanessa Coleman's Trial Board Tomorrow

All:

I just spoke with Captain Coleman's attorney, who is requesting that you testify in the following order:

1. AFC Lee

2. AFC Jeffery
3. AFC Schultz
4. DFC Deaton

Therefore, beginning at 0900 hours in the Fire Prevention Division's conference room, Suite 370North, AFC Lee will begin testifying in this case. All of you are on telephone standby and I will call you on your cell phone when it is your turn to testify. If you need to call me during the day regarding this matter, I may be reached by cell phone at ~~████████~~

Thank you for your attention in this matter.

**Smith, Tisa (FEMS)**

| | |
|---|---|
| **From:** | Tucker, Charles (OAG) [charles.tucker@dc.gov] |
| **Sent:** | Tuesday, June 23, 2009 5:03 PM |
| **To:** | Chichester, Thelma (FEMS) |
| **Subject:** | RE: Captain Vanessa Coleman's Trial Board Tomorrow |

the in building...I will speak to them

**From:** Chichester, Thelma (FEMS)
**Sent:** Tuesday, June 23, 2009 5:02 PM
**To:** Tucker, Charles (OAG)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

These are Vanessa's witnesses. I know that Deborah has been trying to get the witness list from them all day long. But, I know that they have always been on her list. Chief Schultz is the Chief who proposed discipline after Mt Pleasant, Chief Jeffery, AFC Services cant imagine why he has been called and Chief Deaton is her current supervisor. I would suggest sending them an email – touching base – and letting them know you are their counsel and will be there to answer questions or assist blah blah blah blah blah!

**From:** Tucker, Charles (OAG)
**Sent:** Tuesday, June 23, 2009 4:56 PM
**To:** Chichester, Thelma (FEMS)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

this is the first I am hearing of these last three witnesses....what is going on???

**From:** Chichester, Thelma (FEMS)
**Sent:** Tuesday, June 23, 2009 4:55 PM
**To:** Tucker, Charles (OAG)
**Subject:** RE: Captain Vanessa Coleman's Trial Board Tomorrow

Tucker
Have you met with either of these witnesses?
tgc

**From:** Scott, Deborah (FEMS)
**Sent:** Tuesday, June 23, 2009 4:50 PM
**To:** Schultz, Lawrence (FEMS); Jeffery, Alfred III. (FEMS); Deaton, Joseph (FEMS); Lee, Brian (FEMS)
**Cc:** Chichester, Thelma (FEMS); Tucker, Charles (OAG)
**Subject:** Captain Vanessa Coleman's Trial Board Tomorrow

All:

I just spoke with Captain Coleman's attorney, who is requesting that you testify in the following order:

1. AFC Lee
2. AFC Jeffery

11/20/2009

3. AFC Schultz
4. DFC Deaton

Therefore, beginning at 0900 hours in the Fire Prevention Division's conference room, Suite 370North, AFC Lee will begin testifying in this case. All of you are on telephone standby and I will call you on your cell phone when it is your turn to testify. If you need to call me during the day regarding this matter, I may be reached by cell phone at ~~████████~~.

Thank you for your attention in this matter.

**Smith, Tisa (FEMS)**

| | |
|---|---|
| **From:** | Byrne, Kevin (FEMS) [kevin.byrne@dc.gov] |
| **Sent:** | Friday, May 29, 2009 8:05 AM |
| **To:** | Tucker, Charles (OAG) |
| **Cc:** | Lee, Brian (FEMS) |
| **Subject:** | Captain V. Coleman Trial Board of June 2 - Arrive Early if You Want a Seat |

Mr. Tucker,

FYI

Kevin Byrne


-----Original Message-----
From: Chichester, Thelma (FEMS)
Sent: Friday, May 29, 2009 7:57 AM
To: Byrne, Kevin (FEMS)
Subject: Re: Coleman Trial Board - Arrive Early if You Want a Seat

Chief Byrne
She has asked you for authority for your ruling but can provide none for her requests.
Please be sure that you give Charles Tucker copies of all email.  As for the issue of
discovery, discovery requests must be made 72 hours in advance of hearing which in the
best of circumstances wld mean delivery within 48 hours in advance of hearing. The
discovery argument is without merit.  She does not control our process and fortunately
for the agency you are the right one in the PSO spot. Please alert the Chairman about
these issues.


**From:** Karen Gray [mailto:KarenG@whistleblower.org]
**Sent:** Thursday, May 28, 2009 4:28 PM
**To:** Byrne, Kevin (FEMS)
**Subject:** RE: Captain V. Coleman Trial Board of June 2-3

Dear Mr. Byrne:

We received your message (below).  We are shocked that you or any other FEMS official would directly interfere
with our communications to the Trail Board.  We formally note our objection to this inappropriate conduct and
request that the Trail Board be given our letter-motion and be allowed to rule on it in advance of the start of the
June 2 hearing.  These documents were received on May 19, 2009 at 2:50 PM by an employee with the last name
of "Scott."

While we will be sure to make a record on this and any other issue if we come before the Board, we should not be
barred from receiving a ruling in advance.  If the Board should agree with our position, then a ruling in advance
would save the parties the time and expense of preparing for a proceeding that should not take place.

In light of your interference with this proceeding and in order to make a complete record of this and any related
issue we are formally adding you to our witness list.  Please be available to take the witness stand on June 2nd.

Finally, your message is the first time we have been advised that Capt. Coleman would be required to present all

potential exhibits at the outset of the proceeding or that we would be required to present a formal proffer in order to justify calling any witness. As you know, the Trial Board process provides almost no meaningful discovery and to tie counsel's hands by requiring a formal proffer in order to justify each witness called would violate our client's right to due process of law. Moreover, our review of District statutes, regulations and the Fire Department's "Order Book" does not support the proffer and evidentiary requirements you have set forth in your message, below. Please provide us with the legal or procedural bases supporting your statement that we must "make a proffer as to the expected testimony of each witness you intend to call and introduce all documents expected to be used during the proceeding BEFORE any witness is called."

We look forward to receiving a written reply at your earliest opportunity.

Sincerely,


Karen Gray
General Counsel

Richard Condit
Senior Counsel

Attorneys representing Capt. Vanessa Coleman




**From:** Byrne, Kevin (FEMS) [mailto:kevin.byrne@dc.gov]
**Sent:** Thursday, May 28, 2009 12:35 PM
**To:** Karen Gray
**Cc:** Lord, Douglas (FEMS); Alexander, Marceline (FEMS)
**Subject:** Captain V. Coleman Trial Board of June 2-3

Ms. Karen Gray,

This is in answer to your email sent to Lieutenant Douglas Lord on May 27, 2009 at 3:48 pm regarding correspondence intended for the trial board panel in the case of Captain Vanessa Coleman. I have no knowledge of the trial board panel reviewing the May 19th correspondence that was "hand-delivered to them." Further, I have not allowed Lieutenant Douglas Lord to forward your attachment of same. The scope of the trial board panel's authority is to determine the guilt of innocence of a member charged with a specific infraction of a Department rule and nothing else.

Captain Coleman's counsel will be afforded every opportunity to make an opening statement before any witness is called in the proceeding.

Please be prepared to make a proffer as to the expected testimony of each witness you intend to call and introduce all documents expected to be used during the proceeding BEFORE any witness is called.

Kevin M. Byrne

Deputy Fire Chief
Professional Standards Officer
1923 Vermont Ave. NW
Washington, D.C. 20001-4125

Office:   202-673-3390

11/20/2009

Cell:     202-904-7994

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message

**Smith, Tisa (FEMS)**

| | |
|---|---|
| **From:** | Byrne, Kevin (FEMS) [kevin.byrne@dc.gov] |
| **Sent:** | Friday, May 29, 2009 7:34 AM |
| **To:** | Lee, Brian (FEMS); Chichester, Thelma (FEMS) |
| **Subject:** | Coleman Trial Board - Arrive Early if You Want a Seat |

FYI –

Do not reply to these folks.

**From:** Karen Gray [mailto:KarenG@whistleblower.org]
**Sent:** Thursday, May 28, 2009 4:28 PM
**To:** Byrne, Kevin (FEMS)
**Subject:** RE: Captain V. Coleman Trial Board of June 2-3

Dear Mr. Byrne:

We received your message (below). We are shocked that you or any other FEMS official would directly interfere with our communications to the Trail Board. We formally note our objection to this inappropriate conduct and request that the Trail Board be given our letter-motion and be allowed to rule on it in advance of the start of the June 2 hearing. These documents were received on May 19, 2009 at 2:50 PM by an employee with the last name of "Scott."

While we will be sure to make a record on this and any other issue if we come before the Board, we should not be barred from receiving a ruling in advance. If the Board should agree with our position, then a ruling in advance would save the parties the time and expense of preparing for a proceeding that should not take place.

In light of your interference with this proceeding and in order to make a complete record of this and any related issue we are formally adding you to our witness list. Please be available to take the witness stand on June 2nd.

Finally, your message is the first time we have been advised that Capt. Coleman would be required to present all potential exhibits at the outset of the proceeding or that we would be required to present a formal proffer in order to justify calling any witness. As you know, the Trial Board process provides almost no meaningful discovery and to tie counsel's hands by requiring a formal proffer in order to justify each witness called would violate our client's right to due process of law. Moreover, our review of District statutes, regulations and the Fire Department's "Order Book" does not support the proffer and evidentiary requirements you have set forth in your message, below. Please provide us with the legal or procedural bases supporting your statement that we must "make a proffer as to the expected testimony of each witness you intend to call and introduce all documents expected to be used during the proceeding BEFORE any witness is called."

We look forward to receiving a written reply at your earliest opportunity.

Sincerely,

Karen Gray
General Counsel

Richard Condit
Senior Counsel

11/20/2009

Attorneys representing Capt. Vanessa Coleman

**From:** Byrne, Kevin (FEMS) [mailto:kevin.byrne@dc.gov]
**Sent:** Thursday, May 28, 2009 12:35 PM
**To:** Karen Gray
**Cc:** Lord, Douglas (FEMS); Alexander, Marceline (FEMS)
**Subject:** Captain V. Coleman Trial Board of June 2-3

Ms. Karen Gray,

This is in answer to your email sent to Lieutenant Douglas Lord on May 27, 2009 at 3:48 pm regarding correspondence intended for the trial board panel in the case of Captain Vanessa Coleman. I have no knowledge of the trial board panel reviewing the May 19th correspondence that was "hand-delivered to them." Further, I have not allowed Lieutenant Douglas Lord to forward your attachment of same. The scope of the trial board panel's authority is to determine the guilt of innocence of a member charged with a specific infraction of a Department rule and nothing else.

Captain Coleman's counsel will be afforded every opportunity to make an opening statement before any witness is called in the proceeding.

Please be prepared to make a proffer as to the expected testimony of each witness you intend to call and introduce all documents expected to be used during the proceeding BEFORE any witness is called.

Kevin M. Byrne

Deputy Fire Chief
Professional Standards Officer
1923 Vermont Ave. NW
Washington, D.C. 20001-4125

Office:    202-673-3390
Cell:      202-904-7994
CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message

## Smith, Tisa (FEMS)

| | |
|---|---|
| **From:** | Byrne, Kevin (FEMS) [kevin.byrne@dc.gov] |
| **Sent:** | Thursday, May 28, 2009 1:29 PM |
| **To:** | Tucker, Charles (OAG) |
| **Subject:** | Vanessa Coleman Trial Board, June 2-3 |

Mr. Charles Tucker,

I am asking the trial board panel in the case of Captain Vanessa Coleman to limit witnesses and documents to the very specific charges.   Please be prepared to make a proffer as to the expected testimony of each witness you intend to call and  introduce all documents expected to be used during the proceeding before any witness is called on June 2.  Thank you, sir.

-----Original Message-----
From: Chichester, Thelma (FEMS)
Sent: Thursday, May 28, 2009 1:04 PM
To: Byrne, Kevin (FEMS)
Subject: Re: Captain V. Coleman Trial Board of June 2-3

Fantastic response.  Please forward a copy of this to Charles Tucker AAG who is representing us in this matter.

----- Original Message -----
From: Byrne, Kevin (FEMS)
To: KarenG@whistleblower.org <KarenG@whistleblower.org>
Cc: Lord, Douglas (FEMS); Alexander, Marceline (FEMS)
Sent: Thu May 28 12:35:29 2009
Subject: Captain V. Coleman Trial Board of June 2-3

Ms. Karen Gray,

This is in answer to your email sent to Lieutenant Douglas Lord on May 27, 2009 at 3:48 pm regarding correspondence intended for the trial board panel in the case of Captain Vanessa Coleman.  I have no knowledge of the trial board panel reviewing the May 19th correspondence that was "hand-delivered to them." Further, I have not allowed Lieutenant Douglas Lord to forward your attachment of same.  The scope of the trial board panel's authority is to determine the guilt of innocence of a member charged with a specific infraction of a Department rule and nothing else.

Captain Coleman's counsel will be afforded every opportunity to make an opening statement before any witness is called in the proceeding.

Please be prepared to make a proffer as to the expected testimony of each witness you intend to call and introduce all documents expected to be used during the proceeding BEFORE any witness is called.

Kevin M. Byrne

Deputy Fire Chief
Professional Standards Officer
1923 Vermont Ave. NW
Washington, D.C. 20001-4125

11/20/2009

**Smith, Tisa (FEMS)**

| | |
|---|---|
| **From:** | Chichester, Thelma (FEMS) [Thelma.Chichester@dc.gov] |
| **Sent:** | Thursday, May 28, 2009 8:33 AM |
| **To:** | Byrne, Kevin (FEMS) |
| **Subject:** | Re: Capt. Coleman |

And that is precisely what should be conveyed to counsel with the minor inclusion of the
fact that there is no statutory or regulatory authority upon which to grant the request.
In fact the request is inapposite to all relevant authority.

----- Original Message -----
From: Byrne, Kevin (FEMS)
To: Lord, Douglas (FEMS)
Cc: Chichester, Thelma (FEMS)
Sent: Thu May 28 08:06:29 2009
Subject: RE: Capt. Coleman

I have no knowledge of the trial board panel reviewing the May 19th correspondence that
was hand-delivered to them.  Regardless, the scope of their authority is to determine
guilt of innocence of a member charged with a specific infraction of a Department rule and
nothing else.


Counsel will be afforded every opportunity to make an opening statement before any witness
is called in the proceeding.


Kevin M. Byrne


Deputy Fire Chief

Professional Standards Officer

1923 Vermont Ave. NW

Washington, D.C. 20001-4125


Office:    202-673-3390

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole
use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not
the intended recipient, please contact the sender by reply e-mail and destroy all copies
of the original message


From: Lord, Douglas (FEMS)
Sent: Thursday, May 28, 2009 5:26 AM
To: Byrne, Kevin (FEMS); Chichester, Thelma (FEMS)
Subject: FW: Capt. Coleman

1

**Chichester, Thelma (FEMS)**

From:      Lee, Brian (FEMS)
Sent:      Tuesday, October 21, 2008 1:29 PM
To:        Rubin, Dennis (FEMS)
Subject:   RE: Latest Adverse Impact Statistics

Captain Vanessa Coleman refused to sign the consent form, hired an attorney and alleged EEO and
discriminatory practices by the Department as well as challenging the legitimacy of the exam (she has not taken it
yet).
FF Dante Paire took the psyche exam in January of '08 and failed, he has since gone the EEO route.

