**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| VANESSA COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-cv-50 & 11-cv-1322 (RCL) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Plaintiff objects to two of the Magistrate Judge's discovery orders. First, plaintiff objects to the protective order precluding the deposition of D.C. Fire and Emergency Medical Services ("FEMS") Deputy General Counsel Thelma Chichester. Pl.'s Objection, ECF No. 113. Second, plaintiff objects to the order denying an enlargement of the scheduling order. Pl.'s Objection, ECF No. 122. The Court MODIFIES IN PART the order precluding the deposition of Thelma Chichester and AFFIRMS the order denying an enlargement of the scheduling order.

**II.   STANDARD OF REVIEW**

The Court must modify or set aside any portions of a magistrate's non-dispositive orders that are found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LCvR 72.2(c). This means that the Court will affirm the finding of a magistrate judge "unless on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *Neuder v. Battelle Pac. Nw. Nat. Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting reference omitted).

### III. ANALYSIS

#### A. Deposition of FEMS Deputy General Counsel Thelma Chichester

The Magistrate Judge issued a protective order precluding the deposition of FEMS Deputy General Counsel Thelma Chichester. Minute Order, Mar. 15, 2012. Chichester is the FEMS in-house agency counsel assigned to this case. Def. Opp'n, ECF No. 117, at 8.

The broad discovery rules contained in the Federal Rules of Civil Procedure allow oral depositions on "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Nevertheless, the discovery rules are not an open-ended invitation to subject a party to irrelevant, unduly burdensome, or otherwise improper discovery requests. *See* Fed. R. Civ. P. 26(b)(2)–(3), (c). Accordingly, judges may "prevent the proposed deposition when the facts and circumstances are such that it creates an inappropriate burden or hardship." *In re Subpoena Issued to Dennis Friedman*, 250 F.3d 65, 70 (2d Cir. 2003) (Sotomayor, J.).[1]

When a party seeks to depose opposing counsel, the normally permissive discovery rules become substantially less so.[2] Depositions of opposing counsel undermine attorney-client communications, present unique opportunities for harassment, disrupt opposing counsel's preparation, may lead to opposing counsel's disqualification, and may spawn collateral litigation on issues of privilege, scope, and relevancy. *Sterne Kessler Goldstein & Fox PLLC v. Eastman*

---

[1] The Magistrate Judge relied on section II of the plaintiff's memorandum in support of the protective order—which in turn relied on Rule 26(b)(2)(C) and Rule 26(c). *See* ECF No. 104, at 4–7; Fed. R. Civ. P. 26(b)(2)(C)(i) & (iii). The Eighth Circuit's three-part Shelton test is often used to determine when the work product doctrine may shield opposing counsel from a deposition. *Shelton v. Am. Motors Sales Corp.*, 805 F. 2d 1323, 1327 (8th Cir. 1986). The Magistrate Judge did not rely on the *Shelton* test—and the Court does not apply it here except to the extent that *Shelton* addresses relevant considerations, such as the general presumption against opposing counsel depositions.

[2] Plaintiff apparently thinks that it is important that Attorney Chichester is not defendant's "litigation or trial counsel." ECF No. 113, at 9. Defendant represents that Attorney Chichester is "the agency counsel assigned to the instant litigation, [and] she is one of only *two* counsel in the office of the General Counsel for [FEMS]." ECF No. 117, at 8. This is indistinguishable from the attorney in *Shelton*, who was the in-house counsel assigned specifically to the case. *Shelton*, 805 F.2d at 1325. This Court sees no reason that Chichester, as FEMS in-house counsel assigned to this case, should be denied the same presumption against being deposed. *See also Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 263 F.R.D. 1, 9 (D.D.C. 2009) (finding attorney who "filed no documents, [and] never contacted counsel for Plaintiff" entitled to presumption against deposition).