After this meeting we can then show we investigated in good faith and the clinic stands by their process, then we
can resolve the EEO complaints as un-sustained, order them both to submit to testing again, if they refuse then
we will be able to terminate them for insubordination for failure to comply (but we must close out the EEO issues
first). Hope this gives some clarity.

From: Rubin, Dennis (FEMS)
Sent: Tuesday, October 21, 2008 1:17 PM
To: Lee, Brian (FEMS)
Subject: RE: Latest Adverse Impact Statistics

Thanks!  What was the results of the fitness testing for the incumbents?

From: Lee, Brian (FEMS)
Sent: Tuesday, October 21, 2008 12:49 PM
To: Rubin, Dennis (FEMS)
Subject: FW: Latest Adverse Impact Statistics

Chief R,
There is a meeting scheduled with the PFC on November 3rd with Dr. Smith Jefferies and Dr. Jackson for the
follow up on the Psyche exam and the numbers.

** after conferring with the Medical Services Officer (Begley), we believe that some of the alleged disparity will be
cleared up because the applicants are now sent to suitability prior to taking the Psyche exam instead of the way it
had been done in the past.

The second issue is the testing of incumbent employees through the fitness for duty physicals, currently two
employees are challenging the impartiality and credibility of the Psyche portion.

From: Begley, Kevin (FEMS)
Sent: Tuesday, October 21, 2008 12:19 PM
To: Nwaete, Clothida (FEMS); Rubin, Dennis (FEMS)
Cc: Jeffery, Alfred III. (FEMS); Liles Hutchinson, Detria J. (FEMS); Sa'adah, Rafael (FEMS); Lee, Brian (FEMS)
Subject: RE: Latest Adverse Impact Statistics

Chief Rubin,

Adverse Impact Report attached from 1-1-1998 to 5-31-2007.

5/18/2009

*Thanks and Be Safe*

**Kevin V. Begley**
Battalion Fire Chief
Medical Services Officer
920 Varnum Street NE
Washington, D.C. 20017

Office:    202-269-7508
Fax:       202-269-7533
Mobile    202-386-5626
Email:    kevin.begley@dc.gov

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**Chichester, Thelma (FEMS)**

From:    Rubin, Dennis (FEMS)
Sent:    Tuesday, October 21, 2008 1:38 PM
To:      Lee, Brian (FEMS)
Subject: RE: Latest Adverse Impact Statistics

Thanks!

There was a fire fighter that drew pictures of knifes and guns on a test booklet in EMT class after failing for the third time.  What is his fit for duty status?

From: Lee, Brian (FEMS)
Sent: Tuesday, October 21, 2008 1:29 PM
To: Rubin, Dennis (FEMS)
Subject: RE: Latest Adverse Impact Statistics

Captain Vanessa Coleman refused to sign the consent form, hired an attorney and alleged EEO and discriminatory practices by the Department as well as challenging the legitimacy of the exam (she has not taken it yet).
FF ███████ took the psyche exam in January of '08 and failed,███ has since gone the EEO route.

After this meeting we can then show we investigated in good faith and the clinic stands by their process, then we can resolve the EEO complaints as un-sustained, order them both to submit to testing again, if they refuse then we will be able to terminate them for insubordination for failure to comply (but we must close out the EEO issues first). Hope this gives some clarity.

From: Rubin, Dennis (FEMS)
Sent: Tuesday, October 21, 2008 1:17 PM
To: Lee, Brian (FEMS)
Subject: RE: Latest Adverse Impact Statistics

Thanks! What was the results of the fitness testing for the incumbents?

From: Lee, Brian (FEMS)
Sent: Tuesday, October 21, 2008 12:49 PM
To: Rubin, Dennis (FEMS)
Subject: FW: Latest Adverse Impact Statistics

Chief R,
There is a meeting scheduled with the PFC on November 3rd with Dr. Smith Jefferies and Dr. Jackson for the follow up on the Psyche exam and the numbers.

** after conferring with the Medical Services Officer (Begley), we believe that some of the alleged disparity will be cleared up because the applicants are now sent to suitability prior to taking the Psyche exam instead of the way it had been done in the past.

The second issue is the testing of incumbent employees through the fitness for duty physicals, currently two employees are challenging the impartiality and credibility of the Psyche portion.

5/18/2009

**From:** Begley, Kevin (FEMS)
**Sent:** Tuesday, October 21, 2008 12:19 PM
**To:** Nwaete, Clothida (FEMS); Rubin, Dennis (FEMS)
**Cc:** Jeffery, Alfred III. (FEMS); Liles Hutchinson, Detria J. (FEMS); Sa'adah, Rafael (FEMS); Lee, Brian (FEMS)
**Subject:** RE: Latest Adverse Impact Statistics

Chief Rubin,

Adverse Impact Report attached from 1-1-1998 to 5-31-2007.

***Thanks and Be Safe***

**Kevin V. Begley**
Battalion Fire Chief
Medical Services Officer
920 Varnum Street NE
Washington, D.C. 20017

Office:    202-269-7508
Fax:       202-269-7533
Mobile:    202-386-5626
Email:     kevin.begley@dc.gov

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**Chichester, Thelma (FEMS)**

From:    Lee, Brian (FEMS)
Sent:    Tuesday, October 21, 2008 3:16 PM
To:      Rubin, Dennis (FEMS)
Subject: RE: Latest Adverse Impact Statistics

DFC Jones sent him to the PFC for a fitness for duty exam; he is on Admin Leave until the completion of that process.

From: Rubin, Dennis (FEMS)
Sent: Tuesday, October 21, 2008 1:38 PM
To: Lee, Brian (FEMS)
Subject: RE: Latest Adverse Impact Statistics

Thanks!

There was a fire fighter that drew pictures of knifes and guns on a test booklet in EMT class after failing for the third time.  What is his fit for duty status?

From: Lee, Brian (FEMS)
Sent: Tuesday, October 21, 2008 1:29 PM
To: Rubin, Dennis (FEMS)
Subject: RE: Latest Adverse Impact Statistics

Captain Vanessa Coleman refused to sign the consent form, hired an attorney and alleged EEO and discriminatory practices by the Department as well as challenging the legitimacy of the exam (she has not taken it yet).
FF ████████ took the psyche exam in January of '08 and failed ██ has since gone the EEO route.

After this meeting we can then show we investigated in good faith and the clinic stands by their process, then we can resolve the EEO complaints as un-sustained, order them both to submit to testing again, if they refuse then we will be able to terminate them for insubordination for failure to comply (but we must close out the EEO issues first). Hope this gives some clarity.

From: Rubin, Dennis (FEMS)
Sent: Tuesday, October 21, 2008 1:17 PM
To: Lee, Brian (FEMS)
Subject: RE: Latest Adverse Impact Statistics

Thanks! What was the results of the fitness testing for the incumbents?

From: Lee, Brian (FEMS)
Sent: Tuesday, October 21, 2008 12:49 PM
To: Rubin, Dennis (FEMS)
Subject: FW: Latest Adverse Impact Statistics

Chief R,
There is a meeting scheduled with the PFC on November 3rd with Dr. Smith Jefferies and Dr. Jackson for the

follow up on the Psyche exam and the numbers.

** after conferring with the Medical Services Officer (Begley), we believe that some of the alleged disparity will be cleared up because the applicants are now sent to suitability prior to taking the Psyche exam instead of the way it had been done in the past.

The second issue is the testing of incumbent employees through the fitness for duty physicals, currently two employees are challenging the impartiality and credibility of the Psyche portion.


**From:** Begley, Kevin (FEMS)
**Sent:** Tuesday, October 21, 2008 12:19 PM
**To:** Nwaete, Clothida (FEMS); Rubin, Dennis (FEMS)
**Cc:** Jeffery, Alfred III. (FEMS); Liles Hutchinson, Detria J. (FEMS); Sa'adah, Rafael (FEMS); Lee, Brian (FEMS)
**Subject:** RE: Latest Adverse Impact Statistics

Chief Rubin,

Adverse Impact Report  attached from 1-1-1998 to 5-31-2007.

### *Thanks and Be Safe*

### *Kevin V. Begley*
Battalion Fire Chief
Medical Services Officer
920 Varnum Street NE
Washington, D.C. 20017

Office:     202-269-7508
Fax:        202-269-7533
Mobile      202-386-5626
Email:      kevin.begley@dc.gov

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

# EXHIBIT  O

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Office of the Attorney General**

Civil Litigation Division
General Litigation Section Two



<u>**VIA EMAIL AND US MAIL**</u>

February 2, 2011

Richard Condit
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, D.C. 20006

    Re: *Coleman  v. DC, et al.,*  09-0050 (HHK)

Dear Mr. Condit:

    I write on behalf of Defendants District of Columbia, Brian Lee and Chief Rubin in response to plaintiff's January 14 letter.

*Privilege Matters:*

    In light of plaintiff's January 14, 2011, production of documents that plaintiff received in connection with the Trial Board hearing and/or through a Freedom of Information request, we have reviewed and revised the District's privilege log including both the bates numbers specifically identified in plaintiff's letter and generally. We are producing either in full or redacted format the documents identified on the list below:

| | | |
|---|---|---|
| DC_CM100004-14 | DC_CM100183-186 | DC_CM100207-208 |
| DC_CM100039-41 | DC_CM100187-189 | DC_CM100209-210 |
| DC_CM100042-46 | DC_CM100190-191 | DC_CM100239 |
| DC_CM100047-51 | DC_CM100192-193 | DC_CM100240-242 |
| DC_CM100070-71 | DC_CM100196 | DC_CM100291-292 |
| DC_CM100072-73 | DC_CM100197 | DC_CM100293-294 |
| DC_CM100106-107 | DC_CM100198 | DC_CM100295_296 |
| DC_CM100115-116 | DC_CM100199-200 | DC_CM100369_371 |
| DC_CM100122-123 | DC_CM100201-202 | DC_CM100372 |
| DC_CM100124-125 | DC_CM100203-204 | DC_CM100373-375 |

DC_CM100126-128      DC_CM100205-206      DC_CM100376-377

The attached revised privilege log reflects the above changes.  In addition this production includes documents bates numbered DC_CM001797 through DC_CM 001804 which were collected in response to plaintiff's revised Document Request 10a.

The District disputes plaintiff's additional contention that the District has failed to establish applicability of the attorney client privilege for certain documents listed above, however with the instant production the contention is mostly moot.  With regard to the remaining documents, the District respectfully disagrees that it has failed to demonstrate attorney client privilege.  In addition, the District has also when applicable  asserted work-product privilege.  The work product privilege is intended to "create[] a zone of privacy around counsel who is anticipating litigation or preparing for trial, where her "mental impressions, conclusions, opinions, or legal theories" are inviolate from her opponent's intrusion.  *See Trustees of Electrical Workers Local No. 26 Pension Trust Fund v.  Trust Fund Advisors Inc.*, 266 F.R.D. 1 (D.D.C. 2010)(citing Fed. R. Civ. P. 26(b)(3).[1]  In light of this, plaintiff's repeated demands for privileged documents are inappropriate.  In the interest of resolution however, the District has revised some of its privilege descriptions to further inform plaintiff of the applicable privilege(s).

***Plaintiff's Revised Document Request 10a:***

The enclosed February 2, 2011, supplement to the Defendants' Responses to the Plaintiff's First Request for Production of Documents includes responses to plaintiff's revised Request Nos. 10a.  The District stands by its objections to the indefinite and unlimited time period imposed by this document request.  The District has searched and produced documents responsive to this request up to and including December 31, 2009.

---

[1] Citing *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947), the Court in Trustees further explained:
In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways -aptly though roughly termed by the Circuit Court of Appeals in this case (153 F.2d 212, 223) as the 'Work-product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served. Id. at 510-11. *Id.*

*Additional Discovery Responses:*

The District also supplements its response to Document Request No. 31 to identify documents already produced which are also responsive to this request. With regard to plaintiff's contention that the District's Response to Document Request No. 35 is incomplete, the District directs plaintiff to the District's August 20, 2010, supplemental response to plaintiff's first request for production of documents, at which time the District's production with regard to this request was complete.

Further, plaintiff's January 14, 2011, letter identifies additional responses which plaintiff contends are incomplete. As stated in the District's December 23, 2010, letter no additional responsive documents remain to be produced to plaintiff or logged as privileged.[2] Please accept the assertion in this letter that **the District's production *is complete*** – the District has completed its search for responsive documents and, subject to any objections stated within the responses, has provided those responsive documents to plaintiff or logged them on the District's privilege log. The District observes the duty to supplement pursuant to Rule 26(f), *if necessary*.

*Objections to Discovery Responses:*

With regard to plaintiff's contention that the District's objections are invalid and insufficient, the District respectfully disagrees. Further, plaintiff's contentions, while unwarranted, have been addressed in the District's previous letters and supplemental responses to plaintiff's discovery requests.

Please feel free to call with any questions concerning the above.

Respectfully,

IRVIN B. NATHAN
Acting Attorney General for the District of
Columbia

BY:

/s/  **Juliane T. DeMarco**
BY: JULIANE T DEMARCO
Assistant Attorney General

---

[2] On December 23, 2010, this assertion was subject to documents collected in responses to Plaintiff's revised Document Request 10a; the District's response to 10a is complete with today's production.

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

VANESSA COLEMAN,

     Plaintiff,

     v.

DISTRICT OF COLUMBIA, *et al.*

     Defendants.

Civil Action No. 09-0050 (HHK)

**DEFENDANT DISTRICT OF COLUMBIA'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Pursuant to Fed. R. Civ. P. 34, Defendant District of Columbia (hereinafter "the District"), by and through counsel, hereby responds and objects to Plaintiff's First Set of Requests for Production to Defendant District of Columbia as follows:

**GENERAL OBJECTIONS**

1.    These objections are made without waiving or intending to waive, but rather intending to preserve and preserving: (a) all objections to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in the trial of this or any other action or any subsequent proceeding; (b) the right to object to the use of any document (or the subject matter thereof) that may be produced in the trial of this or any other action or any subsequent proceeding on any grounds; (c) the right to preserve, prior to production and as a condition of production, the confidentiality or the proprietary nature of any document that may be produced or the subject matter thereof; (d) the right to object on any ground at any time to a demand for further production or other discovery involving or relating to the subject matter of the document requests; and (e) the right at

any time to revise, supplement, clarify, or amend the objections and responses to the

document requests if further factual developments or analysis warrants modification, or if

additional information is obtained or documents are located that are properly called for

by the document requests.

2. Each objection set forth in this section shall apply to each of the document

requests as if that objection were set forth in full in response to each document request

and is not necessarily repeated in response to each individual document request. The

assertion of the same, similar, or additional objections in the District's specific objections

to individual document requests, or the failure to assert any additional objection to a

document request, shall not waive any of the District's objections set forth in this section

or the following sections.

3. Defendant generally objects to each of the document requests to the extent

that it seeks information or documents protected from discovery by the attorney-client

privilege, the work product doctrine or any other applicable privilege or doctrine.

Nothing contained in these objections or the responses to individual document requests is

intended as, or shall in any way be deemed as, a waiver of any attorney-client privilege,

any work product doctrine, or any other applicable privilege or doctrine.

4. Defendant objects to each of the "definitions" and "instructions" to the

extent that they seek to impose obligations beyond those consistent with the Federal

Rules. The Defendants further object to the extent that the "definitions" and

"instructions" are overly broad and unduly burdensome and seek to impose an obligation

to produce irrelevant information or information not reasonably calculated to lead to the

discovery of relevant or admissible evidence.