*Kodak Co.*, 276 F.R.D. 376, 380–82 (D.D.C. 2011).  Courts therefore presume that deposing opposing counsel creates an inappropriate burden or hardship, and the burden is on the party seeking the deposition to show otherwise.  *See Hickman v. Taylor*, 329 U.S. 495, 512 (1947); *Shelton*, 805 F.2d at 1327; *Nguyen v. Excel Corp.*, 197 F.3d 200, 208–09 (5th Cir. 1999); *In re Friedman*, 350 F.3d at 71; *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 263 F.R.D. 1, 8 (D.D.C. 2009); *Sterne Kessler*, 276 F.R.D. at 380.  Relevant considerations include "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted."  *In re Friedman*, 350 F.3d at 72; *see also Sterne Kessler*, 276 F.R.D. at 380–82.

Plaintiff seeks to depose Attorney Chichester on three categories of communications: communications with plaintiff's counsel, e-mails disclosed during the discovery process, and communications with PFC Associates doctors.  The Court will address each of these categories in turn.

First, plaintiff seeks to depose Attorney Chichester concerning certain "communications between Plaintiff's counsel and [Attorney] Chichester."  Pl.'s Objection, ECF No. 113, at 14.  Bluntly, this argument is ridiculous and a waste of the Court's time.  One party does not get to depose another on its "legal justifications" for taking a position.  *Id.*  Depositions are for discovering facts; they are not a free pass to preview opposing counsel's legal strategy.  Further, how "information related to" these communications "can only be obtained from [Attorney Chichester]" escapes the Court.  *Id.*  Plaintiff's counsel admits that it was present during these communications and presumably has personal knowledge of them—therefore plaintiff has no "need to depose" Attorney Chichester on this topic.  *In re Friedman*, 350 F.3d at 72.  Therefore,

3

the Magistrate Judge was correct in precluding Attorney Chichester's deposition on this category of communications.

Second, plaintiff seeks to depose Attorney Chichester about certain e-mails that FEMS disclosed relating to Coleman. ECF No. 113, at 12–14. Plaintiff's counsel attempted to depose Liles Hutchinson, the former FEMS EEO officer, about these e-mails. It appears that while Hutchinson did answer questions that were unrelated to her conversations with Attorney Chichester, Hutchinson refused to discuss conversations she had with those attorneys based on attorney-client privilege and work product. ECF No. 113, at 12. Defendant's counsel also instructed Hutchinson not to discuss a conversation she had with Fire Chief Rubin. *Id.* at 13. Because of Hutchinson's privilege claim, plaintiff argues that "despite her best efforts, [she] has been unable to ascertain certain facts relating to the e-mails . . . ." ECF No. 113, at 12.

Plaintiff's "best efforts" do not seem to include filing a motion to compel Hutchinson's testimony. If plaintiff had a problem with the defendant's privilege claims related to Hutchinson, plaintiff could have filed a motion to compel with the Magistrate Judge. Plaintiff filed a motion to compel production of certain documents, ECF No. 67, but this motion had nothing to do with Hutchinson's deposition. Plaintiff cannot complain about lack of access to information she did not move to compel when she had the chance. Deposing Attorney Chichester is simply a belated attempt to get at this information through another route—and a route that would serve as a blunt instrument, at best.

Plaintiff argues that "it is necessary for Plaintiff to ascertain the details of the events surrounding these e-mails from Ms. Chichester herself because" other witnesses may assert attorney-client privilege objections when asked about communications with Attorney Chichester. *Id.* at 14. Plaintiff fails, however, to explain why she could not individually move to compel

4

these unspecified non-attorney witnesses to testify instead of jumping straight to Attorney Chichester. A far greater risk of "litigation over collateral issues related to assertion of privilege, scope, and relevancy" exists in a direct deposition of Attorney Chichester than it does in non-attorney depositions. *Sterne Kessler*, 276 F.R.D. at 382.

Plaintiff has also made no effort before the Magistrate Judge to brief the question of whether defendant waived attorney-client privilege with respect to Attorney Chichester's communications by disclosing these e-mails. Parties presenting argument before a magistrate judge must take "not only their best shot but all of their shots." *Aikens v. Shalala*, 956 F. Supp. 14, 23 (D.D.C. 1997) (citing reference omitted). Since no court has ever found a waiver, it is reasonable to assume that the relevant, non-privileged information available in a deposition of Attorney Chichester regarding these e-mails would be minimal. In light of this, the Magistrate Judge was correct to hold that that any benefit of the proposed deposition of Attorney Chichester about the e-mails is outweighed by the undue burden on defendant.