5.      For each supplemental response, the District re-incorporates its previous

answers and objections.

## DOCUMENT REQUESTS

1. For the period January 1, 2006 through the present, please provide all materials

referring or pertaining to any order, request, and/or demand for any FEMS employee to

submit to a psychological and/or psychiatric evaluation and the reason(s) the exam was

being ordered or requested.  You may redact the names and other identifying information

of the employee that was the subject of the fitness for duty evaluation.

**Response:   The District objects to the extent that the Request is overly broad

and unduly burdensome, and seeks confidential psychological or psychiatric

information regarding third parties not otherwise subject to public disclosure.  The

District further objects that personal information of its employees is protected from

disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-

631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-

3112 and 6-3113 (2009)). Finally, the District objects because the request seeks

irrelevant information or information not reasonably calculated to lead to the

discovery of relevant or admissible evidence.[1]**

2. For the period 2006 through the present, please provide any and all materials

(including e-mail and other electronically maintained files) that pertain to the number of

individuals who have been referred to the PFC for psychiatric or psychological

evaluations and, all documents (including e-mail and other electronically maintained

---

[1] Subject to and without waiving additional objections regarding relevance, the District also notes that the
Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42
U.S.C. § 1983.

files) describing the circumstances under which those individuals were referred for a psychological evaluation.

**Response: The District objects to the extent that the Request is overly broad and unduly burdensome and seeks confidential psychological or psychiatric information regarding third parties not otherwise subject to public disclosure. The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.** *See* **D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)). Finally, the District objects because the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.[2]**

3. Any and all materials stating or referring to the physical and mental qualifications requirements for firefighters, including those for the positions occupied or expected to be occupied by Plaintiff Vanessa Coleman.

**Response: The District objects to the extent that the Request is vague. In addition, the District objects to the extent that the Request is overly broad and unduly burdensome. Finally, the District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving the above objections** *see* **District's bates nos. DC_CM 000091 through 000110.**

**August 31, 2010 Supplemental Response: The District objects to the extent that the Request is vague in that it does not define "positions...expected to be**

---

[2] Subject to and without waiving additional objections regarding relevance, the District also notes that the Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983.

4

occupied by Vanessa Coleman."   In addition, the District objects to the extent that the Request is overly broad in that it requests all materials *"referring to"* the physical and mental qualifications for firefighters and that the request is not limited in time nor in scope as to the custodians of such files.  The District further objects that for the same reasons this request is unduly burdensome.

3a. Any and all materials stating or referring to the physical and mental qualifications requirements for firefighters, including those for the positions that were occupied by Plaintiff Vanessa Coleman and those for positions to which Plaintiff Vanessa Coleman was detailed.

**December 23, 2010 Response:** *See* **District's bates nos. DC_CM 000091 through 000110 and DC_CM 000964 through 001025.**

4.  All materials discussing and/or interpreting any of the requirements for fitness for duty and/or psychological evaluations described in 6 DCMR § 2049.

**Response:  The District objects to the extent that the Request is overly broad and unduly burdensome.  In addition, the District objects to the extent that the request seeks privileged information, irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.**

**4a.**  "For the period of January 1, 2006 through the present, please provide all materials to/from or received by the DC Office of the Attorney General, Office of Human Resources, and DC FEMS discussing and/or interpreting any of the requirements for fitness for duty and/or psychological evaluations described in 6 DCMR §2049."

**August 31, 2010, Response:  The District objects to the extent that the Request is overly broad in that it requests "all materials to/from or received by" three large agencies within the District of Columbia with hundreds of employees and that these**

Exhibit O

requests are otherwise unlimited as to custodians or files.  The District further objects that for the same reasons this request is unduly burdensome.  Finally, the District objects to the extent that the request seeks privileged information, irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.

     5. A true and correct copy of Plaintiffs official personnel file (OPF).

**Response:  The District objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   Subject to and without waiving this objection, the District will produce Districts bates nos. DC_CM 000001 through 000090 once a Protective Order is entered by the Court.**

**August 31, 2010 Supplemental Response:  The District objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   Subject to and without waiving this objection, *see* bates nos. DC_CM 000001 through 000090.**

     6. A true and correct copy of Plaintiffs Company file.

**    Response:  The District objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   Subject to and without waiving this**

objection, the District has requested information responsive to this Request and will
supplement its response with any non-privileged responsive documents that exist.

December 23, 2010 Supplemental Response:  The responds that no
responsive material exists.

7.  A true and correct copy of Plaintiffs Battalion file.

Response:  The District objects that personal information of its employees is
protected from disclosure on the grounds of security, and privacy interests.  *See*
D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and
3113 (CDCR §§ 6-3112 and 6-3113 (2009)).   Subject to and without waiving this
objection, the District responds that upon information and belief, no information
responsive to this request exists.

August 31, 2010, Supplemental Response:  The District withdraws its prior
response to this document request and responds as follows:  The District objects
that personal information of its employees is protected from disclosure on the
grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C.
Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-
3113 (2009)).   Subject to and without waiving this objection, the District has
requested information responsive to this Request and will supplement its response
with any non-privileged responsive documents that exist.

December 23, 2010 Supplemental Response:  The responds that no
responsive material exists.

8.  All materials referring or pertaining to the Plaintiffs position description for each
position she held while employed.

7

**Response:  The District objects to the extent that the Request is overly broad and unduly burdensome.  In addition, the District objects to the extent that the** request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Subject to and without waiving the above objections, the District has requested information responsive to this Request and will supplement its response with any non-privileged responsive documents that exist.

August 31, 2010, Supplemental Response:  The District objects to the extent that the Request is overly broad in that it requests all materials "referring or pertaining to" the plaintiff's position description and that the request is not limited in time.  The District further objects that for the same reasons this request is unduly burdensome.   In addition, the District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  Subject to and without waiving the above objections, the District has requested information responsive to this Request and will supplement its response with any non-privileged responsive documents that exist.

December 23, 2010 Supplemental Response:  The District directs plaintiff to bates nos. DC 001794 through 001796.

9.  All email communications generated during the period March 1, 2008 through the present that refer or relate to Vanessa Coleman, including emails to, from, carbon-copied to or blind carbon-copied to the following individuals: Fire and EMS Chief Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz,

8

Battalion Chief Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin

Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph

Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, General Counsel Marceline

Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and FEMS Deputy

General Counsel Thelma Chichester.

**Response:  The District objects to the extent that the Request is overly broad**

**and unduly burdensome.  In addition, the District objects to the extent that the**

**request seeks irrelevant information or information not reasonably calculated to**

**lead to the discovery of relevant or admissible evidence.  Finally, the District objects**

**that this request seeks information that is protected by work product, attorney**

**client and deliberative process privileges.  The District will supplement this response**

**with any non-privileged, relevant, responsive documents that exist.**

**August 20, 2010 Supplemental Response: The District objects to the extent that**

**the Request is overly broad and unduly burdensome.  In addition, the District**

**objects to the extent that the request seeks irrelevant information or information not**

**reasonably calculated to lead to the discovery of relevant or admissible evidence.**

**Finally, the District objects that this request seeks information that is protected by**

**work product, attorney client and deliberative process privileges.  Subject to and**

**without waiving these objections, *see* District's bates nos. DC_CM 000228 through**

**000262, DC_CM 000264 through 000566, DC_CM 000732 through 000740, and**

**DC_CM 000742 through 000886, and the following ranges:**

| | | | |
|---|---|---|---|
| DC_CM | 100013 | to | 100014 |
| DC_CM | 100016 | to | 100018 |
| DC_CM | 100020 | to | 100029 |
| DC_CM | 100065 | to | 100068 |

9

| DC_CM | 100097 | to | 100100 |
|-------|--------|-----|--------|
| DC_CM | 100103 | to | 100105 |
| DC_CM | 100118 | to | 100119 |
| DC_CM | 100143 | to | 100144 |
| DC_CM | 100241 | to | 100242 |
| DC_CM | 100266 | to | 100267 |
| DC_CM | 100145 | to | 100147 |
| DC_CM | 100220 | to | 100220 |
| DC_CM | 100221 | to | 100221 |
| DC_CM | 100222 | to | 100222 |
| DC_CM | 100285 | to | 100287 |

**August 31, 2010, Supplemental Response:**  The District objects to the extent that the Request is overly broad in that it requests all materials "refer or relate to" the plaintiff and that the request is unlimited as to the custodians of such files. The District further objects to the extent that the Request is overly broad as it fails to limit the scope of the request to topics relevant to plaintiff's claims.  The District further objects that for these same reasons this request is unduly burdensome.  In addition, the District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence because it is not limited to topics relevant to plaintiff's claims or to relevant defenses.  Finally, the District objects that this request seeks information that is protected by work product, attorney client and deliberative process privileges.   Subject to and without waiving these objections, *see* District's bates nos. DC_CM 000228 through 000262, DC_CM 000264 through 000566, DC_CM 000732 through 000740, and DC_CM 000742 through 000886, and the following ranges:

| DC_CM | 100013 | to | 100014 |
|-------|--------|-----|--------|
| DC_CM | 100016 | to | 100018 |

| | | | |
|---|---|---|---|
| **DC_CM** | **100020** | **to** | **100029** |
| **DC_CM** | **100065** | **to** | **100068** |
| **DC_CM** | **100097** | **to** | **100100** |
| **DC_CM** | **100103** | **to** | **100105** |
| **DC_CM** | **100118** | **to** | **100119** |
| **DC_CM** | **100143** | **to** | **100144** |
| **DC_CM** | **100241** | **to** | **100242** |
| **DC_CM** | **100266** | **to** | **100267** |
| **DC_CM** | **100145** | **to** | **100147** |
| **DC_CM** | **100220** | **to** | **100220** |
| **DC_CM** | **100221** | **to** | **100221** |
| **DC_CM** | **100222** | **to** | **100222** |
| **DC_CM** | **100285** | **to** | **100287** |

**December 23, 2010 Supplemental Response:** *See* bates nos. DC_CM 001137

**through 1370 and DC_CM 001452 through 001793 and** *see*:

| | | | |
|---|---|---|---|
| DC_CM | 1137 | through | 1368 |
| DC_CM | 1369 | through | 1370 |
| DC_CM | 1371 | through | 1401 |
| DC_CM | 1402 | through | 1432 |
| DC_CM | 1433 | through | 1451 |
| DC_CM | 1452 | through | 1773 |
| DC_CM | 1774 | through | 1793 |
| DC_CM | 1794 | through | 1796 |
| DC_CM | 100001 | through | 100001 |
| DC_CM | 100015 | through | 100015 |
| DC_CM | 100019 | through | 100019 |
| DC_CM | 100030 | through | 100030 |
| DC_CM | 100037 | through | 100037 |
| DC_CM | 100060 | through | 100061 |
| DC_CM | 100062 | through | 100063 |
| DC_CM | 100064 | through | 100064 |
| DC_CM | 100069 | through | 100069 |
| DC_CM | 100072 | through | 100073 |
| DC_CM | 100074 | through | 100074 |
| DC_CM | 100075 | through | 100075 |
| DC_CM | 100096 | through | 100096 |
| DC_CM | 100101 | through | 100101 |

Exhibit O

| DC_CM | 100141 | through | 100141 |
| DC_CM | 100151 | through | 100151 |
| DC_CM | 100133 | through | 100133 |
| DC_CM | 100149 | through | 100150 |
| DC_CM | 100156 | through | 100157 |
| DC_CM | 100183 | through | 100184 |
| DC_CM | 100190 | through | 100191 |
| DC_CM | 100255 | through | 100256 |
| DC_CM | 100288 | through | 100296 |
| DC_CM | 100345 | through | 100347 |
| DC_CM | 100365 | through | 100366 |

10.  All materials relating to communications between Assistant Attorney General Charles Tucker and any employee or contractor, and/or contract employee of PFC Associates.

**Response:  The District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome and to the extent it seeks work product or information subject to attorney client privilege.  Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.**

**August 31, 2010, Supplemental Response:  The District objects to the extent that the Request is overly broad as it seeks materials for an unlimited time period. The defendants further object that the request is overbroad as it seeks materials not limited in scope to topics relevant to plaintiff's claims or relevant defenses.   The defendants further object that the request is overbroad in that it requests all materials *"relating to"* communication between Assistant Attorney General Charles**

12

Tucker and any employee or contractor, and/or contract employee of PFC
Associates which makes the request unlimited as to the custodians of such files.

The District further objects to the extent that the request seeks irrelevant
information or information not reasonably calculated to lead to the discovery of
relevant or admissible evidence as it seeks information unrelated to plaintiff or her
claims in the instant litigation. The District also objects to the extent that the
Request seeks work product or information subject to attorney client privilege.
Subject to and without waiving these objections, upon information and belief no
information responsive to this request exists.

10a. All materials relating to communications concerning Plaintiff Vanessa
Coleman between Assistant Attorney General Charles Tucker and any employee or
contractor, and/or contract employee of PFC Associates.

**December 23, 2010 Response:** **The District objects to the extent that the
Request is overly broad as it seeks materials for an unlimited time period after
plaintiff's trial board hearing and subsequent termination. Subject to and without
waiving this objection, the District has requested information responsive to this
request and will supplement its answer with any non-privileged responsive
information that may exist.**

**February 2, 2011, Supplemental Response:** **The District objects to the extent
that the Request is overly broad as it seeks materials for an unlimited time period
after plaintiff's trial board hearing and subsequent termination. Subject to and
without waiving this objection, and for responsive documents up to and including**

13

**December 31, 2009,** *see* **DC_CM 100369 through 100371 and DC_CM 100373 through 100375.**

11.  All materials referring or pertaining to any licenses or certifications held by or training received by:

      a. Defendant Dennis Rubin;

      b. Defendant Brian Lee;

      c. Detria Lyles-Hutchinson;

      d. John Lee (see, *e.g.,* Sec. Amend. Compl. Ps 14-16);

      e. Mark Bloom;

      f. Robert Shaefer;

      g. Robert Kane;

      h. Thelma Chichester;

      i. Kevin Begley; and

      j. PFC Medical Director Dr. Michelle Smith-Jefferies.

**Response:  The District also objects to the extent that the Request is overly broad and unduly burdensome.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  The District objects to this request as it seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.[3]**

**<u>August 31, 2010, Supplemental Response:</u>  The District also objects to the**

---

[3] Subject to and without waiving additional objections regarding relevance, the District also notes that the Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983.

extent that the Request is overly broad in that it  requests all materials *"referring or pertaining to"* any licenses or certifications; the request is overly broad in that it is unlimited in time and in the  scope of the type of license information requested.  The request is overly broad in the personnel for whom such information is requested. For these reasons, the request is unduly burdensome.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  The District objects to this request as it seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence as it requests license information for an unrelated time period, concerning topics or licensing unrelated to plaintiff's claims or relevant defenses.[4]

12.  All materials referring or pertaining to the decision(s) to select Defendant Rubin for the position of Chief of FEMS.

**Response:**  The District objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  The District further objects to this request as it seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or

---

[4] Subject to and without waiving additional objections regarding relevance, the District also notes that the Court's May 13, 2010, Order stayed discovery "on the Plaintiff's constitutional claims filed pursuant to 42 U.S.C. § 1983.

admissible evidence.[5]

August 31, 2010, Supplemental Response:  The District also objects to the extent that the Request is overly broad as it seeks all materials *"referring or pertaining to"* the decision to select Dennis Rubin for the position of Chief of FEMS. The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  The District further objects to this request as it seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.[6]

13.  All materials referring or pertaining to the decision(s) to select Brian Lee to serve as an Assistant Fire Chief.

Response:  The District objects to the extent that it is overly broad and unduly burdensome and to the extent the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.