Third, plaintiff seeks to depose Attorney Chichester about conversations she had with Dr. Smith-Jefferies and Dr. Jackson at PFC Associates. PFC Associates is the medical clinic that conducted plaintiff's fitness for duty examinations. Dr. Smith-Jefferies could not recall the substance of the conversations she had with Attorney Chichester about Coleman. ECF No. 113, at 9–10. Dr. Jackson recalled that she spoke with Attorney Chichester about another doctor's ethical concerns that the Coleman's psychological examination was not voluntary. *Id.* at 11. Plaintiff argues that because attorney-client privilege does not apply to these third-party statements she should be allowed to depose Attorney Chicheser. *Id.* at 12.

Plaintiff again ignores a number of factors that counsel against allowing this deposition to proceed: the time such a deposition would take away from Attorney Chichester in preparing her

5

defense in this litigation, the significant extent of discovery that has already been conducted in this matter, and the limited relevance of this information. *In re Friedman*, 350 F.3d at 72. Additionally, such a deposition carries significant risks of revealing Attorney Chichester's "mental impressions," which are protected work product. *Cobell v. Norton*, 213 F.R.D. 69, 77 (D.D.C. 2003).

However, the Court agrees that plaintiff's need to depose Attorney Chichester is greater given the limited circumstance presented here—where third parties have failed to recall much of the substance of their conversations with Attorney Chichester. This is a consideration that "may, in some circumstances, be especially appropriate to consider in determining whether interrogatories should be used at least initially and sometimes in lieu of a deposition." *In re Friedman*, 350 F.3d at 72. The unique facts of this case require a very limited inquiry into Attorney Chichester's recollection of her conversation with PFC Associates doctors. The Court will therefore MODIFY the Magistrate Judge's order and allow plaintiff to submit no more than five interrogatories to Attorney Chichester concerning her communications with Dr. Smith-Jefferies and Dr. Jackson.

### B.     Enlargement of the Scheduling Order

Plaintiff also objects to the Magistrate Judge's Minute Order denying an enlargement of the discovery deadline. Pl.'s Objection, ECF No. 122. A brief review the various blown deadlines in this case sheds light on the sensibleness of the Magistrate Judge's decision.

On October 11, 2011, this Court set the discovery deadline in this case for 120 days out—which was February 8, 2012. Order, Civ. No. 11-cv-1322, ECF No. 8, at 2.[3] On January 24,

---

[3] While this order appears on the 11-cv-1322 docket, it granted consolidation of that Coleman case with the 09-cv-50 Coleman case. The majority of the consolidated filings have been made on the 09-cv-50 docket, and parties should continue making their filings on that docket. This is the only ECF citation in this case to the 11-cv-1322 docket.

2012, the parties submitted a new scheduling order proposing an April 6 discovery deadline. Joint Status Report, ECF No. 105, at 3. This schedule was adopted by the Magistrate Judge on January 26. Minute Order, Jan. 26, 2012. This opened a new four-month window during which plaintiff could have served former FEMS Fire Chief Rubin with a notice of deposition. On April 6, the day discovery was originally scheduled to close, plaintiff moved for an extension until May 25—which was subsequently granted. ECF No. 114, at 3; Minute Order, Apr. 10, 2012. In that April 6 motion, plaintiff represented that the parties had "agreed upon dates for remaining depositions that fall outside the current Scheduling Order." ECF No. 114, at 3.

From April 10 until a regularly scheduled status conference on May 17, neither plaintiff nor defendant notified the Magistrate Judge of any discovery issues. *See* Order, ECF No. 119, at 1. During the May 17 status conference, plaintiff—for the first time—notified the Magistrate Judge that she was having difficulty serving a deposition subpoena on Chief Rubin. *Id.* at 1–2. The Magistrate Judge noted this in her Order of May 17, 2012, where she ordered that Chief Rubin's deposition to take place on May 25—subject to plaintiff successfully serving a subpoena on him. *Id.* at 2.