August 31, 2010, Supplemental Response:  The District objects to the extent

---

[5] *See* note 3, *supra.*
[6] *See* note 3, *supra.*

16

that the Request is overly broad in that it requests all materials "referring or pertaining to" the decision to select Brian Lee to serve as Assistant Fire Chief.   The District further objects to the extent that the request is unduly burdensome and to the extent the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District further objects that personal information of its employees is protected from disclosure on the grounds of security, and privacy interests.  *See* D.C. Code § 1-631.01; D.C. Personnel Regulations, Chapter 31A at §§ 3112 and 3113 (CDCR §§ 6-3112 and 6-3113 (2009)).  Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.

14. All materials referring or pertaining to the letter of decision/termination issued by Defendant Rubin to the Plaintiff.

**Response:  The District objects that this request seeks information that is protected by the attorney client privilege.  Subject to and without waiving this objection, the District will supplement this response with any non-privileged, relevant, responsive documents that exist.**

**August 20, 2010 Supplemental Response: The District objects that this request seeks information that is protected by the attorney client privilege.  Subject to and without waiving this objection, *see* District's bates nos. DC_CM 000887 through 000963.**

15. All materials referring or pertaining to communications between the any member of the Fire Trial Board that decided FEMS Case Nos. U-08-302, U-08-330, and U-09-46 and Defendant Rubin.

17

Response:  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  Subject to and without waiving these objections, the District will supplement its response with any non-privileged responsive relevant information that may exist.

August 31, 2010, Supplemental Response:  The District objects to the extent that the Request is overly broad as it seeks materials for an unlimited time period. The defendants further object that the request is overbroad as it seeks materials not limited in scope of topics relevant to plaintiff's claims or relevant defenses.   The defendants further objects that the request is overbroad in that it requests all materials "referring and pertaining to" communications between the Fire Trial Board and Dennis Rubin which makes the request unlimited as to the custodians of such files or communications.

The District further objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence as it seeks information unrelated to plaintiff or her claims in the instant litigation. The District also objects to the extent that the Request seeks work product or information subject to attorney client privilege. Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.

15a. All materials referring or pertaining to communications between any member of the Fire Trial Board that decided FEMS Case Nos. U-08-302, U-08-330, and U-09-46 and defendant Rubin created between March I, 2008 and the present.

18

**December 23, 2010 Response:**  The District objects to the extent that the Request is overly broad as it seeks materials for an unlimited time period after plaintiff's trial board hearing and subsequent termination.  Subject to and without waiving this objection, the District responds that no responsive information exists.

16. All materials referring or pertaining to communications between the any member of the Fire Trial Board that decided FEMS Case Nos. U-08-302, U-08-330, and U-09-46 and Defendant Lee.

**Response:**  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  Subject to and without waiving these objections, the District will supplement its response with any non-privileged responsive, relevant information that may exist.

**August 31, 2010, Supplemental Response:**  The District objects to the extent that the Request is overly broad as it seeks materials for an unlimited time period. The defendants further object that the request is overbroad as it seeks materials not limited in scope of topics relevant to plaintiff's claims or relevant defenses.   The defendants further object that the request is overbroad in that it requests all materials "referring and pertaining to" communications between the Fire Trial Board and Brian Lee which makes the request unlimited as to the custodians of such files or communications.

The District further objects to the extent that the request seeks irrelevant information or information not reasonably calculated to lead to the discovery of

19

relevant or admissible evidence as it seeks information unrelated to plaintiff or her claims in the instant litigation. **The District also objects to the extent that the Request seeks work product or information subject to attorney client privilege. Subject to and without waiving these objections, upon information and belief no information responsive to this request exists.**

16a. All materials referring or pertaining to communications between the members of the Fire Trial Board that decided FEMS Case Nos. U-08-302, U-08-330, and U-09-46 and Defendant Lee created between March 1, 2008 and the present.

**December 23, 2010 Response:  The District objects to the extent that the Request is overly broad as it seeks materials for an unlimited time period after plaintiff's trial board hearing and subsequent termination.  Subject to and without waiving this objection, the District directs plaintiff to Bates Nos. DC_CM 001369 through 001370.**

17. All materials referring or pertaining to the laws, rules, regulations, policies, guidelines, or other information that the Defendants believe gives them the authority to order a FEMS employee to undergo a fitness for duty evaluation or assessment and/or psychological and/or psychiatric assessment.

**Response:  The District objects to the extent that the Request is overly broad and unduly burdensome and seeks information subject to the attorney client or deliberative process privileges.  Subject to and without waiving this objection, *see* District's bates nos. DC_CM 0000111 through 0000227.  The District will supplement this response with additional non-privileged responsive documents that may exist.**

20

**August 31, 2010, Supplemental Response:** The District objects to the extent that the Request is overly broad in that it requests all materials *"referring and pertaining to"* the subject matter identified. The District further objects that the request is overbroad as is seeks all materials "referring or pertaining to" the subject matter for an unlimited period of time and unlimited in scope as to the custodians of any such documents. For these reasons, the request is unduly burdensome. Subject to and without waiving this objection, *see* District's bates nos. DC_CM 0000111 through 0000227. The District will supplement this response with additional non-privileged responsive documents that may exist.

**December 23, 2010 Supplemental Response:** *See* bates nos. DC_CM 0000964 through 001025.

18. All materials referring or pertaining to the laws, rules, regulations, policies, guidelines, or other information that the Defendants believe gives them the authority to discipline a FEMS employee who fails or refuses to undergo a fitness for duty evaluation or assessment and/or psychological and/or psychiatric assessment.

**Response:** The District objects to the extent that the Request is overly broad and unduly burdensome and seeks information subject to the attorney client or deliberative process privileges. Subject to and without waiving these objections, *see* District's bates nos. DC_CM 0000111 through 0000227. The District will supplement this response with additional non-privileged responsive documents that may exist.

**August 20, 2010 Supplemental Response:** The District objects to the extent that the Request is overly broad and unduly burdensome and seeks information

subject to the attorney client or deliberative process privileges.  Subject to and without waiving these objections, *see* previously provided District's bates nos. DC_CM 0000111 through 0000227 and *see* District's bates nos. DC_CM 000964 through 001025.

**August 31, 2010, Supplemental Response:**  The District objects to the extent that the Request is overly broad in that it requests all materials *"referring and pertaining to"* the subject matter identified.  The District further objects that the request is overbroad as is seeks all materials "referring or pertaining to" the subject matter for an unlimited period of time and unlimited in scope as to the custodians of any such documents.  For these reasons, the request is unduly burdensome.  Subject to and without waiving this objection, *see* District's bates nos. DC_CM 0000111 through 0000227.  The District will supplement this response with additional non-privileged responsive documents that may exist.

**December 23, 2010 Supplemental Response:**  *See* bates nos. DC_CM 0000964 through 001025.

19. All materials referring or pertaining to each and every basis supporting the claim or assertion of the First Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:**  *See* **Plaintiff's Second Amended Complaint for the allegations upon which the District bases its affirmative defense that Plaintiffs' complaint fails to state a claim for which relief should be granted.  The District further responds that its investigation of Plaintiff's claims and its defenses remains ongoing and it will**

22

supplement this response with any new or different non-privileged information that may exist.

August 20, 2010 Supplemental Response: *See* Plaintiff's Second Amended Complaint for the allegations upon which the District bases its affirmative defense that Plaintiffs' complaint fails to state a claim for which relief should be granted. *See* District's bates nos. DC_CM 000679 through 000731 and District's bates nos. DC_CM 001026 through 001081. The District further responds that its investigation of Plaintiff's claims and its defenses remains ongoing.

December 23. 2010 Supplemental Response: The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000567 through 000678 and DC_CM00732 through 0001025. The District further directs plaintiff to bates nos. DC_CM 1137 through 001796. The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer with any new and different responses

20. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Third Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

Response: The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.

**December 23, 2010 Supplemental Response:** **The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000001 through 001136. The District further directs plaintiff to bates nos. DC_CM 1137 through 001796. The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer with any new and different responses**

21. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Fourth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:** **The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23, 2010 Supplemental Response:** **The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000001 through 001136. The District further directs plaintiff to bates nos. DC_CM 001137 through 001796. The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer.**

22. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Fifth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

24

Exhibit O

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000001 through 001136.  The District further directs plaintiff to bates nos. DC_CM 001137 through 001796.  The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer.**

23. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Sixth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District responds that no responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer with any new and different responses**

24. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Seventh Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

25

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District responds that no responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer with any new and different responses.**

25. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Eighth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response:  The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000001 through 001136.  The District further directs plaintiff to bates nos. DC_CM 001137 through 001796.  The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer.**

26. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Ninth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

26

Exhibit O

Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.

December 23. 2010 Supplemental Response:  The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000001 through 001136.  The District further directs plaintiff to bates nos. DC_CM 001137 through 001796.  The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer.

27. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Tenth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

Response:  The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.

December 23. 2010 Supplemental Response:  The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000001 through 001136.  The District further directs plaintiff to bates nos. DC_CM 001137 through 001796.  The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer.

27

28. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Eleventh Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response: The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23, 2010 Supplemental Response: The District incorporates its prior responses and objections and directs plaintiff to previously produced documents bates nos. DC_CM 000001 through 001136. The District further directs plaintiff to bates nos. DC_CM 001137 through 001796. The District further responds that no additional responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer.**

29. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Twelfth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response: The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23, 2010 Supplemental Response: The District responds that no responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer with any new and different responses.**

30. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Thirteenth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response: The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**December 23. 2010 Supplemental Response: The District responds that no responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer with any new and different responses**

31. All materials referring or pertaining to each and every basis supporting the claim or assertion of the Fourteenth Defense stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**Response: The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will supplement its response with any new or different information non-privileged information that may exist.**

**February 2, 2011, Supplemental Response:** *See* **DC_CM000001 through 001804.**

32. All materials referring or pertaining to each and every basis supporting the claim or assertion that the District is or may be entitled to any type of set-off as stated in Defendants' Answer to Plaintiffs Second Amended Complaint.

**August 31, 2010 Supplemental Response: The District responds that its investigation of Plaintiff's claims and its defenses remains ongoing, and it will**

supplement its response with any new or different information non-privileged information that may exist.

**December 23. 2010 Supplemental Response:** The District responds that no responsive materials exist; the District maintains that its investigation of Plaintiff's claims and its defenses remains ongoing and it reserves the right to supplemental this answer with any new and different responses

33. All materials addressing the following questions or issues:

(a) The date(s) when a litigation hold(s) or other evidence preservation request(s) or order(s) was issued in this case?

(b) To whom any litigation hold(s) or other evidence preservation request(s) or order(s) was issued in this case?

(c) What evidence, if any, was preserved as a consequence of any litigation hold(s) or other document preservation request(s) or order(s) that was issued in this case?

**Response:  The District objects that this request seeks information that is protected by attorney client and attorney work product privileges.**

34. All materials referring or pertaining to the deletion or destruction in any manner of any document, e-mail and/or electronic files after March 1,2008 that were created, received, or stored by Fire and EMS Chief Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz, Battalion Chief Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, FEMS General Counsel Marceline Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and/or FEMS Deputy General Counsel Thelma Chichester.

30

**Response:**  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  The District further objects based on foundation to the extent the request presupposes the deletion or destruction of relevant material.

**34a.**  With respect to Vanessa Coleman, 6 DCMR § 2049, the Mt. Pleasant Fire on March 12, 2008, and the Coleman Fire Trial Board (including case no.s U-08-032, U-08-330, and U-09-46) all materials referring or pertaining the deletion or destruction in any manner of documents, e-mails and/or electronic files after March 1, 2008, that were created, received, or stored by Fire and EMS Chief Dennis Rubin, Assistant Fire Chief Brian Lee, Assistant Fire Chief Lawrence Schultz, Battalion Chief Robert Kane, Battalion Chief Paul Schaefer, Battalion Chief Kevin Begley, Battalion Chief Mark Bloom, Battalion Chief John Lee, Battalion Chief Joseph Deaton, Detria Lyles-Hutchinson, FOIA Officer Tisa Smith, FEMS General Counsel Marceline Alexander, Deputy General Counsel to the Mayor Runako Allsopp, and/or FEMS Deputy General Counsel Thelma Chichester.

**August 31, 2010 Response:**  The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence.  The District also objects to the extent that the Request is overly broad and unduly burdensome.  Subject to and without waiving these objections, the District will supplement its response with any responsive documents that may exist.

31

35.  All materials pertaining or referring to the decision to assign or detail the Plaintiff from Engine Company 21 to the FEMS Facilities Maintenance Building.

**Response:  The District will supplement its response with any responsive documents that may exist.**

**August 20, 2010 Supplemental Response:  *See* District's bates no. DC_CM 000741.**

36.  For the period March 1, 2008 through October 1, 2009, please provide all materials wherein Plaintiff raised a complaint, concern, grievance, or made a disclosure pertaining or referring to any violation of law, regulation, policy, order book or standard.

**Response:  The District objects to the extent that the Request is vague.  The District further objects to the form of this Request, and that the terms "complaint, concern, grievance, and disclosure" are vague and ambiguous.  Subject to and without waiving these objections, the District will supplement its response with any responsive documents that may exist.**

**August 20, 2010 Supplemental Response:  The District objects to the extent that the Request is vague.  The District further objects to the form of this Request, and that the terms "complaint, concern, grievance, and disclosure" are vague and ambiguous.  Subject to and without waiving these objections, *see* District's bates nos. DC_CM 000567 through 000678.**

37. For the period March 1, 2008 through October 1, 2009, please provide an authentic copy of all materials created, generated, stored, or maintained by the FEMS Office of Compliance indicating every instance where the Plaintiff initiated or attempted to initiate charges or disciplinary actions.

32

**Response: The District objects that this request seeks information that is protected by the attorney client privilege. Subject to and without waiving this objection, the District will supplement its response with any responsive documents that may exist.**

38. All materials pertaining or referring to Plaintiff's communications (in any form) with the Mayor, D.C. City Council, Committee of the D.C. City Council, and/or person working for the D.C. City Council.

**Response: The District objects to the extent that the Request seeks irrelevant information or information not reasonably calculated to lead to the discovery of relevant or admissible evidence. The District also objects to the extent that the Request is overly broad and unduly burdensome. Finally, the District objects that this request may seek information that is protected by attorney client or the deliberative process privilege. Subject to and without waiving these objections, the District will supplement its response with any responsive documents that may exist.**

**August 31, 2010, Supplemental Response: The District also objects to the extent that the Request is overly broad as it is unlimited in time, scope or topic. Further, the District objects that the request is overly broad in that it seeks "all materials *pertaining or referring to* plaintiff's communications" and thus the subject matter and the custodians are while potentially unlimited unlikely to lead to the relevant evidence. For these reasons, the request is unduly burdensome. The District further objects to the extent that the Request seeks irrelevant information as the request is unlimited in topic or time period or information not reasonably calculated to lead to the discovery of relevant or admissible evidence. Finally, the**

33

District objects that this request may seek information that is protected by attorney

client or the deliberative process privilege.  Subject to and without waiving these

objections, the District will supplement its response with any responsive documents

that may exist.