Plaintiff failed to serve Chief Rubin by May 25, and the Magistrate Judge, in a Minute Order issued later that day, denied, plaintiff's newest last-second effort to extend the discovery deadline in this case. The Magistrate Judge's Minute Order of May 25, 2012, stated the following:

> By an order entered on April 10, 2012, this court ordered that discovery shall be completed by no later than May 25, 2012. Revised Scheduling Order (Document No. 16). At the time of the entry of said order, discovery had already been extended on three prior occasions. See 09/06/2011 Minute Order; 09/20/2011 Minute Order; 01/26/2012 Minute Order. In order to ensure that the parties would be able to complete discovery by the May 25, 2012 deadline, the court conducted a two-hour status hearing on May 17, 2012. See 05/17/2012 Minute Entry. Among the issues addressed at that time was Plaintiff's interest in taking the

> deposition of former District of Columbia Fire & EMS Department Chief Dennis L. Rubin. See also Memorandum of Points and Authorities in Support of Plaintiff Vanessa Coleman's Consent Motion to Alter the Scheduling Order (Document No. 114), 4 ("[T]he parties have had difficulty scheduling certain depositions for dates on which all relevant parties are available."). The court, having taken into account the proffer of Plaintiff's counsel regarding the difficulties he encountered in locating and serving former Chief Rubin, extended discovery for an additional 50 days. See Revised Scheduling Order (Document No. 116). Plaintiff, in the pending motion -- filed on the very date on which discovery is scheduled to close - merely reiterates what apparently has been the case for some months: he is unable to locate and serve former Chief Rubin. See Plaintiff Vanessa Coleman's Memorandum in Support of Plaintiff's Motion to Enlarge the Scheduling Order ("Plaintiff's Memorandum") (Document No. 121), 2. The undersigned observes, in addition, that Plaintiff does not state that she requires the deposition of Rubin in order to oppose the dispositive motion which Defendants will file, if at all, by August 24, 2012. See Revised Scheduling Order. Finally, the undersigned finds that Plaintiff has proffered no facts from which the court can find that former Chief Rubin will be amenable to service during the next three weeks. See Affidavit of Due Diligence (Document No. 121). Upon consideration of the motion in the context of the entire record herein, the undersigned finds that Plaintiff has failed to demonstrate good cause for a further extension of discovery. Accordingly, it is hereby ORDERED Plaintiff Vanessa Coleman's Motion to Enlarge the Scheduling Order (Document No. 120) is DENIED.

Under Rule 6(b) and 16(b)(4), scheduling deadlines *may* be extended if plaintiff shows good cause. Fed. R. Civ. P. 6(b), 16(b)(4) (emphasis added). After reviewing the Magistrate Judge's May 25 minute order and the docket, it is clear that, at a minimum, plaintiff had four months to serve Chief Rubin—from January 24 until May 25, 2012. Plaintiff received a *fifty*-day extension of the original discovery deadline, from April 6 until May 25, to accommodate Chief Rubin's deposition.

Plaintiff first attempted to serve Chief Rubin on April 17, 2012, and then attempted service on only eight other days until May 23. Aff. of Due Diligence. ECF No. 121, at 7–8. Plaintiff did not even attempt to serve Chief Rubin during the critical period between May 10–19. *Id.* A more than one-week gap in attempts to serve Chief Rubin during an important time in this case is not diligence—at least not to this Judge or the Magistrate Judge. Plaintiff also makes

8

no showing that Chief Rubin will be amenable to service at any point in the near future. Finally, if plaintiff was concerned that Chief Rubin was intentionally evading service, plaintiff could have moved to have the U.S. Marshal serve Chief Rubin under Rule 4(c)(3). In light of these facts, the Magistrate's Order denying an enlargement of the scheduling order is AFFIRMED.

At the appropriate time for dispositive motions, plaintiff may file a Rule 56(d) affidavit if plaintiff still feels she lacks "facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

## IV.   CONCLUSION

In light of the foregoing, it is hereby

ORDERED that within five (5) days plaintiffs submit no more than five (5) interrogatories to Attorney Chichester; it is furthermore

ORDERED that Attorney Chichester shall respond to the five (5) interrogatories within five (5) days of receipt; it is furthermore

ORDERED that in all other respects the Magistrate Judge's orders of March 15, 2012, and May 25, 2012 are hereby AFFIRMED.

The schedule for filing dispositive motions in this case shall remain unchanged.

IT IS SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on July 13, 2012.