38a. All materials communicated by or to any employee of FEMS, OAG and PFC

& Associates pertaining or referring to Plaintiffs communications (in any form) with the

Mayor, D.C. City Council, Committee of the D.C. City Council, and/or person working

for the D.C. City Council created between March 1,2008 and October 1, 2009.

**December 23, 2010 Response:  The District objects to the extent that the**

**Request is overly broad as it is as it seeks "all materials *pertaining or referring to***

***plaintiff's communications*" from the PFC and three large agencies within the**

**District of Columbia with hundreds of employees.  This request is otherwise**

**unlimited as to custodians or files.  For these same reasons, the request is unduly**

**burdensome.  The District further objects to the extent that the Request seeks**

**irrelevant information as the request is unlimited in topic or time period or**

**information not reasonably calculated to lead to the discovery of relevant or**

**admissible evidence.  Finally, the District objects that this request, seek information**

**that is protected by attorney client or the deliberative process privilege.  Subject to**

**and without waiving these objections, the District directs plaintiff to bates nos.**

**DC_CM 000818 to 000873 and DC_CM 001472 through 001480.**

Respectfully submitted,

IRVIN B. NATHAN
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/Erica Taylor McKinley
ERICA TAYLOR MCKINLEY [467884]
Chief, Section II
Civil Litigation Division

/s/ Juliane T. DeMarco
JULIANE T. DEMARCO [490872]
Assistant Attorney General
441 Fourth Street, N.W., Suite 650 North
Washington, D.C. 20001
(202) 741-0763
(202) 741-0575 (fax)
E-mail: Juliane.DeMarco@dc.gov

Attorneys for the District of Columbia

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing **Defendant's Supplemental**

**Responses and Objections to Plaintiff's First Request for Production** to be sent to

Plaintiff's counsel, via email on February 2, 2011 and US Mail on February 3, 2011:

Richard E. Condit
Government Accountability Project
1612 K Street, NW, Suite 1100
Washington, D.C. 20006

**/s/ Juliane T. DeMarco**
JULIANE T. DEMARCO
**Assistant Attorney General**

35

Exhibit O

*Coleman v. D.C. et al .*, 09-0050 (HHK)

Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM000263-DC_CM000263 | 12/2/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Liles-Hutchinson, Detria (FEMS) | Grambo, Geoffrey (FEMS) | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100001 | Produced December 22, 2010. | | | | | | |
| DC_CM100002 | 7/5/2008 | Email | Schultz, Lawrence (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS); Hutchinson, Detria (FEMS); Bloom, Mark (FEMS) | Reilley, Michael (FEMS) | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100003 | 7/5/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS)Hutchinson, Detria (FEMS); | | Confidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100004-DC_CM100014 (100007-100014)*NP | 7/2/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS)Hutchinson, Detria (FEMS); | | Redaction onfidential communication from agency employee to agency counsel seeking legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100015-DC_CM100018 (100016-100018)*NP | Produced December 22, 2010. | | | | | | |
| DC_CM100019-DC_CM100029 (100020-100029)*NP | Produced December 22, 2010. | | | | | | |
| DC_CM100030 | 7/16/2008 | Email | Lee, Brian (FEMS) | Rubin, Dennis (FEMS); Schultz, Lawrence (FEMS) | None | Redaction of email reflecting request for legal advice of agency counsel (T. Chichester) and communication of confidential information provided in the connection with the same concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100031-DC_CM100036 | Intentional Gap | | | | | | |
| DC_CM100037 | Produced December 22, 2010. | | | | | | |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit O

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100038 | Produced October 15, 2010. | | | | | | |
| DC_CM100039-<br>DC_CM100041 | Produced February 2, 2011. | | | | | | |
| DC_CM100042-<br>DC_CM100046 | Produced February 2, 2011. | | | | | | |
| DC_CM100047-<br>DC_CM100051 | Produced February 2, 2011. | | | | | | |
| DC_CM100052-<br>DC_CM100054 | 3/10/2009 | Email | Deaton, Joseph (FEMS) | Lee, Brian (FEMS); Begley, Kevin (FEMS); Gretz, Raymond (FEMS) | None | Redaction of communication from agency employee reflecting legal advice from agency counsel regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100055-<br>DC_CM100057 | 1/2/2009 | Email | Lee, Brian (FEMS) | Lee, Brian (FEMS); Begley, Kevin (FEMS); Gretz, Raymond (FEMS) | None | Redaction of communication from agency employee reflecting legal advice from agency counsel regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100058-<br>DC_CM100058 | Produced October 15, 2010. | | | | | | |
| DC_CM100059-<br>DC_CM100059 | Produced October 15, 2010. | | | | | | |
| DC_CM100060-<br>DC_CM100061 | 12/3/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Redaction of onfidential communication from agency employee to agency counsel reflecting legal advice of agency counsel regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100062-<br>DC_CM100063 | 12/3/2008 | Email | Alexander, Marceline (FEMS) | Chichester, Thelma (FEMS); Begley, Kevin (FEMS); Lee, Brian (FEMS) | None | Confidential communication of legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100064-<br>DC_CM100068<br>(100065-<br>100068)*NP | 8/1/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

2

Exhibit O

*Coleman v. D.C. et al .*, 09-0050 (HHK)

Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100069-DC_CM100069 | 9/4/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100070-DC_CM100071 | Produced February 2, 2011. | | | | | | |
| DC_CM100072-DC_CM100073 | Produced February 2, 2011. | | | | | | |
| DC_CM100074-DC_CM100074 | 8/1/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential communication of legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100075-DC_CM100075 | 8/1/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100076-DC_CM100079 | Intentional Gap | | | | | | |
| DC_CM100080-DC_CM100081 | 5/22/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Atterbeary, Vanessa (OAG) | Smith-Jeffries, Michelle (PFC) | Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100082-DC_CM100083 | 5/22/2009 | Email | Lee, Brian (FEMS) | Flint, William (FEMS) | None | Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit O

*Coleman v. D.C. et al* ., 09-0050 (HHK)
Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100084-DC_CM100085 | 5/22/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Atterbeary, Vanessa (OAG) | Smith-Jeffries, Michelle (PFC) | (DCCM_100084(1)) Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman(DCCM_100084(2))Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100086-DC_CM100088 | 5/22/2009 | Email | Smith-Jeffries, Michelle (PFC) | Lee, Brian (FEMS) | Begley, Kevin (FEMS); Qaunder, Paul (MPD); Thronson, Steve | (DCCM_100086) Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman (DCCM_100086-087)Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit O

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100089-DC_CM100092 | 5/22/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Atterbeary, Vanessa (OAG) | | (DCCM_100089(1)) Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman. (DCCM_100089(2)) Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman. (DCCM_100089-090)Redaction of confidential communication of information from agency employee pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman. | Attorney-Client Privilege |
| DC_CM100093-DC_CM100095 | 11/26/2008 | Email | Witowski, Wayne (OAG) | Chichester, Thelma (FEMS) | none | Confidential communication rendering legal advice relating to outside attorney communication with agency officials | Attorney-Client Privilege; Work Product |
| DC_CM100096-DC_CM1000100 (100097-100100)*NP | Produced December 22, 2010. | | | | | | |
| DC_CM100101-DC_CM100101 | Produced December 22, 2010. | | | | | | |
| DC_CM100102-DC_CM100105 (100103-100105)*NP | 8/7/2008 | Email | Lee, Brian (FEMS) | Alexander, Marceline (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice concerning personnel matters related to Vanessa Coleman's preservation request | Attorney-Client Privilege |
| DC_CM100106-DC_CM100107 | Produced February 2, 2011. | | | | | | |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

5

Exhibit O

*Coleman v. D.C. et al* ., 09-0050 (HHK)
Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100108-DC_CM100109 | 8/7/2008 | Email | Alexander, Marceline (FEMS) | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS) | Confidential communication from agency counsel requesting information relevant to request for legal advice related to Vanessa Coleman's fitness for duty examination in anticipation of litgation related to the same. | Attorney-Client Privilege; Work Product |
| DC_CM100110-DC_CM100111 | 8/7/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | Alexander, Marceline | Confidential communication from agency employee requesting legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100112-DC_CM100114 (100113-100114)*NP | 8/8/2008 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS); Alexander, Marceline (FEMS) | none | Confidential communication from agency employee in response to request from counsel for information to render legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100115-DC_CM100116 | Produced February 2, 2011. | | | | | | |
| DC_CM100117-DC_CM100119 (100118-100119)*NP | Produced October 15, 2010. | | | | | | |
| DC_CM100120-DC_CM100121 | Produced October 15, 2010. | | | | | | |
| DC_CM100122-DC_CM100122 | Produced February 2, 2011. | | | | | | |
| DC_CM100122-DC_CM100123 | Produced February 2, 2011. | | | | | | |
| DC_CM100124-DC_CM100125 | Produced February 2, 2011. | | | | | | |
| DC_CM100126-DC_CM100128 | Produced February 2, 2011. | | | | | | |
| DC_CM100129-DC_CM100131 | Intentional Gap | | | | | | |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit O

*Coleman v. D.C. et al* ., 09-0050 (HHK)
Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100132-DC_CM100132 | 9/4/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100133-DC_CM100133 | 9/4/2008 | Email | Chichester, Thelma (FEMS) | Deaton, Joseph (FEMS) | None | Confidential communication from agency counsel rendering legal advice and reflecting counsels thoughts and impressions regarding personnel matters related to Vanessa Coleman and in anticipation of litigation concerning the same. | Attorney-Client Privilege; Work Product |
| DC_CM100134-DC_CM100135 | 9/5/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100136-DC_CM100140 | Intentional Gap | | | | | | |
| DC_CM100141-DC_CM100141 | Produced December 22, 2010. | | | | | | |
| DC_CM100142-DC_CM100144 (100143-100144)*NP | Produced October 15, 2010. | | | | | | |
| DC_CM100148-DC_CM100148 | Intentional Gap | | | | | | |
| DC_CM100149-DC_CM100150 | 12/3/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Response to confidential communication from agency employee requesting legal advice regarding personnel matters related to Vanessa Coleman's fitness for duty examination and reflecting counsel's thoughts and impressions concerning ongoing litigation. | Attorney-Client Privilege; Work Product |

*Coleman v. D.C. et al* ., 09-0050 (HHK)
Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100151-DC_CM100151 | 8/8/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS); Alexander, Marceline (FEMS); Begley, Keven (FEMS) | None | Confidential communication rendering legal advice and reflecting counsel's impressions pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |
| DC_CM100152-DC_CM100153 | Produced October 15, 2010. | | | | | | |
| DC_CM100154-DC_CM100155 | 9/1/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Byrne, Kevin (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's personnel matters including the fit for duty examination | Attorney-Client Privilege |
| DC_CM100156-DC_CM100157 | 9/1/2009 | Email | Chichester, Thelma (FEMS); | Byrne, Kevin (FEMS) | Lee, Brian (FEMS) | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100158-DC_CM100159 | 8/25/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); | None | Confidential communication from agency employee for purpose of seeking legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100160-DC_CM100182 | Intentional Gap | | | | | | |
| DC_CM100183-DC_CM100186 | Produced February 2, 2011. | | | | | | |
| DC_CM100187-DC_CM100189 | Produced February 2, 2011. | | | | | | |
| DC_CM100190-DC_CM100191 | Produced February 2, 2011. | | | | | | |
| DC_CM100192-DC_CM100193 | Produced February 2, 2011. | | | | | | |
| DC_CM100194-DC_CM100195 | Intentional Gap | | | | | | |
| DC_CM100196-DC_CM100196 | Produced February 2, 2011. | | | | | | |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit O

*Coleman v. D.C. et al .,* 09-0050 (HHK)

Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100197-DC_CM100197 | Produced February 2, 2011. | | | | | | |
| DC_CM100198-DC_CM100198 | Produced February 2, 2011. | | | | | | |
| DC_CM100199-DC_CM100200 | Produced February 2, 2011. | | | | | | |
| DC_CM100201-DC_CM100202 | Produced February 2, 2011. | | | | | | |
| DC_CM100203-DC_CM100204 | Produced February 2, 2011. | | | | | | |
| DC_CM100205-DC_CM100206 | Produced February 2, 2011. | | | | | | |
| DC_CM100207-DC_CM100208 | Produced February 2, 2011. | | | | | | |
| DC_CM100209-DC_CM100210 | Produced February 2, 2011. | | | | | | |
| DC_CM100211-DC_CM100214 | 8/19/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege |
| DC_CM100215-DC_CM100218 | 8/19/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege; Work Product |
| DC_CM100219-DC_CM100219 | 8/19/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit O

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100220-DC_CM100220 | 8/20/2009 | Email | Lee, Brian (FEMS) | Scott, Deborah (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100221-DC_CM100221 | 8/20/2009 | Email | Lee, Brian (FEMS) | Scott, Deborah (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100222-DC_CM100222 | 8/20/2009 | Email | Lee, Brian (FEMS) | Scott, Deborah (FEMS); Chichester, Thelma (FEMS) | None | Redaction of confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100223-DC_CM100223 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Begley, Kevin (FEMS) | None | Forward of confidential communication of draft document from agency employee provided to agency counsel for purpose of rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100224-DC_CM100238 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential draft document for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100239-DC_CM100239 | Produced February 2, 2011. | | | | | | |
| DC_CM100240-DC_CM100242 (100241- | Produced February 2, 2011. | | | | | | |
| DC_CM100243-DC_CM100243 | | | Intentional Gap | | | | |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

10

Exhibit O

*Coleman v. D.C. et al*., 09-0050 (HHK)

Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100244-DC_CM100245 | 8/20/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege |
| DC_CM100246-DC_CM100246 | 8/20/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Scott, Deborah (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and providing confidential draft letter for counsel's legal advice concerning the same. | Attorney-Client Privilege |
| DC_CM100247-DC_CM100250 | | | Intentional Gap | | | | |
| DC_CM100251-DC_CM100252 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Scott, Deborah (FEMS) | None | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100253-DC_CM100254 | 9/1/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100255-DC_CM100256 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS) | Lee, Brian (FEMS) | Confidential communication from agency counsel rendering legal advice and seeking information for purposes of rendering further advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100257-DC_CM100258 | 9/1/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Byrne, Kevin (FEMS) | None | Confidential communication from agency employee providing information for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

11

Exhibit O

*Coleman v. D.C. et al .*, 09-0050 (HHK)

Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100259-DC_CM100259 | 9/2/2009 | Email | Scott, Deborah (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100260-DC_CM100260 | Produced October 15, 2010. | | | | | | |
| DC_CM100261-DC_CM100261 | Produced October 15, 2010. | | | | | | |
| DC_CM100262-DC_CM100262 | 9/2/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS) | | Redaction of confidential communication from agency counsel seeking information for purposes of rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and reflecting counsel's thoughts and impressions concerning ongoing and anticipated litigation. | Attorney-Client Privilege; Work Product |
| DC_CM100263-DC_CM100263 | 9/2/2009 | Email | Byrne, Kevin (FEMS) | Chichester, Thelma (FEMS) | | Confidential communication from agency employee for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege |
| DC_CM100264-DC_CM100264 | 9/2/2009 | Email | Chichester, Thelma (FEMS) | Byrne, Kevin (FEMS); Lee, Brian (FEMS) | Lord, Douglas (FEMS); Begley, Kevin (FEMS) | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision and reflecting counsel's thoughts and impressions concerning ongoing and anticipated litigation. | Attorney-Client Privilege; Work Product |
| DC_CM100265-DC_CM100267 (100266-100267)*NP | 10/2/2009 | Email | Byrne, Kevin (FEMS) | Ealey-Tate, Carmen (FEMS) | Lord, Douglas (FEMS); Lee, Brian (FEMS); Chichester, Thelma (FEMS) | Redaction of legal advice from agency counsel regarding personnel matters related to Vanessa Coleman's Trial Board Decision and reflecting counsel's mental impressions. | Attorney-Client Privilege; Work Product |

Exhibit O

*Coleman v. D.C. et al* ., 09-0050 (HHK)
Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100268-DC_CM100282 | 9/1/2009 | Email | Chichester, Thelma (FEMS) | Begley, Kevin (FEMS) | None | Forward of confidential communication from agency employee provided to agency counsel for purpose of rendering legal advice regarding personnel matters related to Vanessa Coleman's Trial Board Decision. | Attorney-Client Privilege; Work Product |
| DC_CM100283-DC_CM100284 | 10/2/2009 | Email | Lee, Brian (FEMS); | Ealey-Tate, Carmen (FEMS) | Lord, Douglas (FEMS); Chichester, Thelma (FEMS) | (DC_CM100283(2))Redaction pof confidential communication of agency employee in connection with procurement of legal advice from agency counsel regarding personnel matters related to Vanessa Coleman's Trial Board Decision. (DC_CM100283(2))Redaction of legal advice from agency counsel regarding personnel matters related to Vanessa Coleman's Trial Board Decision and reflecting counsel's mental impressions. | Attorney-Client Privilege; Work Product |
| DC_CM100038-DC_CM100038 | 8/4/2010 | Memo | Ferguson, Stephanie (OAG); Latttimore, Phillip (OAG | DeMarco, Juliane (OAG) | None | Confidential communication agency counsel providing information in response to request for same in anticipation of litigation concerning Vanessa Coleman | Work Product |
| DC_CM100288-DC_CM100288 | 7/5/2008 | Email | Schultz, Lawrence (FEMS) | Bloom, Mark (FEMS); Lee, Brian(FEMS); Brown, Thelma (OAH); Liles-Hutchinson, Detria (FEMS) | Reilley, Michael (FEMS) | Redaction of confidential communication from agency employee for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman. | Attorney-Client Privilege; Work Product |
| DC_CM100289-DC_CM100290 | 7/5/2008 | Email | Schultz, Lawrence (FEMS) | Bloom, Mark (FEMS); Lee, Brian(FEMS); Brown, Thelma (OAH); Liles-Hutchinson, Detria (FEMS) | Reilley, Michael (FEMS) | Redaction of confidential communication from agency employee for purposes of seeking legal advice regarding personnel matters related to Vanessa Coleman. | Attorney-Client Privilege; Work Product |
| DC_CM100291-DC_CM100292 | Produced February 2, 2011. | | | | | | |
| DC_CM100293-DC_CM100294 | Produced February 2, 2011. | | | | | | |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit O

*Coleman v. D.C. et al*., 09-0050 (HHK)
Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100295-DC_CM100296 | Produced February 2, 2011. | | | | | | |
| DC_CM100297-DC_CM100297 | 9/18/2008 | Email | Chichester, Thelma (FEMS) | Taylor, Alexis (OHR) | none | Confidential communication concerning policy policy with regard to email use and religious references | Deliberative process privilege |
| DC_CM100298-DC_CM100299 | 9/18/2008 | Email | Taylor, Alexis (OHR) | Chichester, Thelma (FEMS) | Witowski, Wayne (OAG) | Confidential communication concerning policy policy with regard to email use and religious references | Deliberative process privilege |
| DC_CM100300-DC_CM100301 | 9/18/2008 | Email | Chichester, Thelma (FEMS) | Grimaldi, John (OAG) | none | Confidential communication from agency counsel to Office of Attorney General attorney seeking legal advice concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100302-DC_CM100303 | 9/18/2008 | Email | Witowski, Wayne (OAG) | Chichester, Thelma (FEMS); Taylor, Alexis (OHR) | Fleps, Christina (OCTO); Grimaldi, John (OAG) | Confidential communication from Office of Attorney General providing legal advice and opnion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100304-DC_CM100306 | 9/18/2008 | Email | Fleps, Christina (OCTO) | Chichester, Thelma (FEMS); Taylor, Alexis (OHR); Witowski, Wayne (OAG) | Grimaldi, John (OAG); Kindra, Vivek (OCTO) | Confidential communication from OCTO General Counsel providing legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100307-DC_CM100309 | 9/18/2008 | Email | Chichester, Thelma (FEMS) | Fleps, Christina (OCTO); Taylor, Alexis (OHR); Witowski, Wayne (OAG) | Grimaldi, John (OAG); Kindra, Vivek (OCTO) | Confidential communication from FEMS agancy counsel to OCTO General Counsel seeking legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100310-DC_CM100312 | 9/18/2008 | Email | Fleps, Christina (OCTO) | Chichester, Thelma (FEMS); Taylor, Alexis (OHR); Witowski, Wayne (OAG) | Grimaldi, John (OAG); Kindra, Vivek (OCTO) | Confidential communication from OCTO General Counsel providing legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit O

*Coleman v. D.C. et al .,* 09-0050 (HHK)

Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100313-DC_CM100315 | 9/18/2008 | Email | Grimaldi, John (OAG) | Chichester, Thelma (FEMS); Taylor, Alexis (OHR); Witowski, Wayne (OAG); Fleps, Christina (OCTO) | Kindra, Vivek (OCTO) | Confidential communication from OAG attorney seeking informtion in connection with request for legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100316-DC_CM100318 | 9/18/2008 | Email | Chichester, Thelma (FEMS) | Grimaldi, John (OAG) | none | Confidential communication from agency counsel providing confidential information in connection with request for legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100319-DC_CM100322 | 9/19/2008 | Email | Grimaldi, John (OAG) | Chichester, Thelma (OAG) | Witowski, Wayne (OAG); Fleps, Christina (OCTO); Kindra, Vivek (OCTO) | Confidential communication from OAG attorney providing legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100323-DC_CM100326 | 9/19/2008 | Email | Taylor, Alexis (OHR) | Chichester, Thelma (OAG); Grimaldi, John (OAG) | Witowski, Wayne (OAG); Fleps, Christina (OCTO); Kindra, Vivek (OCTO) | Response to confidential communication from OAG attorney providing legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100327-DC_CM100330 | 9/19/2008 | Email | Chichester, Thelma (FEMS) | Grimaldi, John (OAG) | Alexander, Marceline | Confidential communication from agency counsel to OAG attorney in connection with request for legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100331-DC_CM100335 | 9/19/2008 | Email | Fleps, Christina (OCTO) | Taylor, Alexis (OHR); Fleps, Christina (OCTO); Grimaldi, John (OAG) | Witowski, Wayne (OAG); Kundra, Vivek (OCTO) | Response to confidential communication from OAG attorney providing legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |
| DC_CM100335-DC_CM100339 | 9/19/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Forward of confidential communication from OAG attorney providing legal advice and opinion concerning policy policy with regard to email use and religious references | Attorney Client Privilege; Deliberative process privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit O

*Coleman v. D.C. et al .*, 09-0050 (HHK)

Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100340-DC_CM100340 | 4/17/2009 | Email | Liles-Hutchinson, Detria (FEMS) | Lee, Brian | Chichester, Thelma (FEMS); Wallace, Jane (FEMS); Ealey-Tate, Caremen (FEMS); Ford, Claude (FEMS) | Confidential communication from agency employee related to ongoing litigation concerning Vanessa Coleman's personnel matters | Attorney Client Privilege; Work Product |
| DC_CM100341-DC_CM100341 | 9/15/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential draft document prepared by counsel reflecting counsel's mental thoughts and impressions regarding personnel matters related to Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100342-DC_CM100342 | 9/15/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency official in connection with request for legal advice and confidential draft document prepared by counsel reflecting counsel's mental thoughts and impressions regarding personnel matters related to Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100343-DC_CM100344 | 9/15/2008 | Email | Liles-Hutchinson, Detria (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee related to ongoing litigation concerning Vanessa Coleman's personnel matters | Attorney Client Privilege; Work Product |
| DC_CM100345-DC_CM100347 | Produced December 22, 2010. | | | | | | |
| DC_CM100348-DC_CM100354 | 10/1/2009 | Email | Liles-Hutchinson, Detria (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing draft document and seeking legal advice concerning same in connection with Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100355-DC_CM100355 | 12/10/2009 | Email | Liles-Hutchinson, Detria (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential information concerning Vanessa Coleman's OHR proceeding and reflecting legal strategy concerning same | Attorney Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit O

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100356-DC_CM100356 | 9/14/2009 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential communication from agency counsel to agency employee providing counsel's impressions in connection with Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100357-DC_CM100357 | 9/14/2009 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Forward of confidential communication from agency counsel to agency employee providing counsel's impressions in connection with Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100358-DC_CM100358 | 9/14/2009 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Forward of confidential communication from agency counsel to agency employee providing counsel's impressions in connection with Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100359-DC_CM100359 | 9/14/2009 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel to agency employee providing counsel's impressions in connection with Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100360-DC_CM100360 | 9/30/2009 | Email | Liles-Hutchinson, Detria (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential information and seeking legal advice concerning Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100361-DC_CM100361 | 9/30/2009 | Email | Chichester, Thelma (FEMS) | Liles-Hutchinson, Detria (FEMS) | None | Response to confidential communication from agency employee providing confidential information and seeking legal advice concerning Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100362-DC_CM100362 | 11/4/2009 | Email | Liles-Hutchinson, Detria (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee providing confidential information and seeking legal advice concerning Vanessa Coleman's OHR proceeding | Attorney Client Privilege; Work Product |
| DC_CM100363-DC_CM100363 | 10/10/2008 | Email | Alexander, Marceline (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication between agency counsel in connection with Vanessa Coleman's civil complaint | Attorney Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

17

Exhibit O

*Coleman v. D.C. et al* ., 09-0050 (HHK)

Defendants' Vaughn Index, February 2, 2011

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100365-DC_CM100365 | 7/25/2008 | Email | Schultz, Lawrence (FEMS) | Jordan, Christopher (FEMS); Lee, Brian (FEMS); Liles-Hutchinson, Detria (FEMS); Brown, Thelma (OAG); Alexander, Marceline (OAG) | None | Confidential communication from agency employee providing information in connection with request for legal advice concerning personnel matters related to Vanessa Coleman | Attorney Client Privilege |
| DC_CM100367-DC_CM100368 | undated | letter | Chichester, Thelma (FEMS) | none | none | Confidential draft document prepared by agency counsel reflecting legal advice and counsel's strategy and mental mpressions in connection with Vanessa Coleman's trial board hearing | Attorney Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

# EXHIBIT  P

**Begley, Kevin (FEMS)**

| | |
|---|---|
| **From:** | Lee, Brian (FEMS) |
| **Sent:** | Wednesday, February 11, 2009 3:56 PM |
| **To:** | Begley, Kevin (FEMS) |
| **Cc:** | Chichester, Thelma (FEMS) |
| **Subject:** | FW: |
| **Importance:** | High |
| **Attachments:** | Inefficiency and Inexcusable Neglect of Duty.doc |

This is an earlier e-mail that I sent with the special report that actually uses words like conspiracy, mutiny and "situational catalyst" to destroy her. I was being barraged weekly by these types of e-mails from Captain Coleman. My response below speaks for itself.

---

I am coordinating with Thelma to send her for a fitness for duty physical to include psych evaluation. There is obviously a serious problem here and I am fearful she's going to become harmful to herself or others; because of the tone of her reports which appears to be irrational and displays a sense of conspiracy involving everyone in her chain of command including subordinates. In my opinion this has reached critical mass.

---

**From:** Coleman, Vanessa (FEMS)
**Sent:** Wednesday, July 16, 2008 12:43 PM
**To:** Lee, Brian (FEMS)
**Subject:**
**Importance:** High

**Chief Lee, a copy of some of the reports have been provided for your reference.   Your prompt written response is greatly appreciated.**

Captain Vanessa Coleman

DC FEMS/Engine 21-1

(202) 673-3221 work

RUSAVED?  Romans 10:9-10

2/12/2009

195

# EXHIBIT  Q

## Chichester, Thelma (FEMS)

| | |
|---|---|
| **From:** | Lee, Brian (FEMS) |
| **Sent:** | Wednesday, July 16, 2008 4:28 PM |
| **To:** | Alexander, Marceline (FEMS); Brown, Thelma (FEMS); Liles Hutchinson, Detria J. (FEMS) |
| **Subject:** | FW: |
| **Importance:** | High |
| **Attachments:** | Requesting A Follow up on Disciplinary Case Numbers - Updated.doc; Requesting A Follow up on Disciplinary Case Numbers.doc; DIRECTOR OF EEO VIOLATION.doc; Inefficiency and Inexcusable Neglect of Duty.doc |

I need some immediate help on how to correctly relieve this member from duty and order a fitness for duty physical, these lasts reports sent directly to the Chief and violating the chain of command give me great pause for the sanctity of the workplace. Captain Coleman's reports are becoming more alarming and I believe she should be removed from the work place until this whole issue is settled.

**From:** Coleman, Vanessa (FEMS)
**Sent:** Wednesday, July 16, 2008 12:43 PM
**To:** Lee, Brian (FEMS)
**Subject:**
**Importance:** High

*Chief Lee, a copy of some of the reports have been provided for your reference.   Your prompt written response is greatly appreciated.*

Captain Vanessa Coleman

DC FEMS/Engine 21-1

(202) 673-3221 work

RUSAVED?  Romans 10:9-10

5/18/2009

# EXHIBIT  R

**Begley, Kevin (FEMS)**

**From:** Lee, Brian (FEMS)
**Sent:** Thursday, February 19, 2009 2:13 PM
**To:** Begley, Kevin (FEMS); Chichester, Thelma (FEMS)
**Subject:** RE: Captain Vanessa Coleman

Hold on for a minute, I will talk to both Dr.s this is a Department order, no different than any other physical that we order. If it is "under duress" then conceivably everyone could claim that who didn't want to complete the process. After conferring with Thelma and Both Dr.s I will direct you as to how to proceed, on first look we destroy the ability of the agency to try and get at the root cause of a members issue if we allow them to claim duress and stop the process. To me the reason why the judge allowed the process to proceed is directly contrary to what the Psychiatrist is saying!!

**From:** Begley, Kevin (FEMS)
**Sent:** Thursday, February 19, 2009 2:04 PM
**To:** Lee, Brian (FEMS); Chichester, Thelma (FEMS)
**Subject:** Captain Vanessa Coleman

Chief Lee,

Captain Vanessa Coleman's Psychological Component has not been completed with Dr. Morote.
Captain Vanessa Coleman did sign the consent form and completed the testing portion.
During the interview portion yesterday Captain Vanessa Coleman made a statement to Dr. Morote which caused Dr. Morote to believe that
Captain Vanessa Coleman not taking the test under her own free will.

 I am waiting for an E-Mail from Dr. Morote for the proper wording that was used that caused Dr. Morote to stop the interview.
Dr. Morote stated she would not continue with the interview until she received a letter from Captain Vanessa Coleman's lawyer stating Captain Vanessa Coleman was participating in the Fitness for Duty Physical voluntarily, freely, and not under duress.

Captain Vanessa Coleman has been rescheduled for the interview appointment on March 11, 2009.  Captain Vanessa Coleman must produce this letter to continue.  The reason the appointment was scheduled out that far was because Captain Vanessa Coleman stated she had a class to attend as verified by DFC Deaton's E-Mail below.  This class also conflicted with the Medical Component but the Medical Component will not take place until the Psychological Component is completed.

I spoke with Thelma Chichester and she has asked for this incident to be documented and forwarded to her.  Thelma will then forward this to the attorney handling Captain Vanessa Coleman's case.

***Thanks and Be Safe***

***Kevin V. Begley***
Battalion Fire Chief

2/19/2009

Medical Services Officer
920 Varnum Street NE
Washington, D.C. 20017

Office:   202-269-7508
Fax:      202-269-7533
Mobile    202-386-5626
Email:    kevin.begley@dc.gov

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Deaton, Joseph (FEMS)
**Sent:** Thursday, February 19, 2009 9:48 AM
**To:** Begley, Kevin (FEMS)
**Subject:** FW:

Chief Begley,
Capt. Coleman is this scheduled to go to the NFA as outlined below.
Would it be possible to change her appointment?

**From:** Coleman, Vanessa (FEMS)
**Sent:** Thursday, February 19, 2009 9:12 AM
**To:** Deaton, Joseph (FEMS)
**Subject:**

Chief Deaton,

In regards to the PFC evaluation mandate: I am scheduled for a follow up on March 12th. The medical component of the test was scheduled for February 27, 2009. It is observed that the medical component falls within the same week as the NFA class (**February 23 - March 6**) of which I was approved to attend in Emmitsburg, MD. Therefore, so as not to conflict with the PFC appointment, I was wondering if I could be permitted to reschedule the medical exam for either today or tomorrow. Or, perhaps it can be rescheduled for a day after my March 6th return. Again, I am available to take this component today or Friday.
I would greatly appreciate it if you could promptly forward this inquiry to Chief Begley on my behalf. A prompt response is requested, as it will determine whether I'll need to prepare for or withdraw from the NFA course. TY!

**Captain Vanessa Coleman**

**DC FEMS/Engine 21-1**

**(202) 673-3221 work**

**EMBRACE CHANGE! One Nation under God...with Freedom, Equality & Justice for All.**

2/19/2009

**197**

# EXHIBIT  S

**Begley, Kevin (FEMS)**

| | |
|---|---|
| From: | Lee, Brian (FEMS) |
| Sent: | Friday, July 25, 2008 1:42 PM |
| To: | Begley, Kevin (FEMS) |
| Cc: | 'msjefferies@pfcassociates.org' |
| Subject: | Re: Captain V. Coleman |

Kevin, I have been told by legal my e-mail to you is sufficient. I hav stated my concerns in the e-mail.

----- Original Message -----
From: Begley, Kevin (FEMS)
To: Lee, Brian (FEMS)
Cc: 'Michelle Smith-Jefferies' <msjefferies@pfcassociates.org>
Sent: Fri Jul 25 13:36:37 2008
Subject: RE: Captain V. Coleman

Chief Lee,


I am requesting a report stating the reason why a FFD Physical is being requested.



Thanks and Be Safe


Kevin V. Begley

Battalion Fire Chief

Medical Services Officer

920 Varnum Street NE

Washington, D.C. 20017


| | |
|---|---|
| Office: | 202-269-7508 |
| Fax: | 202-269-7533 |
| Mobile | 202-386-5626 |
| Email: | kevin.begley@dc.gov |

1

COLEMANTB-01-000024

**102**

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

From: Lee, Brian (FEMS)
Sent: Friday, July 25, 2008 10:30 AM
To: Begley, Kevin (FEMS)
Cc: 'Michelle Smith-Jefferies'
Subject: Captain V. Coleman


Chief Begley,


I am hereby ordering Captain Coleman be immediately scheduled for a complete fitness for duty exam. I have become increasingly concerned about her constant and sometimes alarming e-mails and reports about possible conspiracy in the work place; and her inability to adhere to directives given by myself and other Superior officers. This behavior has become disruptive to members of her platoon as well as the efficient management of the Department. I believe a fitness for duty exam may help us determine if there is a medical cause for this behavior. Thank you.

Chief Lee 7/28/08:   Telephone Conversation.

? Competency
? Paranoia
? Delusional behavior.
   Accused a chief of creating mutiny c̄ in the company.
   Filed EEO complaints about all of her supervisors.

Can only c̄ hold a Captain if if you are suspended.
Worried about peoples safety. in the firehouse. She is
    detailed to facilities.

2

COLEMANTB-01-000025

**103**

# EXHIBIT  T

**Begley, Kevin (FEMS)**

| | |
|---|---|
| **From:** | Lee, Brian (FEMS) |
| **Sent:** | Monday, January 05, 2009 1:20 PM |
| **To:** | Begley, Kevin (FEMS) |
| **Cc:** | Chichester, Thelma (FEMS) |
| **Subject:** | FW: New appointment dates |
| **Importance:** | High |

Please have the Clinic or Ms. Little draft a letter notifying Captain Coleman of her Fitness for duty physical as outlined below; I have explained to the OAG Counsel that Capt. Coleman already received the medical portion of the exam a couple of months ago. Correct?? Thanks

**From:** Atterbeary, Vanessa (OAG)
**Sent:** Monday, January 05, 2009 12:24 PM
**To:** Lee, Brian (FEMS); Chichester, Thelma (FEMS)
**Subject:** RE: New appointment dates
**Importance:** High

Go ahead and send a letter to Coleman stating that she is to appear for the exam on 1/21.  The letter should state the following –

1.      reasons for ordering the exam & consequences for failure to cooperate; and,
2.      offer Coleman the opportunity to submit medical documentation from her personal physician or practitioner which the agency shall review and consider or that she can propose a physician or practitioner of her choice.

The DCMR Regs also state that the medical eval must be done first.  If the medical eval does not explain Coleman's behavior (which it won't I am sure) then a psych eval can be done.  So do the medical exam first.

Thanks & let me know if there are any questions.

Vanessa E. Atterbeary
Assistant Attorney General
General Litigation III, Civil Litigation Divison
Office of the Attorney General for the District of Columbia
441 4th Street, N.W.
Suite 6S060
Washington, D.C. 20001
(202) 727-9624/direct
(202) 741-8894/fax


This is a copy of Captain Coleman's e-mail acknowledging receipt of the Fitness for duty physical dates.

-----Original Message-----
From: Deaton, Joseph (FEMS)
Sent: Monday, January 05, 2009 12:14 PM
To: Lee, Brian (FEMS); Begley, Kevin (FEMS)
Subject: Fw: New appointment dates


1/5/2009

COLEMANTB-01-000019

FYI

----- Original Message -----
From: Coleman, Vanessa (FEMS)
To: Deaton, Joseph (FEMS)
Sent: Mon Jan 05 09:14:44 2009
Subject: RE: New appointment dates

Dates received.

Chief Deaton have my requested Workforce Development classes been approved yet, especially the classes for January 8th and 9th?

Captain Vanessa Coleman

DC FEMS/Engine 21-1

(202) 673-3221 work

WAKE UP!  2 TIM. 3:1-5

---

From: Deaton, Joseph (FEMS)
Sent: Mon 1/5/2009 8:00 AM
To: Coleman, Vanessa (FEMS)
Subject: New appointment dates

Capt. Coleman,

You have been scheduled for the following appointments at the PFC.

The times, and dates are:

Psychological Component:        January 21, 2009 at 1000 hours - Test

January 21, 2008 at 1100 hours - Interview

Medical Component:   February 5, 2008 at 1030 hours

Thank you,

Joseph E. Deaton

Deputy Fire Chief, Logistics

D.C. Fire & EMS Department

1/5/2009

COLEMANTB-01-000020

**167**

# EXHIBIT  U

| From: | Begley, Kevin (FEMS) |
|---|---|
| Sent: | Friday, August 01, 2008 10:00 AM |
| To: | Alexander, Marceline (FEMS); Chichester, Thelma (FEMS); Jeffery, Alfred III. (FEMS); Lee, Brian (FEMS); Schultz, Lawrence (FEMS) |
| Subject: | Captain Vanessa S. Coleman E-21-1 |

**Attachments:** hppscan293.pdf

Chief Lee,

Attached is Captain Coleman's Special Report.

Captain Vanessa S. Coleman E-21-1 reported for her Fitness for Duty Physical as ordered. Captain Vanessa S. Coleman E-21-1 stated she was not going to sign the consent form given to her until she had time to speak to her attorney and get his advice. I had informed Captain Vanessa S. Coleman E-21-1 if she did not sign the consent form we would not be able to begin the Fitness for Duty Physical and she would be charged for Insubordination. Dr. Jacqueline Jackson placed Captain Vanessa S. Coleman E-21-1 on Sick Leave from a Behavioral Health stand point because the member was refusing to be tested as ordered.

  Therefore, I find Captain Vanessa S. Coleman E-21-1 in violation of the 6 DCMR Section 1603.3 Subsection (f) (4), and D.C Fire & EMS Department Order Book Article VII, Section 2.2: "Any on-duty or employment-related act or omission that interferes with the efficiency or integrity of government services."   Specifically, pursuant to 6 DCMR Section 1603.3, Subsection (f) (4), Captain Vanessa S. Coleman E-21-1 is charged with Insubordination for Failure to take a Fitness for Duty Physical as Ordered.

*Thanks and Be Safe*

*Kevin V. Begley*
Battalion Fire Chief
Medical Services Officer
920 Varnum Street NE
Washington, D.C. 20017

| Office: | 202-269-7508 |
|---|---|
| Fax: | 202-269-7533 |
| Mobile | 202-386-5626 |
| Email: | kevin.begley@dc.gov |

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

Exhibit 67-1

*Coleman v. D.C. et al., 09-0050 (HHK)*

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100096-DC_CM1000100 (100097-100100)*NP | 8/1/2008 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Lee, Brian (FEMS); Jeffrey, Alfred III (FEMS) | None | Confidential communication from agency employee to agency counsel providing information pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman's fitness for duty examination. | Attorney-Client Privilege |
| DC_CM100101-DC_CM100101 | 8/1/2008 | Email | Lee, Brian (FEMS) | Begley, Kevin (FEMS); Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice concerning personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100102-DC_CM100105 (100103-100105)*NP | 8/7/2008 | Email | Lee, Brian (FEMS) | Alexander, Marceline (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice concerning personnel matters related to Vanessa Coleman's preservation request | Attorney-Client Privilege |
| DC_CM100106-DC_CM100107 | 8/7/2008 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100108-DC_CM100109 | 8/7/2008 | Email | Alexander, Marceline (FEMS) | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS) | Confidential communication from  agency counsel requesting information relevant to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |
| DC_CM100110-DC_CM100111 | 8/7/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | Alexander, Marceline | Confidential communication from agency employee requesting legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

**From:** Begley, Kevin (FEMS) [kevin.begley@dc.gov]
**Sent:** Wednesday, December 03, 2008 6:53 AM
**To:** Lee, Brian (FEMS)
**Cc:** Chichester, Thelma (FEMS); Liles Hutchinson, Detria J. (FEMS)
**Subject:** RE: Capt. Vanessa Coleman

Chief Lee,

Should Captain Vanessa Coleman be charged for not reporting for the last scheduled
Fitness for Duty Physical on 11-26-08? She called and stated she was attempting to get
a restraining order and would not be reporting for the FFD Physical.

***Thanks and Be Safe***

***Kevin V. Begley***
Battalion Fire Chief
Medical Services Officer
920 Varnum Street NE
Washington, D.C. 20017

Office:    202-269-7508
Fax:       202-269-7533
Mobile    202-386-5626
Email:     kevin.begley@dc.gov

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited.
If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Lee, Brian (FEMS)
**Sent:** Tuesday, December 02, 2008 1:12 PM
**To:** Begley, Kevin (FEMS)
**Cc:** Chichester, Thelma (FEMS); Liles Hutchinson, Detria J. (FEMS)
**Subject:** Capt. Vanessa Coleman

Chief Begley,
As a result of the hearing that occurred today in Superior Court pertaining to the allegations made by
Capt. Coleman; it was agreed that the Fitness for duty exam (psychological portion) be given on ***January
5th 2009***. Please make sure that the appointment is set up for this time and issue the standard
notification to Captain Coleman. Thank you

Exhibit G

*Coleman v. D.C. et al.*, 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100126-DC_CM100128 | 2/19/2009 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Confidential communication  reflecting legal advice related to Vanessa Coleman's fitness for duty examination and request for advice concerning the same. | Attorney-Client Privilege; Work Product |
| DC_CM100129-DC_CM100131 | | | | Intentional Gap | | | |
| DC_CM100132-DC_CM100132 | 9/4/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege |
| DC_CM100133-DC_CM100133 | 9/4/2008 | Email | Chichester, Thelma (FEMS) | Deaton, Joseph (FEMS) | None | Confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100134-DC_CM100135 | 9/5/2008 | Email | Deaton, Joseph (FEMS) | Chichester, Thelma (FEMS) | None | Response to confidential communication from agency counsel rendering legal advice regarding personnel matters related to Vanessa Coleman | Attorney-Client Privilege; Work Product |
| DC_CM100136-DC_CM100140 | | | | Intentional Gap | | | |
| DC_CM100141-DC_CM100141 | 12/3/2008 | Email | Begley, Kevin (FEMS) | Lee, Brian (FEMS) | Chichester, Thelma (FEMS); Liles Hutchinson, Detria (FEMS) | Confidential communication from agency employee for purpose of seeking legal advice regarding personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100142-DC_CM100144 (100143-100144)*NP | Produced October 15, 2010. | | | | | | |
| DC_CM100148-DC_CM100148 | | | | Intentional Gap | | | |
| DC_CM100149-DC_CM100150 | 12/3/2008 | Email | Chichester, Thelma (FEMS) | Lee, Brian (FEMS) | None | Response to confidential communication from agency employee requesting legal advice regarding personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

Exhibit U

Page 5

1 of 1

**From:**   Lee, Brian (FEMS)

**Sent:**   Friday, August 01, 2008 10:09 AM

**To:**   Begley, Kevin (FEMS); Alexander, Marceline (FEMS); Chichester, Thelma (FEMS); Jeffery, Alfred III. (FEMS); Schultz, Lawrence (FEMS)

**Subject:** RE: Captain Vanessa S. Coleman E-21-1

Thank you, this will move forward through the normal discipline process, Thelma will be advising the Office of Compliance on this case.

---

**From:** Begley, Kevin (FEMS)
**Sent:** Friday, August 01, 2008 10:00 AM
**To:** Alexander, Marceline (FEMS); Brown, Thelma (FEMS); Jeffery, Alfred III. (FEMS); Lee, Brian (FEMS); Schultz, Lawrence (FEMS)
**Subject:** Captain Vanessa S. Coleman E-21-1

Chief Lee,

Attached is Captain Coleman's Special Report.

Captain Vanessa S. Coleman E-21-1 reported for her Fitness for Duty Physical as ordered. Captain Vanessa S. Coleman E-21-1 stated she was not going to sign the consent form given to her until she had time to speak to her attorney and get his advice. I had informed Captain Vanessa S. Coleman E-21-1 if she did not sign the consent form we would not be able to begin the Fitness for Duty Physical and she would be charged for Insubordination.  Dr. Jacqueline Jackson placed Captain Vanessa S. Coleman E-21-1 on Sick Leave from a Behavioral Health stand point because the member was refusing to be tested as ordered.

  Therefore, I find Captain Vanessa S. Coleman E-21-1 in violation of the 6 DCMR Section 1603.3 Subsection (f) (4), and D.C Fire & EMS Department Order Book Article VII, Section 2.2: "Any on-duty or employment-related act or omission that interferes with the efficiency or integrity of government services."  Specifically, pursuant to 6 DCMR Section 1603.3, Subsection (f) (4), Captain Vanessa S. Coleman E-21-1 is charged with Insubordination for Failure to take a Fitness for Duty Physical as Ordered.

*Thanks and Be Safe*

*Kevin V. Begley*
Battalion Fire Chief
Medical Services Officer
920 Varnum Street NE
Washington, D.C. 20017

Office:   202-269-7508
Fax:   202-269-7533
Mobile   202-386-5626
Email:   kevin.begley@dc.gov

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

Exhibit 1

*Coleman v. D.C. et al.*, 09-0050 (HHK)

Defendants' Vaughn Index, Revised Oct. 15, 2010

| Document | Date | Type | Author(s) | Recipient(s) | Copied | Subject Matter | Privilege |
|---|---|---|---|---|---|---|---|
| DC_CM100096-DC_CM1000100 (100097-100100)*NP | 8/1/2008 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Lee, Brian (FEMS); Jeffrey, Alfred III (FEMS) | None | Confidential communication from agency employee to agency counsel providing information pertaining to request for legal advice concerning personnel matters related to Vanessa Coleman's fitness for duty examination. | Attorney-Client Privilege |
| DC_CM100101-DC_CM100101 | 8/1/2008 | Email | Lee, Brian (FEMS) | Begley, Kevin (FEMS); Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice concerning personnel matters related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100102-DC_CM100105 (100103-100105)*NP | 8/7/2008 | Email | Lee, Brian (FEMS) | Alexander, Marceline (FEMS) | None | Confidential communication from agency employee reflecting request for legal advice concerning personnel matters related to Vanessa Coleman's preservation request | Attorney-Client Privilege |
| DC_CM100106-DC_CM100107 | 8/7/2008 | Email | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Alexander, Marceline (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS) | None | Confidential communication from agency employee to agency counsel pertaining to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |
| DC_CM100108-DC_CM100109 | 8/7/2008 | Email | Alexander, Marceline (FEMS) | Begley, Kevin (FEMS) | Chichester, Thelma (FEMS); Jeffrey, Alfred III (FEMS); Schultz, Lawrence (FEMS); Lee, Brian (FEMS) | Confidential communication from agency counsel requesting information relevant to request for legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege; Work Product |
| DC_CM100110-DC_CM100111 | 8/7/2008 | Email | Lee, Brian (FEMS) | Chichester, Thelma (FEMS) | Alexander, Marceline | Confidential communication from agency employee requesting legal advice related to Vanessa Coleman's fitness for duty examination | Attorney-Client Privilege |

*NP = Bates ranges is a non-privileged attachment, produced seperately.

# EXHIBIT V

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
                                    )
LINDA S. RIPLEY,                    )
                                    )
            Plaintiff,              )
                                    )  Civil Action No. 06-1705 (EGS)
            v.                      )
                                    )
DISTRICT OF COLUMBIA, et al.,       )
                                    )
            Defendants.             )
                                    )
```

<u>**MEMORANDUM OPINION**</u>

Pending before the Court is plaintiff's motion to compel and for sanctions and defendants' motion to file a sur-reply. This case involves a discovery dispute in plaintiff's action against the District of Columbia and individual defendants for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 1211, *et seq.*, the Rehabilitation Act, 29 U.S.C. §§ 794, 794a, the District of Columbia Human Rights Act, D.C. Code § 2-1403.16, and the District of Columbia Whistleblower Protection Act, D.C. Code §§ 1-615.51 - 1-615.58. Upon consideration of the motions, the responses and replies thereto, and the applicable law, the Court **GRANTS** plaintiff's motion to compel and for sanctions and **GRANTS** defendants' motion for leave to file a sur-reply. Defendants are **ORDERED** to (1) supplement their discovery responses; (2) make available Brady Birdsong, Donna Whitman, and Kevin Bell for depositions at defendants' expense; and (3) provide competent witnesses pursuant to Rule 30(b)(6) for depositions to address

e-mail destruction and preservation at defendants' expense. Plaintiff is awarded attorney's fees associated with bringing the motion to compel and for sanctions.

## I.    BACKGROUND

Plaintiff Linda Ripley has been employed as a social worker by the Department of Human Services Child & Family Services Division, which is now the Child & Family Services Agency ("CFSA"), since 1994.  Compl. ¶ 15.  Plaintiff was visually impaired when she was hired, and defendants were aware of her impairment.  *Id.* ¶¶ 11-12.  She was provided clerical support staff to assist her.  *Id.* ¶ 13.

When CFSA switched their e-mail to an internet based e-mail system in April 2005, the changes did not include a suitable accommodation that would permit Plaintiff to access the new system through screen-reading software.  She alleges that from April 2005 through the present, following her disclosures that she needed to be accommodated regarding the changes in CFSA's computer system, she was subjected to an increasingly hostile work environment.  *Id.* ¶¶ 15-23.

On August 8, 2005, plaintiff filed a formal grievance with CFSA management outlining issues she had with her supervisor, defendant Heather Stowe.  *Id.* ¶ 25.  Plaintiff claims that defendant Uma Ahluwalia, Stowe's supervisor, refused to investigate the issues she raised.  *Id.* ¶ 26.  After Ahluwalia

held a meeting with plaintiff and Stowe, plaintiff claims that both she and Stowe were moved to different positions and she herself was demoted. She again requested an investigation. *Id.* ¶ 29.

On October 24, 2005, plaintiff filed a charge of discrimination with the D.C. Office of Human Rights and the Equal Employment Opportunity Commission. *Id.* ¶¶ 32-33. She received a right to sue letter on April 6, 2007. *Id.* ¶ 36. Plaintiff filed this lawsuit on October 2, 2006. Defendants' motion to dismiss was denied in December 2007, and cross motions for summary judgment were also subsequently denied pending the outcome of discovery disputes.

The discovery dispute at issue here involves plaintiff's interrogatories and requests for production of documents. Plaintiff acknowledges that defendants provided some answers, as well as supplemental answers to interrogatories. Defendants also produced copies of some of plaintiff's old e-mails from her deleted electronic file folder. In January 2008, defendants, however, informed plaintiff that copies of e-mails from defendants Stowe and Ahluwalia had been deleted from the agency's e-mail system and could not be produced. *See* Pl. Mot. to Compel & for Sanctions at 7. While plaintiff acknowledges that defendants provided numerous documents, plaintiff claims that defendants did not provide e-mail communication with Deloitte

3

consultants regarding FACES.NET, the new e-mail system.

On April 14, 2008, plaintiff sent a detailed letter to
defendants' counsel outlining unresolved discovery issues. *Id.*
at 8. Defendants responded that a more thorough search was being
conducted. After more back and forth between the parties'
attorneys about documents over the course of several weeks,
defendants produced 500 megabytes of e-mail and other
electronically stored files. *Id.* After reviewing those files,
plaintiff determined that additional information likely existed
and requested more information from defendants. *Id.* at 10.
Defendants said that more information would be forthcoming by
August 1, 2008, but that they opposed further depositions.
Defendants provided supplemental discovery on August 13, 2008,
but plaintiff claims that it did not fully address her request.
After a request by plaintiff, defendants sent an e-mail on August
25, 2008, stating that defendants had fully complied with all
discovery requests. *Id.* at 10-11. Plaintiff's motion to compel
and for sanctions followed.

## II. Discussion

### A. Motion to Compel and Motion for Leave to File Sur-Reply

At the outset, the Court **GRANTS** the defendants' motion for
leave to file its sur-reply. Given the disposition of the motion
to compel and for sanctions, plaintiff's request to file a
response to the defendant's sur-reply is moot.

4

Plaintiff argues that defendants have refused to supplement and correct prior responses to discovery as required by Federal Rule of Civil Procedure 26(e).[1]  Specifically, plaintiff alleges that defendants have flatly refused to search for and provide certain information that plaintiff has requested and have opposed continuing the deposition of the CFSA Technology Director and taking depositions of Deloitte consultants who can explain late-produced information and any information responsive to plaintiff's supplementation request.

Plaintiff asserts that defendants' main objection - that discovery is closed - provides no defense to the requirement to supplement.  "Rule 26 provides no exception for documents found after discovery deadlines have passed."  *Klonoski v. Mahlab*, 156 F.3d 255, 268 (1st Cir. 1998), *superseded on other grounds*.  Once a party learns that a response to discovery is incomplete or incorrect, there is an absolute obligation to supplement.  *See* Fed. R. Civ. P. 26(e)(1)(A).  "To the extent the rules

---

[1]  Federal Rule of Civil Procedure 26(e)(1)(A) reads, in pertinent part:

> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

5

contemplate additional material that a party finds after . . . provid[ing] discovery to the other side, the rules require prompt supplementation of its additional material so the opposing party is not misled by the original discovery responses as the opposing party prepares its case for trial.*  Klonoski*, 156 F.3d at 268.

On January 18, 2008, the District admitted that it destroyed evidence - e-mails from Stowe and Ahluwalia.  Defendants were on notice of the nature of this litigation at least eight months before Stowe's e-mails were destroyed and at least eighteen months before Ahluwalia's e-mails were destroyed.  A party has an obligation to preserve material "when a party should have known that the evidence might be relevant to future litigation." *Mazloum v. D.C. Metro. Police Dep't*, 530 F. Supp. 2d 282, 291 (D.D.C. 2008).  In August 2008, defendants told plaintiff that e-mails from back-up tapes could not be recovered.  Defendants' duty to preserve material evidence first arose before litigation, as the duty arises "when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001); *see also Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) ("A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were *potentially* relevant to the litigation before they were destroyed.'" (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th

6

Cir. 2002))).  Defendant had notice of the litigation, yet failed
to properly protect material evidence from destruction.

In defendants' original opposition, they claimed to have
produced all available e-mails in their possession that were
non-privileged and responsive to plaintiff's discovery requests.
Defendants asserted that Stowe's e-mails were archived and her
computer was wiped clean and recycled, per agency practice,
before the District had notice of plaintiff's lawsuit.
Defendants also argued that they had repeatedly searched for
e-mails and that they did not find anything else that would be
responsive to plaintiff's request.  Based on these contentions,
defendants opposed the motion to compel, arguing that plaintiff
sought the production of documents that the District was unable
to produce.  Plaintiff challenged defendants on these contentions
in her reply.

Defendants' sur-reply acknowledged that after further
supervisory review of its earlier filing pursuant to a court
order issued in another case, it found back-up tapes from its
storage facility that contained thousands of e-mails that were
responsive to plaintiff's request.  The District, therefore,
withdrew its opposition to the re-opening of discovery for the
limited purpose of (1) continuing the deposition of Brady
Birdsong; (2) allowing plaintiff to depose Deloitte consultants;
and (3) producing Robert Mancini, head of the Citywide Messaging

7

Team in the Office of the Chief Technology Officer, to discuss the search for the e-mails.  The District then subsequently stated that it "does not seek to avoid its discovery obligations" and it "does not oppose a discovery order in this case."  D.'s Reply to Opp. for Leave to File a Sur-reply at 2-3.

Accordingly, Plaintiff's motion to compel is **GRANTED**. Defendants are **ORDERED** to (1) supplement their discovery responses; (2) make available Brady Birdsong, Donna Whitman, and Kevin Bell for depositions at defendants' expense; and (3) provide competent witnesses pursuant to Rule 30(b)(6) for depositions to address e-mail destruction and preservation at defendants' expense. The Court now turns to the issue of sanctions.

### B.  *Motion for Sanctions*

The Court notes that its April 6, 2007 Scheduling Order clearly states, "[c]ounsel are hereby notified that the party that does not prevail on the discovery dispute shall pay the costs involved, including attorney's fees."  Scheduling Order, Apr. 6, 2007, Docket Entry #8.  Defendants argue that its failure to produce certain e-mails was inadvertent and not a basis for sanctions.  For all of the reasons above, and for the additional reasons below, the Court will impose sanctions on the defendants.

Defendants assert that this discovery dispute involves no bad faith on their part, and that the newly discovered e-mails

were not the result of plaintiff's motions.  Whether or not the
newly discovered e-mails were the result of plaintiff's motions
is of no consequence.  Plaintiff's attorneys have been extremely
diligent since January 2008 in requesting documents and
supplemental information.  While it is plausible that defendants
did not intentionally hide documents, it is clear that defendants
were not as meticulous as they could have been with plaintiff's
discovery requests and with their duty to supplement.

Federal Rule of Civil Procedure 37(e) prohibits a Court from
imposing sanctions only if a party fails "to provide
electronically stored information lost as a result of the
routine, good-faith operation of an electronic information
system."  Fed. R. Civ. P. 37(e).  Defendants, however, did not
operate their e-mail system in a routine, good-faith manner.
Deposition testimony from Wilson Ndeh, CFSA's Technology Manager,
demonstrates that defendants were unable to provide
electronically stored information *only* because they had not
searched all of the available files.  Dep. of Wilson Ndeh, at
23:8.  Ndeh's testimony made clear that there are back-ups of all
e-mails – a point defendants repeatedly ignored up until the
filing of the instant motions.

For eight months, plaintiff asserted that defendants had
more information.  Defendants routinely missed production
deadlines and told plaintiff that they had provided all

9

information responsive to plaintiff's discovery requests.  At one
point, in response to plaintiff's repeated requests for back-up
files that Ndeh testified existed, defendants' counsel wrote in
an e-mail, "[t]here are no more back ups.  Please stop asking for
them."  Pl. Mot. at 11.  It was only after plaintiff filed this
motion, and its reply to defendants' opposition – which pointed
out the possibility that documents might be in the District's
storage facility – that defendants found other documents in the
District's storage facility.  In its reply, plaintiff pointed to
specific deposition testimony from the CFSA Chief Technology
Officer that indicated that "every e-mail is backed up."  Ndeh
Dep. at 23:8.  Only then did the defendants finally acknowledge
that they had back-up tapes of e-mails and offer to produce the
back-up tapes and make witnesses available for further
deposition.  Rule 37(e) does not stand in the way of relief
plaintiff seeks.

Plaintiff's motion for sanctions is **GRANTED**.

## III.  CONCLUSION

The Court **GRANTS** plaintiff's motion to compel and for
sanctions and **GRANTS** defendants' motion for leave to file a sur-
reply.  Accordingly, defendants are **ORDERED** to (1) supplement
their discovery responses; (2) make available Brady Birdsong,
Donna Whitman, and Kevin Bell for depositions at defendants'
expense; and (3) provide competent witnesses pursuant to Rule

30(b)(6) for depositions to address e-mail destruction and preservation at defendants' expense. Plaintiff is awarded attorney's fees associated with bringing the motion to compel and for sanctions. Plaintiff shall file an appropriate motion with detailed accounting of attorney's fees associated with the filing of the motion. A separate Order accompanies this Memorandum Opinion.

**IT IS SO ORDERED.**

**Signed:     Emmet G. Sullivan**
**United States District Judge**
**July 2, 2009**